Douglas A. Gravelle (SBN 166110)
Hinson Gravelle & Adair LLP
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: (661) 294-0116
Facsimile: (661) 294-0134
gravelle@hinsongravelle.com

Attorneys for Defendant
Thrifty Oil Co.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>USA GAS, a business of unknown form; THRIFTY OIL CO., a California corporation; and DOES 1-10, inclusive,<br><br>Defendants. | **Case # 3:18-cv-02857-AJB-LL**<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF THRIFTY OIL CO.**<br><br>**ACTION FILED: DEC. 20, 2018**<br>**TRIAL DATE: NOT SET**<br><br>**[IMPROPER VENUE OBJECTION SET FORTH IN AFFIRMATIVE DEFENSE #6]** |

Thrifty Oil Co. ("Defendant"), answering the unverified Complaint ("Complaint") of James Rutherford ("Plaintiff") for itself and no other defendants, hereby admits, denies and alleges as follows:

1.  Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 1 of the Complaint and on that basis denies all such allegations.

2.  To the extent the allegations in paragraph 2 of the Complaint are purported restatements of the law, a response is not required. Defendant lacks

sufficient knowledge or information to admit or deny all other allegations in paragraph 2 of the Complaint and on that basis denies all such allegations.

      3.    Defendant admits it is a California corporation and held a fee interest in the real property commonly known as 401 E. 6th Street, Beaumont, California ("Property") on January 18, 2018 and May 17, 2018.  Except as specifically admitted in the immediately preceding sentence, Defendant denies all other allegations in paragraph 3 of the Complaint.

      4.    Defendant admits it is a California corporation and currently holds a fee interest in the Property.  Except as specifically admitted in the immediately preceding sentence, Defendant denies all other allegations in paragraph 4 of the Complaint.

      5.    Defendant denies all the allegations in paragraph 5 of the Complaint.

      6.    Defendant denies all the allegations in paragraph 6 of the Complaint.

      7.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 7 of the Complaint and on that basis denies all such allegations.

      8.    Defendant admits, based upon the allegations in the Complaint, that the Court has original jurisdiction to hear the ADA claims alleged in this lawsuit.  Except as specifically admitted above, Defendant lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 8 of the Complaint and on that basis denies all other allegations therein.

      9.    Defendant admits, based upon the allegations in the Complaint, that the Court has supplemental jurisdiction to hear the California law claims alleged in this lawsuit (without conceding that the Court should exercise such supplemental jurisdiction).  Except as specifically admitted above, Defendant lacks

sufficient knowledge or information to admit or deny all other allegations in paragraph 9 of the Complaint and on that basis denies all other allegations therein.

10. Defendant denies that venue is proper in the Southern District of California (where this case is docketed despite the fact the caption of the Complaint refers to the Central District of California). According to paragraph 10 of the Complaint, venue is allegedly proper based upon the location of the real property. However, the real property is located in Beaumont, California, which is in Riverside County and the Central District of California, not the Southern District of California (where this case is presently docketed). In filing this Answer, Defendant does not waive its objection that venue is improper. Defendant lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 10 of the Complaint and on that basis denies all other allegations therein.

11. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 11 of the Complaint and on that basis denies all such allegations.

12. Defendant admits the service station at the Property is a facility open to the public, a place of public accommodation, and a business establishment. Defendant lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 12 of the Complaint and on that basis denies all other allegations therein.

13. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 13 of the Complaint and on that basis denies all such allegations.

14. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 14 of the Complaint and on that basis denies all such allegations.

15. To the extent the allegations in paragraph 15 are purported restatements of the law, a response is not required. Defendant lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 15 of the Complaint and on that basis denies all such allegations.

16. To the extent the allegations in paragraph 16 are purported restatements of the law, a response is not required. Defendant lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 16 of the Complaint and on that basis denies all such allegations.

17. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 17 of the Complaint and on that basis denies all such allegations.

18. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 18 of the Complaint and on that basis denies all such allegations.

19. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 19 of the Complaint and on that basis denies all such allegations.

20. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 20 of the Complaint and on that basis denies all such allegations.

21. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 21 of the Complaint and on that basis denies all such allegations.

22. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 22 of the Complaint and on that basis denies all such allegations.

23. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 23 of the Complaint and on that basis denies all such allegations.

24. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 24 of the Complaint and on that basis denies all such allegations.

25. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 25 of the Complaint and on that basis denies all such allegations.

26. To the extent the allegations in paragraph 26 are purported restatements of the law, a response is not required. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 26 of the Complaint and on that basis denies all such allegations.

27. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 27 of the Complaint and on that basis denies all such allegations.

28. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 28 of the Complaint and on that basis denies all such allegations.

29. Defendant incorporates by reference the responses contained in paragraphs 1 through 28 of this Answer as though set forth fully herein.

30. To the extent the allegations in paragraph 30 are purported restatements of the law, a response is not required. Defendant lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 30 of the Complaint and on that basis denies all other allegations therein.

31. To the extent the allegations in paragraph 31 are purported restatements of the law, a response is not required. Defendant lacks sufficient

knowledge or information to admit or deny all other allegations in paragraph 31 of the Complaint and on that basis denies all other allegations therein.

32. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 32 of the Complaint and on that basis denies all such allegations.

33. To the extent the allegations in paragraph 33 are purported restatements of the law, a response is not required. Defendant lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 33 of the Complaint and on that basis denies all other allegations therein.

34. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 34 of the Complaint and on that basis denies all such allegations.

35. Defendant incorporates by reference the responses contained in paragraphs 1 through 34 of this Answer as though set forth fully herein.

36. To the extent the allegations in paragraph 36 are purported restatements of the law, a response is not required. Defendant lacks sufficient knowledge or information to admit or deny all other allegations in paragraph 36 of the Complaint and on that basis denies all other allegations therein.

37. Because Defendant denies it violated the Plaintiff's rights under the ADA, Defendant denies it violated the Unruh Civil Right Act and denies it is liable for damages thereunder, and also denies all other allegations in paragraph 37.

38. Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 38 of the Complaint and on that basis denies all such allegations.

Answer and Affirmative Defenses (3:18-cv-02857-AJB-LL)

## **AFFIRMATIVE DEFENSES OF DEFENDANT**

### FIRST AFFIRMATIVE DEFENSE

(Waiver)

1. Plaintiff has waived his right to proceed against Defendant and/or some of his damages because of his acts and/or omissions.

### SECOND AFFIRMATIVE DEFENSE

(Estoppel)

2. Plaintiff is estopped from proceeding against Defendant because of Plaintiff's acts and/or omissions.

### THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

3. Plaintiff is barred from seeking relief against Defendant because of his acts and/or omissions.

### FOURTH AFFIRMATIVE DEFENSE

(Lack of Standing to Sue)

4. Plaintiff lacks standing to sue Defendant on all or some of the causes of action.

### FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

5. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

(Improper Venue)

6. According to the Complaint, venue is allegedly proper based upon the location of the real property. However, the real property is located in Beaumont, California, which is in Riverside County and the Central District of California, not the Southern District of California (where this case is presently

docketed). In filing this Answer, Defendant does not waive its objection that venue is improper.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Laches)

7. To the extent Plaintiff inexcusably and unreasonably delayed the filing of the Complaint, the Complaint is barred, in whole or in part, by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Impossibility)

8. To the extent it is impossible to correct any barrier, Defendant is not legally responsible to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE
#### (Reserved)

9. Reserved.

### TENTH AFFIRMATIVE DEFENSE
#### (Release)

10. Plaintiff may have expressly and/or impliedly released Defendant from the acts and/or omissions alleged in the Complaint. To the extent Plaintiff did so, Plaintiff is barred from filing suit against the Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Reserved)

11. Reserved.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Removal of Any Barrier Not Readily Achievable)

12. To the extent there is a barrier prohibited by applicable law, the removal of such barrier is not readily achievable.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Goods and Services Available Through Alternative Methods)

13. To the extent there is a barrier prohibited by applicable law and the removal of such barrier is not readily achievable, Defendant nonetheless made such goods and services available through alternative methods.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Alternative Methods Not Readily Achievable)

14. To the extent there is a barrier prohibited by applicable law and the removal of such barrier is not readily achievable, Defendant could not make such goods and services available through alternative methods because such alternative methods were not readily achievable.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Reserved)

15. Reserved.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Mootness)

16. The Complaint is moot because, *inter alia*, if there was any barriers (which is not admitted herein), such barriers have been removed.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Other Applicable Affirmative Defenses)

17. Defendant hereby adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendants responding to the Complaint to the extent Defendant may share in such affirmative defenses.

WHEREFORE, Defendant prays for judgment as follows:

(a) For a judgment that Plaintiff take nothing;

(b) That judgment be entered in favor of Defendant;

(c) For attorneys' fees to the extent recoverable by Defendant under applicable law;

(d) For the costs of suit incurred herein; and

(e) For such other and further relief as the Court deems just and proper.

Dated: January 25, 2019   Hinson Gravelle & Adair LLP

By: /s/ Douglas Gravelle
Douglas Gravelle, Attorneys for Thrifty Oil Co.