Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com
Attorneys for Plaintiff JAMES RUTHERFORD

Douglas A. Gravelle (SBN 166110)
Hinson Gravelle & Adair LLP
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: (661) 294-0116
Facsimile: (661) 294-0134
gravelle@hinsongravelle.com

Attorney for Defendants Thrifty Oil Co.
and Tesoro Refining & Marketing Company
LLC (incorrectly sued as USA Gas)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| JAMES RUTHERFORD, an individual, <br><br> Plaintiff, <br><br> v. <br><br> USA GAS, a business of unknown form; THRIFTY OIL CO., a California corporation; and DOES 1-10, inclusive, <br><br> Defendants. | **Case No.: 2:19-cv-01448-JAK (FFMx)** <br><br> **JOINT RULE 26(f) REPORT** <br><br> **Hon. John A. Kronstadt** |

1
JOINT RULE 26 REPORT

Their counsel having conducted their Rule 26(f) conference on April 8, 2019 and having conducted a site inspection on May 8, 2019, Plaintiff James Rutherford ("Plaintiff") and Defendants Tesoro Refining & Marketing Company LLC (erroneously sued as USA Gas) ("Tesoro") and Thrifty Oil Co. ("Thrifty Oil") (Tesoro and Thrifty Oil are collectively referred to as "Defendants") respectfully submit this Joint Report pursuant to Federal Rules of Civil Procedure Rule 26(f) and the Court's May 8, 2019 Order Setting Rule 16(b)/26(f) Scheduling Conference (Docket #20).

**A.   STATEMENT OF THE CASE**

<u>Plaintiff</u>: Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting and grasping objects.  As a result of these disabilities, Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate.  At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA.  He has a Disabled Person Parking Placard issued to him by the State of California.

Plaintiff personally visited Defendant's Property on two occasions but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendant's facility, even though he would be classified as a "bona fide patron."  Specifically, he desired to visit the subject property as a consumer, but experienced difficulty due to Defendant's failure to provide adequate access to the subject business and its interior.

Defendants own or operate the real property located at 401 E 6th Street, Beaumont, California 92223 ("Property") where the subject restaurant (the "Business") is located.  It is alleged that Defendants are liable to Plaintiff for the alleged ADA violations.

The Business is a gas station that is open to the public and thus a public place of accommodation and a business establishment.  Instead of having a compliant

designated disabled parking on the Property, Defendant has: an access aisle at the accessible parking space has slopes of almost 7% which exceeds the maximum allowed of 2 % (parking spaces and access aisles serving them shall comply with 302; access aisles shall be at the same level as the parking spaces they serve; changes in level are not permitted); there is no accessible route connecting the parking to the main entrance or elements within the facility (Section 206.2.2 which requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site); and, the sales counter does not provide for accessibility (Section 904.4.1; for either a parallel or forward approach, the accessible portion of the counter top shall extend the same depth as the sales or service counter top per Section 904.4).

Defendant's failure to provide accessible facilities is discriminatory against Plaintiff and constitutes a violation of Plaintiff's rights under the ADA and the California Unruh Civil Rights Act. Plaintiff seeks injunctive relief and the statutory minimum damages award for these violations.

Defendants: Thrifty Oil holds a fee interest in the Property, and Tesoro holds a leasehold interest in the Property. The Property is improved with a USA Gasoline-branded gasoline service station and a convenience store. Contrary to Plaintiff's allegation above, there is no restaurant at the Property. In his Complaint, Plaintiff alleges five (5) different accessibility barriers at the Property. Defendants' counsel has personally visited the Property twice for the purposes of reviewing the same and based upon those site visits, believes the alleged accessibility barriers do not exist. More specifically, and contrary to what is alleged in the Complaint, the surface of the disabled parking stall and access aisle thereto are stable and firm, the disabled parking stall and access aisle are at the same level, the slopes of the disabled parking stall and access aisle comply with the Americans with Disabilities Act ("ADA"), there is an accessible route connecting the disabled parking stall to the entrance of the convenience store, and there is a flip-up "lower counter" at the

main transaction counter in the convenience store as allowed by the ADA. Based upon the foregoing, Defendants requested the Plaintiff dismiss the case without prejudice.

B.  **SUBJECT MATTER JURISDICTION**

The parties agree this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181 as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1331.

Plaintiff: The Court may exercise supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims, they form part of the same case or controversy under Article III of the United States Constitution.

Defendants: Defendants agree the Court has subject matter jurisdiction over the Plaintiff's federal ADA claim, and agree venue is proper now that the case (following Defendants' request to Plaintiff) has been transferred from the Southern District of California to the Central District of California. However, Defendants contend that since the Court's exercise of supplemental jurisdiction over Plaintiff's state law claim (*i.e.*, the second cause of action for alleged violation of the California Unruh Civil Rights Act) is discretionary, since none of the accessibility barriers alleged in the Complaint exist, the Court should not continue to exercise supplemental jurisdiction over Plaintiff's state law claim. Furthermore, and independent of the foregoing, based upon the recent Riverside County Civil Enforcement Action filed against Plaintiff and his counsel (further discussed below in Section "S"), it appears the Court should not continue to exercise supplemental jurisdiction over Plaintiff's state law claim.

C.  **LEGAL ISSUES**

Plaintiff: The principal legal issues are: (1) whether the Defendant is responsible under the law to remove/ remediate barriers; (2) whether Plaintiff has standing to seek either damages or injunctive relief; (3) the nature and extent of damages.

Defendants: The disputed legal issues include: (1) whether Plaintiff is disabled, (2) whether there were accessibility barriers as alleged in the Complaint, and (3) if there were accessibility barriers as alleged in the Complaint (which Defendants dispute), whether Plaintiff is entitled to statutory damages based upon Plaintiff's state law claim regarding the same (which requires Plaintiff to establish he suffered "difficulty, discomfort or embarrassment" because of any such accessibility barrier).

### D. PARTIES, AND NON-PARTY WITNESSES

Plaintiff: The Plaintiff is James Rutherford. The Defendants are Tesoro Refining & Marketing Company LLC (erroneously sued as USA Gas) and Thrifty Oil. Plaintiff's expected witnesses include Plaintiff, Plaintiff's expert regarding the alleged barriers at the Property, the person(s) most knowledgeable for Defendants regarding its design, maintenance, and accessibility of the Property, and the Parties' respective experts.

Defendants: Defendants' expected witnesses include Plaintiff, persons that can authenticate photographs of and/or otherwise testify about the nature of the alleged accessibility barriers at the Property, and Defendants' expert(s).

### E. DAMAGES

Plaintiff: Plaintiff seeks a preliminary and permanent injunction enjoining Defendant from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and the Property; an award of statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code; and an additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016).

Plaintiff claims that he is entitled to the minimum statutory damages for his encounters and deterrence of not less than $24,000.00.

Attorneys fees are sought pursuant to 42 U.S.C. § 12205; California Civil Code § 52.

<u>Defendants</u>:  Since, as discussed above, Defendants do not believe the five (5) accessibility barriers alleged in the Complaint exist, Defendants do not believe there exists any grounds for the relief sought by Plaintiff in his Complaint.

**F.   INSURANCE**

<u>Plaintiff</u>: Unknown to Plaintiff.

<u>Defendants</u>: Not applicable.

**G.   MOTIONS**

<u>Plaintiff:</u> Plaintiff does not believe he is likely to seek to add other parties or seek transfer of venue. Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then if applicable, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barriers removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

Plaintiff anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions and inspection are taken in this case.

<u>Defendants</u>:  Defendants have a different interpretation of *Doran*.  Defendants may file motions to stay the case, to dismiss the case and/or for summary judgment.

**H.   MANUAL FOR COMPLEX LITIGATION**

The Parties do not belief the Manual for Complex Litigation should be used in this case.

**I.   STATUS OF DISCOVERY**

Plaintiff conducted a site inspection of the Property on May 8, 2019. Defendants provided their Initial Disclosures on April 22, 2019, and Plaintiff provided his Initial Disclosures on May 22, 2019.

**J.   DISCOVERY PLAN**

The Parties propose that discovery shall commence immediately under FRCP

26(d) based upon the Rule 26(d) conference that occurred on April 8, 2019. The Parties assert that phasing of discovery is not necessary in this instance.

<u>Plaintiff</u>: Plaintiff will propound a set of Interrogatories, Requests for Admission, and Requests for Production of Documents. Plaintiff intends to take the deposition of the Defendant and conduct an expert site inspection as permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

Plaintiff intends to seek discovery related to: (1) the ownership and maintenance of the Business and the Property, including the existence of any accessibility barriers and accessible routes; (3) history of changes or modifications to the Business and the Property; (4) the feasibility of providing access to persons with disabilities.

<u>Defendants</u>: Defendants intends to seek, via written discovery and depositions, discovery regarding Plaintiff, Plaintiff's alleged disability, Plaintiff's alleged visit(s) to the Property, as well as all other issues relevant to their defense (including issues raised by the recently-filed Riverside County Civil Enforcement Action).

**K.     DISCOVERY CUT-OFF**

<u>Plaintiff</u>: Plaintiff proposes that all non-expert discovery be completed by December 6, 2019.

<u>Defendants</u>: Defendants do not object to this proposal.

**L.     EXPERT DISCOVERY**

<u>Plaintiff</u>: Plaintiff proposes that initial expert witness disclosures be completed by December 13, 2019, and any rebuttal expert witness disclosures be completed by December 27, 2019.

<u>Defendants</u>: Defendants disagree with Plaintiff's proposal regarding experts. To ensure orderly case management and discovery, and because ADA cases are heavily dependent on experts, Defendants believe (a) the initial disclosure of expert witnesses/reports should be at least three (3) weeks after the

cut-off for non-expert discovery, (b) there should then be three (3) weeks between the initial disclosure of experts/reports and the subsequent disclosure of rebuttal experts/reports, and (c) the deadline for disposing experts should three (3) weeks after the deadline for disclosure of rebuttal expert witnesses/reports.

**M.    DISPOSITIVE MOTIONS**

Plaintiff: Plaintiff anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act.

Defendants:  Defendants anticipate filing a motion for summary judgment.

**N.    SETTLEMENT**

The Parties have engaged in informal settlement discussions; however, in the event that this matter is not resolved, Plaintiff proposes ADR Procedure 2 as the settlement mechanism under Local Rule 16-15.4, and Defendants propose ADR Procedure 3 as the settlement mechanism under Local Rule 16-15.4.  The Parties propose that the deadline for conducting settlement proceedings be January 24, 2020.

**O.    TRIAL ESTIMATE**

Plaintiff: Plaintiff anticipates a court trial of 4 days.  Plaintiff anticipates 4-5 witnesses, including an expert to testify at trial.  Plaintiff requests trial be scheduled for April 21, 2020.

Defendants: Defendants have not requested a jury trial and anticipate a shorter trial of 2 to 3 days.  Defendants anticipate calling Plaintiff and approximately two (2) other percipient witnesses and one or two expert witnesses during their case-in-chief.  Defendants have no objection to Plaintiff's proposed trial date.

**P.    TRIAL COUNSEL**

Plaintiff: Joseph R. Manning, Jr., Osman Taher and Craig G. Côté

Defendants: Douglas Gravelle of Hinson, Gravelle & Adair LLP. Defendants object to Plaintiff designating three (3) trial counsel; Plaintiff should be directed to designate only one (1) trial counsel.

**Q.   INDEPENDENT EXPERT OR MASTER**

The Parties do not believe this is a case in which the Court should consider appointing a Master pursuant to Rule 53 or an independent scientific expert.

**R.   TIMETABLE**

Please see Exhibit A, Schedule of Pretrial and Trial Dates, attached to this Joint Report. Defendants note that in proposing the dates in Exhibit A, as well as all other dates in this Joint Report, Defendants in no way intend to waive their right to seek a stay of this action and/or seek to have the Court decline to continue to exercise supplemental jurisdiction.

**S.   OTHER ISSUES**

Plaintiff: Defendants' counsel references a disputed, unverified civil complaint filed by the Riverside County District Attorney in which it is argued that Mr. Rutherford and his counsel have filed unsubstantiated ADA lawsuits in Federal Court within Riverside County for which Rutherford lacks standing. The Riverside case is disputed, relies upon untenable legal theories (particularly as it relates to ADA standing), relates to statutorily and constitutionally privileged conduct and is in all respects meritless. Plaintiff will present evidence in his anticipated Motion for Summary Judgment, establishing that Mr. Rutherford possesses the requisite standing, as pled in the instant Complaint and establishing that Mr. Rutherford has at all times possessed standing to assert his ADA and Unruh Act claims and has suffered "injury in fact" that confers Article III standing and subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093 (9th Cir. 2017). Furthermore, Plaintiff will oppose

any motion to stay this matter pending the Riverside case (apparently suggesting this court delegate its obligation to assess article III standing of Plaintiff to a California State Superior Court) and will also oppose any motion that requests this Court decline to exercise supplemental jurisdiction.

<u>Defendants</u>: Defendants recently learned that on April 24, 2019, the Riverside County District Attorneys' Office filed a civil action against Plaintiff and his counsel in this action (Manning Law APC, Joseph R. Manning, Jr. and Craig Cote) alleging, *inter alia*, that Plaintiff and his counsel "colluded, conspired and/or otherwise agreed to engage in an ADA lawsuit scheme, designed to defraud, extract and/or extort money settlements from Riverside County individuals and businesses, based on the fraud, misrepresentations and false allegations contained in each and every one of the federal ADA lawsuits [they filed]." The name and number of that case is *People of the State of California v. James Rutherford, et al.*, Riverside County Case #RIC 1902577 ("Riverside County Civil Enforcement Action"). As required by Local Rule 83-1.4.1, Defendants will be filing a "Notice of Pendency of Other Actions or Proceedings" regarding the Riverside County Civil Enforcement Action. In light of the filing of the Riverside County Civil Enforcement Action against Plaintiff and his counsel, Defendants believe this present action should either be stayed pending further factual and legal developments in the Riverside County Civil Enforcement Action and/or this Court should decline to continue to exercise supplemental jurisdiction over this action. Pending any direction, feedback or comments from the Court on this issue in the Court's Scheduling and Case Management Order and/or in response to Defendants' anticipated filing of the "Notice of Pendency of Other Actions or Proceedings", Defendants may be filing a Motion to Stay and/or a Motion to Dismiss this action.

The parties reserve their rights to raise and address any additional issues as they may arise.

Dated: July 5, 2019          **MANNING LAW, APC**

By: /s/ *Joseph R. Manning, Jr., Esq.*
    Joseph R. Manning Jr., Esq.
    Michael J. Manning, Esq.
    Craig G. Côté, Esq.
    Attorneys for Plaintiff

Dated: July 5, 2019          **HINSON GRAVELLE & ADAIR LLP**

By: /s/ Douglas Gravelle
    Attorneys for Defendants Thrifty Oil Co. and
    Tesoro Refining & Marketing Company LLC

### Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 5, 2019_          **MANNING LAW, APC**

By: /s/ *Joseph R. Manning Jr., Esq.*
    Joseph R. Manning Jr., Esq.

# Exhibit A

**Exhibit A – Schedule of Pretrial and Trial Dates for Civil Cases (Case No: 2:19-cv-01448 JAK (FFMx))**

**Case Name: Rutherford v. USA Gas, et al.**

| Deadlines | Plaintiff Requests | Defendants Request | Court Order |
|---|---|---|---|
| **Last Date to Add Parties/Amend Pleadings** | | Date of Court's Scheduling Order | |
| **Non-Expert Discovery Cut-Off** | 12/6/19 | 12/6/19 | |
| **Expert Disclosure (Initial)** (2 weeks after non-expert discovery cut-off) | 12/13/19 | 12/27/19 | |
| **Expert Disclosure (Rebuttal)** (4 weeks after non-expert discovery cut-off) | 12/27/19 | 1/17/20 | |
| **Expert Discovery Cut-Off** (6 weeks after non-expert discovery cut off) | | 2/7/20 | |
| **Last Day to File all Motions** (incl. discovery motions) (6 weeks after non-expert discovery cut off) | | 2/7/20 | |
| **Settlement Procedure Selection:** (ADR-12 Form will be completed by Court after Scheduling Conference) | **Plaintiff Requests** | **Defendants Request** | **Court Order** |
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial (Private) | #2 | #3 | |
| **Last Day to Conduct Settlement Conference or Mediation** | 1/24/20 | 1/24/20 | |
| **Notice of Settlement/Joint Report re Settlement** (First Friday following last day to conduct Settlement Conference or Mediation) | | 1/31/20 | |
| **Post Mediation Status Conference** (10 days after due date to file Notice of Settlement / Joint Report re: Settlement: Mondays at 1:30 p.m.) | | 2/10/20 | |