Douglas A. Gravelle (SBN 166110)
Hinson Gravelle & Adair LLP
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: (661) 294-0116
Facsimile: (661) 294-0134
gravelle@hinsongravelle.com

Attorneys for Defendants Thrifty Oil Co.
and Tesoro Refining & Marketing Company
LLC (incorrectly identified as the non-existent
legal entity "USA Gas" in the Complaint)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAMES RUTHERFORD, an individual,

Plaintiffs,

vs.

USA GAS, a business of unknown
form; THRIFTY OIL CO., a California
corporation; and DOES 1-10, inclusive,

Defendants.

**Case # 2:19-cv-01448-JAK-FFMx**

**DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT; DECLARATION OF DOUGLAS GRAVELLE IN SUPPORT THEREOF**

**[INCLUDES REQUEST FOR MONETARY SANCTIONS AGAINST PLAINTIFF'S COUNSEL]**

**[FILED AND SERVED CONCURRENTLY WITH EVIDENTIARY OBJECTIONS TO DECLARATION OF DAVID FITZGERALD]**

**Hearing Date: November 18, 2019**
**Hearing Time: 8:30 a.m.**
**Dept.: 10B**
**Judge: Hon. John A. Kronstadt**

Thrifty Oil Co. and Tesoro Refining & Marketing Company LLC ("Defendants") hereby file this Opposition to Plaintiff James Rutherford's Motion for Leave to Amend Plaintiff's Complaint ("Motion").

## I.       Summary

Plaintiff's counsel purposefully filed the Motion prematurely in violation of Local Rule 7-3.  This prejudiced the Defendants by depriving the Defendants of the opportunity to oppose the Motion under the more demanding standard of FRCP 16(b)(4).  Because Plaintiff's counsel knowingly violated Local Rule 7-3 with the intent of circumventing a Federal Rule, the Court should also issue monetary sanctions against Plaintiff's counsel under Local Rule 83-7(a).

After deciding to violate Local Rule 7-3, Plaintiff's counsel then filed a motion to amend that (a) fails to state the effects of the proposed amendment, (b) fails to attach a full and complete copy of the proposed First Amended Complaint to the Motion (by failing to include Exhibit A to the proposed First Amended Complaint), (c) misleads the Court about a material fact regarding when Plaintiff's counsel first contacted Defendants' counsel about the proposed First Amended Complaint, and (d) fails to offer any explanation why Plaintiff waited 89 days after conducting his site inspection before seeking to amend the Complaint based upon that site inspection.

As for FRCP 15(a), Plaintiff's counsel engaged in undue (and unexplained) delay and acted in bad faith by prematurely filing the Motion to circumvent the more demanding standard under FRCP 16(b)(4).  Also, granting the Motion will prejudice Defendants, both by depriving the Defendants of the opportunity to oppose the Motion under FRCP 16(b)(4), as well as by significantly increasing the scope of the litigation from five (5) alleged accessibility barriers to seventeen (17) alleged accessibility barriers shortly before expert reports are due and after Defendants invested considerable time and expense formulating case theories and making strategic and settlement-related decisions based upon only five (5) alleged accessibility barriers.

///

///

## II.     Factual Background

### A.     The Property and the Allegations in the Complaint

This case concerns alleged violations of the Americans with Disabilities Act ("ADA") at a USA-branded service station located at 401 East 6th Street, Beaumont, California ("Property").  Plaintiff's Complaint was filed on December 20, 2018.  Plaintiff originally filed the Complaint in the wrong district (the Southern District of California); it was subsequently transferred to the Central District of California.  In his Complaint, Plaintiff alleges five (5) accessibility barriers. *See* Complaint (Docket Entry #1, ¶15).[1]

### B.     Plaintiff's Site Inspection

Plaintiff noticed a site inspection of the Property for May 8, 2019; the site inspection, which was conducted by Plaintiff's purported expert, occurred on May 8, 2019 as noticed without any problems or issues. Gravelle Decl., ¶4.

### C.     The August 12, 2019 Deadline in the Court's Scheduling Order

On July 15, 2019, the Court issued a Scheduling Order, setting August 12, 2019 as the last day to amend the Complaint. *See* Docket Entry #24.

### D.     The Conference of Counsel Preceding the Filing of the Motion

The afternoon of August 5, 2019, Plaintiff's counsel sent Defendants' counsel a copy of the proposed First Amended Complaint, asking Defendants' counsel, for the first time, to stipulate to the same. Gravelle Decl., ¶5.  At no time before that had Plaintiff's counsel proposed a First Amended Complaint or had any discussions with Defendants' counsel regarding the same, nor had Plaintiff's

---

[1] More specifically, Plaintiff alleges (i) the disabled parking stall violates Section 302 of the ADA Standards, (ii) the access aisle for the disabled parking stall also violates Section 302, (iii) the disabled parking stall and access aisle are not at the same level, (iv) there is no continuous unobstructed route from the disabled parking stall to the convenience store, and (v) the transaction counter in the convenience store violates the "depth" requirements in the ADA Standards.

counsel even contacted Defendants' counsel about the same. *Id*.[2]  Defendants' counsel promptly responded to Plaintiff's counsel's August 5th inquiry later that same day, proposing counsel speak on August 7, 8 or 9; Plaintiff's counsel agreed to speak on August 8. *Id*. at ¶6.  Defendants' counsel then closely reviewed the proposed First Amended Complaint, and counsel held their Local Rule 7-3 conference – lasting 36 minutes – on August 8, 2019. *Id*. at ¶¶ 7, 8.  During that conference, it was agreed Defendants' counsel would provide his written comments on the proposed First Amended Complaint by or on August 12, which was done as agreed and promised. *Id*. at ¶8.  Defendants' counsel provided eight (8) substantive comments/changes to the proposed First Amended Complaint; however, none were incorporated in any form or fashion into the proposed First Amended Complaint attached to the Motion. *Id*.

### E.  Plaintiff's Counsel's Failure to Comply With Local Rule 7-3 Was a Purposeful End-Run Around FRCP 16(b)(4)

Local Rule 7-3 requires seven days to pass following the conference of counsel before a motion can be filed.  During the August 8th conference of counsel, Plaintiff's counsel realized he could not file the Motion by the Court's August 12th deadline for amending the Complaint in light of that seven-day period.  However, rather than wait seven days (until August 15) to file the Motion in compliance with Local Rule 7-3, Plaintiff's counsel prematurely filed the Motion in complete disregard for the rules of this Court.  He did so (a) to avoid having to satisfy Rule 16(b)(4) (which would apply if the Motion was filed after August 12), and (b) knowing he was violating Rule 7-3, as he was advised several times of this requirement. *See, e.g*., Gravelle Decl., ¶9 (Exhibit 2) advising Plaintiff's counsel of the same.  Not surprisingly, nowhere in the Motion does Plaintiff's counsel include

---

[2] Mr. Fitzgerald's declaration accompanying the Motion incorrectly states the date of initial contact about the proposed First Amended Complaint was August 1.  That is incorrect - the correct date is August 5, as evidenced by Exhibit 1 hereto. *See also* Gravelle Decl., ¶5.

the statement "[t]his motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)" as required by Local Rule 7-3.

### F.     The Proposed First Amended Complaint

In the proposed First Amended Complaint, Plaintiff alleges twelve (12) *additional* accessibility barriers in the Complaint, for a total of seventeen (17) barriers. *See* Exhibit 1 to Docket Entry #25-1.  Five of the barriers are set forth in paragraph 14 of the proposed First Amended Complaint (and are the same as in the presently-existing Complaint).[3]  Four (4) additional and newly-alleged barriers are set forth in paragraph 15 of the proposed First Amended Complaint,[4] and an additional eight (8) newly-alleged barriers are set forth in Exhibit A to the proposed First Amended Complaint (*which Exhibit A Plaintiff never attached to the Motion*).[5]  Hence, not only has Plaintiff failed to state the effect of the proposed amendment (*see* ¶10(b) of Exhibit A to the Court's Standing Order in Civil Cases), by failing to attach Exhibit A of the proposed First Amended Complaint to the Motion, Plaintiff has not provided the Court with a true and correct copy of the proposed First Amended Complaint (as required by Local Rule 15-1 and ¶10(b) of Exhibit A to this Court's Standing Order in Civil Cases).

---

[3] See footnote 1 for those barriers.

[4] These additional four (4) barrier allegations by Plaintiff are/concern: (vi) slopes in the disabled parking stall, (vii) the length of the disabled parking stall, (viii) the slope of the route from the disabled parking stall to the convenience store, and (ix) the signage for the "eastern" disabled parking stall.

[5] These eight (8) additional alleged barriers in Exhibit A are/concern: (x) lack of a "tow away" sign, (xi) faded "no parking" painting for the disabled parking stall, (xii) a door that obstructs the landing in front of the convenience store, (xiii) lack of an accessible route to the sidewalk, (xiv) faded "no parking" painting for the "eastern" parking stall, (xv) the length of the "eastern" disabled parking stall, (xvi) the access aisle for the "eastern" disabled parking stall, and (xvii) faded "no parking" painting for the "eastern" disabled parking stall. Gravelle Decl., ¶10.

### III.    Legal Arguments

#### A.    The Court Should Deny The Motion Based Upon Local Rule 7-3

Plaintiff's counsel intentionally disregarded the seven-day period under Local Rule 7-3 so as to circumvent Rule 16(b)(4) of the Federal Rules (and its more demanding "good cause" standard for amending the Scheduling Order). Defendants understand (and agree) that courts should not engage in procedural "gotchas" nor penalize a party for an honest mistake.  But if the Court's Local Rules are to mean anything, they need to be followed and enforced, particularly when it is clear there was not an honest oversight but instead a bold disregard for them so as to avoid a Federal Rule (here, FRCP 16(b)(4)). *See also* Judge Kronstadt's Requirements on the Court's website ("[c]ounsel should review and *strictly comply* with all provisions of the Local Rules") (emphasis added).

#### 1.    Why FRCP Rule 16(b)(4) Matters

By prematurely filing the Motion on August 12, Plaintiff avoided having to address the more demanding "good cause" standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure, and also deprived Defendants of the opportunity to oppose the Motion on the basis of FRCP 16(b)(4).

When the Court is determining whether to allow an amendment to the Complaint after the deadline for doing so in the Court's Scheduling Order, the Court will first apply the more demanding "good cause" standard under Rule 16(b)(4) to determine whether good cause exists to amend the Scheduling Order. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992) (a party seeking to amend a Complaint after the date specified in the Scheduling Order must first show "good cause" to amend the Scheduling Order under Rule 16(b)(4) and then, only if such "good cause" is shown, the moving party must show the amendment to the Complaint is proper under Rule 15(a)).  Moreover, unlike Rule 15(a)'s focus on the bad faith of the moving party and the prejudice to the non-moving party, Rule 16(b)(4)'s "good cause" standard *primarily considers the*

*diligence of the moving party*. *Id.* at 609.  If the moving party was not diligent in seeking the amendment to the Scheduling Order, the inquiry under Rule 16(b)(4) should end and the motion to amend should be denied without addressing Rule 15(a). *Id.*

Here, Plaintiff's site inspection (which purportedly serves as the basis for the Motion [see Motion at 3:12]) occurred on May 8, 2019. Gravelle Decl., ¶4. However, Plaintiff then unexplainably waited another 89 days (until August 5) to first approach Defendants' counsel about stipulating to a First Amended Complaint. *Id*. at ¶5.  By violating the seven-day period under Local Rule 7-3, Plaintiff avoided, to the prejudice of the Defendants, having to establish "good cause" to amend the Scheduling Order under Rule 16(b)(4) and explain his delay in seeking to amend the Complaint and disregard for the Court's Scheduling Order. *See Johnson*, 975 F.2d at 610 (a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril; disregarding a scheduling order undermines the court's ability to control its docket, disrupts the agreed-upon course of the litigation, and rewards the indolent and the cavalier).

## B.     Plaintiff's Motion Also Fails Under Rule 15(a)

Even if the Court declines to deny the Motion on the basis of Local Rule 7-3 and the resulting circumvention of Rule 16(b)(4), Plaintiff must still satisfy Rule 15(a) of the Federal Rules.  And while Defendants acknowledge the standard for granting leave to amend under Rule 15(a) is generous, it is by no means unlimited.  For example, the Court may properly deny a motion for leave to amend where there has been undue delay, bad faith or dilatory motive by the moving party or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); s*ee also In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 738 (9th Cir. 2013) (leave to amend "is not to be granted automatically").

Here, Plaintiff's unexplained 89-day delay in seeking to amend the Complaint after his site inspection, coupled with his counsel's purposeful disregard for Local Rule 7-3 so as to circumvent Rule 16(b)(4), should be sufficient for the Court to deny the Motion under Rule 15(a) based on undue delay and/or bad faith.

Also, Defendants will be prejudiced unless the Motion is denied. Prejudice can occur if the Defendants will bear significant additional expenses, or will suffer delays in the resolution of the dispute, because the addition of claims increases or alters the scope and complexity of the litigation. *See, e.g.*, *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Here, for over eight (8) months since the filing of the Complaint, the universe of issues in this case has simply been five (5) accessibility barriers alleged in the Complaint. In reliance upon the same, Defendants have formulated case theories and made strategy and settlement-related decisions. Gravelle Decl., ¶11. If Plaintiff is now allowed to amend the Complaint, the scope of the case will greatly expand to seventeen (17) alleged barriers and most of Defendants' prior decisions (and the cost to Defendants to arrive at the same) will, in essence, become moot and/or irrelevant. Moreover, since Defendants plan on filing a motion to strike under FRCP 12(f) if the Motion is granted, it may be some time before the case is even at issue under the First Amended Complaint, yet the initial disclosure of expert reports is on December 9, 2019.

## C. The Court Should Issue Monetary Sanctions Against Plaintiff's Counsel Under Local Rule 83-7(a)

The Court should issue monetary sanctions against Plaintiff's counsel under Local Rule 83-7(a). Local Rule 83-7(a) provides the Court may issue monetary sanctions if it finds Plaintiff's counsel's conduct was willful, grossly negligent, or reckless. Here, the pre-filing conference of counsel occurred on August 8, 2019. Gravelle Decl., ¶5. It did not occur on August 1 as the Motion

incorrectly states, nor did Plaintiff's initial August 5 e-mail reaching out to Defendants' counsel to discuss the issue constitute the conference as the Motion misleadingly suggests.  And as described herein, Plaintiff's counsel was fully-informed of Local Rule 7-3 yet knowingly chose to ignore it by filing the Motion on August 12 so as to avoid Rule 16(b)(4).  The Court should not reward or encourage such behavior, and should issue monetary sanctions against Plaintiff's counsel in an amount the Court believes will deter Plaintiff's counsel for future transgressions of the Local Rules.

## IV.    Conclusion

For the reasons stated above, the Motion should be denied and monetary sanctions should be issued against Plaintiff's counsel under Local Rule 83-7(a).

Dated: September 5, 2019                    Hinson Gravelle & Adair LLP

By: s/Douglas Gravelle
Douglas Gravelle, Attorneys for Thrifty Oil
Co. and Tesoro Refining & Marketing
Company LLC

## **Declaration of Douglas Gravelle**

I, Douglas Gravelle, declare:

1.     I have personal knowledge of the following facts, and if called as a witness, I could and would testify competently thereto.

2.     I am an attorney and partner of Hinson Gravelle & Adair LLP, counsel for defendants Thrifty Oil Co. and Tesoro Refining & Marketing Company LLC (collectively "Defendants") in this case.  I am the only attorney of Hinson Gravelle & Adair LLP working on this case.

3.     I am providing this declaration in support of Defendants' Opposition to the Motion for Leave to Amend Plaintiff's Complaint ("Motion") filed on behalf of Plaintiff James Rutherford ("Plaintiff") in this case.

4.     Plaintiff noticed a site inspection of the real property commonly known as 401 East 6th Street, Beaumont, California (the "Property") for May 8, 2019, and the site inspection occurred on such date without incident or problem.  I was personally present at the Property for the May 8, 2019 site inspection, as was counsel for Plaintiff and a purported Americans With Disabilities Act ("ADA") expert working on behalf of Plaintiff.  Said purported expert measured and photographed the Property on May 8, 2019 while I was present.

5.     Contrary to Mr. Fitzgerald's factually-inaccurate declaration accompanying the Motion, the first time I received any communication from any attorney for Plaintiff about the proposed First Amended Complaint was August 5, 2019 (not on August 1, 2019 as incorrectly stated in Mr. Fitzgerald's declaration). The afternoon of August 5, 2019, I received an e-mail from Craig Cote (Plaintiff's counsel) that attached a copy of the proposed First Amended Complaint, asking me, for the first time, to stipulate to the same.  At no time before then had any of Plaintiff's counsel (including Mr. Cote) proposed a First Amended Complaint or contacted me regarding the same, and I did not have any discussions with any of

Plaintiff's counsel regarding the same before then.  A true and correct copy of that initial August 5, 2019 e-mail from Mr. Cote is attached as Exhibit 1.

6.      I promptly responded to Mr. Cote's August 5, 2019 e-mail later that same day, proposing we speak on August 7, 8 or 9.  Mr. Cote agreed to speak on August 8.  This agreement is memorialized in an e-mail chain, a true and correct copy of which is attached as Exhibit 1.

7.      In preparation for our August 8 conference, I closely reviewed the proposed First Amended Complaint that Mr. Cote first e-mailed to me on August 5, 2019.

8.      On August 8, 2019, Mr. Cote and I held our Local Rule 7-3 telephonic conference concerning the proposed First Amended Complaint, which conference lasted approximately 36 minutes.  During that telephonic conference, Mr. Cote and I agreed that I would provide my written comments/changes on the proposed First Amended Complaint to him by or on August 12, which I did as promised.  I provided Mr. Cote with eight (8) substantive comments/ changes on/to the proposed First Amended Complaint.  None of those comments/changes were incorporated into the proposed First Amended Complaint attached to the Motion.

9.      Before the Motion was filed, I advised Mr. Cote two (2) times, both in writing, that he was required to wait seven days (until August 15) under Local Rule 7-3 before he could file the Motion.  Attached hereto as Exhibit 2 is a true and correct copy of an e-mail chain between Mr. Cote and myself wherein I so advised Mr. Cote.

10.     I was provided by Plaintiff's counsel's office with a copy of Exhibit A to the proposed First Amended Complaint (which is not attached to the Motion).  It is a three-page spreadsheet entitled "Architectural Barrier List" that references the Property and the May 8, 2019 site inspection, and was purportedly prepared by Kenneth Arrington.  This document itemizes eight (8) additional alleged barriers at the Property (that are not discussed in the text of proposed First

Amended Complaint) and which concern the alleged lack of a "tow away" sign for the Property, allegedly faded "no parking" painting for the disabled parking stall, a door that allegedly obstructs the landing in front of the convenience store, the alleged lack of an accessible route to the sidewalk, allegedly faded "no parking" painting for the "eastern" parking stall, the length of the alleged "eastern" disabled parking stall, the alleged access aisle for the alleged "eastern" disabled parking stall, and allegedly faded "no parking" painting for the alleged "eastern" disabled parking stall.

11.    For over eight (8) months since this case was filed, I have worked with Defendants, at considerable time and expense, to formulate case theories and make strategic and settlement-related decisions where the universe of issues in this case has been the five (5) accessibility barriers alleged in the Complaint.  If the Motion is granted, these case theories and strategic and settlement decisions will largely become moot and/or irrelevant, to the prejudice of the Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on September 5, 2019 in Honolulu, Hawaii.

_____

Douglas A. Gravelle