Douglas A. Gravelle (SBN 166110)
Hinson Gravelle & Adair LLP
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: 661-294-0116
Facsimile: 661-294-0134
gravelle@hinsongravelle.com

Attorneys for Defendants Thrifty Oil Co.
and Tesoro Refining & Marketing Company
LLC (incorrectly identified as the non-existent
legal entity "USA Gas" in the Complaint)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, | **Case # 2:19-cv-01448-JAK-FFMx** |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION TO STRIKE PORTION OF PLAINTIFF'S FIRST AMENDED COMPLAINT; DECLARATION OF DOUGLAS GRAVELLE IN SUPPORT THEREOF** |
| vs. | |
| USA GAS, a business of unknown form; THRIFTY OIL CO., a California corporation; and DOES 1-10, inclusive, | **Hearing Date: March 16, 2020** **Hearing Time: 8:30 a.m.** **Dept.: 10B** **Judge: Hon. John A. Kronstadt** |
| Defendants. | |

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR
EACH PARTY IN THIS ACTION:

YOU ARE HEREBY NOTIFIED THAT on March 16, 2020 at 8:30
a.m. in Courtroom 10B of this Court, located at 350 West 1st Street, Los Angeles,
California, defendants Thrifty Oil Co. and Tesoro Refining & Marketing Company
LLC (collectively, "Defendants") will move this Court for an order striking
footnote 1 (and Exhibit A referenced in footnote 1 on page 4) from Plaintiff James
Rutherford's ("Plaintiff") First Amended Complaint ("FAC") under Rule 12(f) of
the Federal Rules of Civil Procedure.  This Motion is made upon the basis that the

"CASp Inspection" report (identified in footnote 1 as Exhibit A to the FAC - but not actually attached thereto) is (a) redundant of many of the allegations in the body of the FAC, and (b) not a legally-operable written instrument that can be attached to the FAC under F.R.C.P. 10(c) and hence is immaterial.

This Motion will be based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Declaration of Douglas Gravelle filed and served concurrently herewith, the complete files and records in this case, and any other evidence and argument as may be presented at the hearing.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on November 22, 2019.

Dated: December 2, 2019                          Hinson Gravelle & Adair LLP

<u>s/ Douglas Gravelle</u>
Douglas A. Gravelle, Attorneys for
Thrifty Oil Co. and Tesoro Refining
& Marketing Company LLC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Background

This case concerns alleged violations of the Americans with Disabilities Act ("ADA") at a USA-branded service station located at 401 East 6th Street, Beaumont, California ("Property").  Plaintiff's Complaint was filed on December 20, 2018.  In his Complaint, Plaintiff alleged five (5) accessibility barriers. *See* Complaint (Docket Entry #1, ¶15).

Plaintiff thereafter filed a motion for leave to file a First Amended Complaint ("FAC").  The FAC alleges additional accessibility barriers based upon a May 8, 2019 inspection of the Property by Plaintiff's putative expert.  Despite finding "the actions by Plaintiffs' counsel in connection with the Motion [for Leave] were not exemplary", the Court granted Plaintiff's Motion for Leave. *See* Order (Docket Entry #33).  Plaintiff then filed his FAC on November 18, 2019. *See* First Amended Complaint (Docket Entry #34).  A true and correct copy of the FAC is attached as Exhibit A for the Court's convenience. Gravelle Decl., ¶4.

In footnote 1 of the FAC, Plaintiff refers to a May 8, 2019 CASp Inspection report[1] that is purportedly attached to the FAC as Exhibit A. Unfortunately, Exhibit A is not even attached to the FAC.  We assume, however, that this is a reference to a May 8, 2019 CASp-inspection report of the Property prepared by Plaintiff's purported expert that consists of at least 63 pages and 239 photographs and which was previously provided to Defendants' counsel separate from the FAC. Gravelle Decl., ¶5.

On November 21, 2019, Defendants' counsel e-mailed a letter to Plaintiff's counsel requesting footnote 1 be deleted from the FAC; a copy of that letter is attached hereto as Exhibit B. Gravelle Decl., ¶6.  On November 22, 2019, counsel for Plaintiff and Defendants spoke via telephone regarding the same. Gravelle Decl., ¶7.  Today, December 2, 2019, is the deadline for Defendants to

---

[1] CASp means Certified Access Specialist.

file a response to the FAC, and since Plaintiff has not advised it will file a Second Amended Complaint *sans* footnote 1, Defendants hereby file this Motion to Strike.

Neither footnote 1 (nor any reference to Exhibit A) was in the original Complaint (rather, both appeared for the first time in the FAC) and hence this Motion could not have been filed in response to the original Complaint. Gravelle Decl., ¶8.

## II.    Argument

Under Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike, *inter alia*, any redundant or immaterial matter from a pleading. Furthermore, under Rule 10(c) of the Federal Rules of Civil Procedure, only written instruments may be attached the Complaint.  Hence, the Court may strike, pursuant to Rule 12(f), any document improperly attached to a Complaint. *See, e.g.*, *Nkemakolam v. St. John's Military School*, 876 F. Supp. 2d 1240, 1246-47 (D. KS 2012); *see also Hahn v. City of Carlsbad*, 2016 U.S. Dist. LEXIS 80108 *11-12 (S.D. Cal. 2016).

As an initial matter, we note two things.  First, Exhibit A is actually not attached to the FAC.  However, as noted above, we presume Exhibit A is a CASp Inspection report dated May 8, 2019 that Plaintiff's counsel previously provided to Defendants' counsel that includes, *inter alia*, at least 63 pages and 239 photographs.  Second, footnote 1 vaguely states "[s]ee attached as Exhibit A the 'CASp Inspection'", so Defendants are not even clear whether Exhibit A is intended to be incorporated into the FAC.  Accordingly, footnote 1 renders the FAC so vague and ambiguous that Defendants cannot reasonably respond to it. *See Coto Settlement v. Eisenberg*,  593 F.3d 1031, 1038 (9th Cir. 2010) ("mere mention of the existence of a document is insufficient to incorporate the contents of a document"); *Shelter Mutual Ins. Co. v. Public Water Supply Dist. No. 7*, 747 F.2d 1195, 1198 (8th Cir. 1984) (to be incorporated, the document must be attached to the pleading; merely referring to the document is insufficient).  But the remedy for

this ambiguity is not a more definitive statement, since a more definitive statement will presumably still result in an improperly-attached document; rather, the appropriate remedy is – as discussed below – the striking of all of footnote 1 (including its reference to Exhibit A).

Here, the CASp Inspection report (which is presumably Exhibit A to the FAC) is a litigation report prepared by Plaintiff's putative expert and is not a legally-operable written instrument.  As such, it should not be attached to the FAC. *Dichter-Mad Family Partners, LLP v. United States*, 707 F. Supp. 2d 1016, 1019 (C.D. Cal. 2010) (FRCP 10(c) only permits the incorporation of a legally-operable written instrument such as a contract, check, letter or affidavit); *Trombley Enterprises, LLC v. Sauer, Inc*., 2018 U.S. Dist. LEXIS 159410 *6 (N.D. Cal.) (striking document created for purposes of litigation from Complaint under FRCP 10(c)); *see also Hahn*, 2016 U.S. Dist. LEXIS at *11-12 (holding a video was not a written instrument under Rule 10(c); *Nkemakolan*, 876 F. Supp. 2d at 1246-47 (holding photographs are not written instruments under Rule 10(c)).

Furthermore, granting the Motion will not prejudice Plaintiff, as the FAC already includes (in paragraph 15 of the FAC) additional barrier allegations based upon Plaintiff's purported expert's May 8, 2019 inspection of the Property. On the other hand, Defendants will be significantly prejudiced by allowing a 63-page, expert-written report prepared solely for litigation purposes to be attached to the FAC in that, *inter alia*, Defendants will need to respond in their Answers to each and every depiction, photograph (of which there are at least 239), and redundant statement in the report.

Lastly, by striking footnote 1, the Court will also be addressing (and resolving) the ambiguity about whether Plaintiff even intended to incorporate the CASP Inspection report into the FAC by reference, and if such ambiguity is not resolved, it will prejudice Defendants in answering the FAC.

### III.    Conclusion

Since no Exhibit A is actually attached to the FAC, and since what is believed to be Exhibit A to the FAC is a report prepared by Plaintiff's expert during this litigation that consists of at least 63 pages with at least 239 photographs (and is not a legally-operable written instrument), the Court should grant this Motion and strike all of footnote 1 (including its reference to Exhibit A) from the FAC.

Dated: December 2, 2019

Hinson Gravelle & Adair LLP

s/ Douglas Gravelle

Douglas A. Gravelle, Attorneys for Thrifty Oil Co. and Tesoro Refining & Marketing Company LLC

## **Declaration of Douglas Gravelle**

I, Douglas Gravelle, declare:

1.      I have personal knowledge of the following facts, and if called as a witness, I could and would testify competently thereto.

2.      I am an attorney and partner of Hinson Gravelle & Adair LLP, counsel for defendants Thrifty Oil Co. and Tesoro Refining & Marketing Company LLC (collectively "Defendants") in this case.

3.      I am providing this declaration in support of Defendants' Motion to Strike in this case.

4.      Attached hereto as Exhibit A is a true and correct copy of Plaintiff's First Amended Complaint ("FAC") (Docket Entry #34).

5.      I have been provided by Plaintiff's counsel with a CASp-inspection report of 401 E. 6th Street, Beaumont, California ("Property") dated May 8, 2019 and prepared by Plaintiff's putative expert, which report consists of at least 63 pages and 239 photographs.

6.      Attached hereto as Exhibit B is a letter I e-mailed to Plaintiff's counsel on November 21, 2019 requesting footnote 1 be deleted from the FAC.

7.      On November 22, 2019, I spoke via telephone with Craig Cote (counsel for Plaintiff) regarding my request that footnote 1 be deleted from the FAC.

8.      Neither footnote 1 (nor any reference to Exhibit A) was in the original Complaint (rather, both appeared for the first time in the FAC).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on December 2, 2019 in Honolulu, Hawaii.


s/ Douglas Gravelle
Douglas Gravelle

**Exhibit A**

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch Street, Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorney for Plaintiff:  JAMES RUTHERFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>          Plaintiff,<br><br>v.<br><br><br>USA GAS, a business of unknown form; THRIFTY OIL CO., a California corporation; and DOES 1-10, inclusive,<br><br>          Defendants. | **Case No**. 2:19-cv-01448-JAK-FFM<br><br>**First Amended Complaint For Damages And Injunctive Relief For:**<br><br>1.  **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325).**<br><br>2.  **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*** |

Plaintiff, JAMES RUTHERFORD ("Plaintiff"), complains of Defendants USA GAS, a business of unknown form; THRIFTY OIL CO., a California corporation; and DOES 1-10 ("Defendants") and alleges as follows:

## PARTIES:

1.     Plaintiff is an adult California resident.  Plaintiff is substantially limited in performing one or more major life activities, including but not limited to:

1

FIRST AMENDED COMPLAINT

walking, standing, ambulating, sitting, in addition to twisting, turning, and grasping objects.   As a result of these disabilities, Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate.  With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.  At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

2.     Defendant THRIFTY OIL CO., a California corporation;, owned the property located at 401 E 6th Street, Beaumont, California 92223 ("Property") on January 18, 2018 and May 17, 2018.

3.     Defendant THRIFTY OIL CO., a California corporation, owns the Property currently.

4.     USA GAS, a business entity form unknown, owned, operated and controlled the business of  USA GAS ("Business") on January 18, 2018 and May 17, 2018.

5.     USA GAS, a business entity form unknown, owns, operates and controls the Business currently.

6.     Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the Property and Business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants.  Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief.  Plaintiff will seek leave to amend

FIRST AMENDED COMPLAINT

when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

8.     This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act, California Civil Code § 51 *et seq.*, ("UCRA") claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

9.     Venue is proper in this court pursuant to 28 U.S.C. §1391 because the Property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

10.    Plaintiff went to the Business on or about January 18, 2018 and May 17, 2018 for the dual purpose of purchasing gasoline for his vehicle and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning of federal and state law.

11.    The Business, including the Property, is a facility open to the public, a place of public accommodation, and a business establishment.

12.    Parking spaces are some of the facilities, privileges, and advantages reserved by Defendants to persons patronizing the Business and Property.

13.    Unfortunately, although parking spaces were some of the facilities reserved for patrons, there were barriers for persons with disabilities that cause the named facilities to fail as to compliance with the Americans with Disability Act Accessibility Guidelines ("ADAAG") on or around January 18, 2018 and May 17, 2018, or at any time thereafter up to and including, the date of the filing of this First

Amended Complaint.

14.     At each time, instead of having architectural barrier free facilities for patrons with disabilities, Plaintiff experienced the following at the Business and Property: parking spaces and access aisles serving them shall comply with 302. Access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted; there is no accessible route connecting the parking to the main entrance or elements within the facility as required by Section 206.2.2 which requires that at least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site; and, the sales counter does not provide for accessibility as required by Section 904.4.1 for either a parallel or forward approach. The accessible portion of the counter top shall extend the same depth as the sales or service counter top per Section 904.4.

15.     On May 8, 2019, a Certified Access Specialist ("CASp") inspected the Subject Property and identified the following barriers at the Business and Property[1]: the accessible parking space at the west side of the Property contains an uneven surface with slopes measuring between 3.8% and 5.0% (Section 502.4); the slope at the accessible parking at the west side of the store contains an uneven surface with slopes measuring between 2.5% and 4.4% (Section 502.4); the accessible parking space at the west side of the measures 210 ½" in length, serving a 271" long access aisle, which does not extend the full required length (Section 502.1; 502.2; 502.3.1); there is a cross slope on the accessible route from the accessible parking area on the west side of the store to the main entrance of the Business that measures between 2.2 and 3.0%, exceeding the maximum allowed (Section 403.3); and the van accessible space at the east side of the store does not have accessible signage posted at the head of the space (Section 502.6).

16.     Plaintiff is informed and believes and thereon alleges that, currently,

---

[1] See attached as Exhibit A the "CASp Inspection" prepared for the Subject Property by Kenneth Arrington, dated May 8, 2019.

FIRST AMENDED COMPLAINT

there are no compliant, accessible Business facilities designed, reserved and available to persons with disabilities at the Business in addition to that alleged *supra*.

17.     Plaintiff is informed and believes and thereon alleges that Defendants had no policy or plan in place to make sure that the parking spaces were compliant for persons with disabilities and remained compliant prior to January 18, 2018 and May 17, 2018.

18.     Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the complaints of violations alleged above are available to persons with disabilities and remain compliant currently.

19.     Plaintiff personally encountered above alleged barriers when attempting to access the Business and Property.  The presence of these barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA.

20.     The conditions identified *supra* in paragraphs 14 and 15 are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, sitting, and grasping objects and is the holder of a disabled parking placard and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible path to the accessible entrance, relate to the width of the accessible path to the accessible entrance, and relate to the safety of the accessible path to the accessible entrance.

21.     As an individual with a mobility disability who at times relies upon a wheelchair and other mobility devices, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

22.     Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the

1   dual purpose of availing himself of the goods and services offered to the public and
2   to ensure that the Business ceases evading its responsibilities under federal and state
3   law.

4          23.    As a result of his difficulty experienced because of the inaccessible
5   condition of the facilities of the Business, Plaintiff was denied full and equal access
6   to the Business and Property.

7          24.    Upon being informed that the public place of accommodation has
8   become *fully and equally accessible, he will return within 45 days as a "tes*ter" for
9   the purpose of confirming their accessibility.  *Civil Rights Educ. and Enforcement*
10  *Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

11         25.    The Defendants have failed to maintain in working and useable
12  conditions those features required to provide ready access to persons with
13  disabilities.

14         26.    The violations identified above are easily removed without much
15  difficulty or expense.  They are the types of barriers identified by the Department of
16  Justice as presumably readily achievable to remove and, in fact, these barriers are
17  readily achievable to remove.  Moreover, there are numerous alternative
18  accommodations that could be made to provide a greater level of access if complete
19  removal were not achievable.

20         27.    Given the obvious and blatant violation alleged hereinabove, the
21  Defendants are on notice that Plaintiff seeks to have all barriers related to their
22  disabilities remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding
23  that once a plaintiff encounters one barrier at a site, he can sue to have all barriers
24  that relate to his disability removed regardless of whether he personally encountered
25  them).

26         28.    Given the obvious and blatant violation alleged hereinabove, Plaintiff
27  alleges, on information and belief, that the failure to remove these barriers was
28  intentional because: (1) these particular barriers are intuitive and obvious; (2) the

defendants exercised control and dominion over the conditions at this location, and therefore, (3) the lack of accessible facilities was not an  accident because had the defendants intended any other configuration, they had the means and ability to make the change.

29.     Without injunctive relief,Plaintiff will continue to be unable to fully access Defendants' facilities in violation of Plaintiff's rights under the ADA.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*. as amended by the ADA Amendments Act of 2008 (P.L. 110-325)

30.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this First Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

31.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

      a.      A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

      b.      A failure to remove architectural barriers where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

32. Any business that provides parking spaces must provide accessible parking spaces. 2010 Standards § 208. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. Id. No more than a 1:48 slope is permitted. Standards § 502.4.

33. Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

34. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

35. Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seek injunctive relief to remove the barriers.

////

////

////

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.***

36.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this First Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

37.     California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendants are systematically violating the UCRA, Civil Code § 51 *et seq*.

38.     Because Defendants violate Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages.  (Civ. Code § 51(f), 52(a).)   These violations are ongoing.

39.     Defendants' actions constitute discrimination against Plaintiff on the basis of their individual disabilities, in violation of the UCRA, Civil Code § 51 *et seq*.  Plaintiff is informed and believes and thereon alleges Defendants have been previously put on actual notice that its premises are inaccessible to Plaintiff as above alleged.  Despite this knowledge, Defendants maintain the Property and Business in an inaccessible form.

**PRAYER**

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1.     A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Subject Property; **Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.**

2.     An award of actual damages and statutory damages of not less than

$4,000 per violation pursuant to § 52(a) of the California Civil Code and $4,000 for each time he visits an establishment that contains architectural barriers that deny the Plaintiff of full and equal enjoyment of the premises (*Feezor v. Del Taco, Inc.* (2005) 431 F.Supp.2d 1088, 1091.)

3.      An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4.      For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52;

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully request a trial by jury on all appropriate issues raised in this First Amended Complaint.

Dated: August 12, 2019          **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
    Joseph R. Manning Jr., Esq.
    Attorney for Plaintiff

**Exhibit B**

# HINSON GRAVELLE & ADAIR LLP

### L A W Y E R S

#### A REGISTERED LIMITED LIABILITY PARTNERSHIP

DOUGLAS A. GRAVELLE
Direct Dial (661) 294-0116
gravelle@hinsongravelle.com

TELEPHONE (661) 294-0111
FACSIMILE (661) 294-0134
www.hinsongravelle.com

**Via E-Mail**

November 21, 2019

Craig Cote, Esq., *et al.*
Manning Law, APC
20062 S.W. Birch Street, Suite 200
Newport Beach, CA 92660

**Re:   Rutherford v. USA Gas, *et al.* (Case #2:19-cv-01448-JAK-FFMx)**

Dear Counsel:

I am writing to request that footnote 1 be deleted in its entirety from the First Amended Complaint ("FAC") filed on November 18, 2019.  The footnote needs to be deleted in its entirety for several reasons, discussed below.  **Please note that at the end of this letter, I am requesting we have a conference no later than this coming Monday, November 25, if you are not willing to delete footnote 1 in its entirety from the FAC.**

First, there is no Exhibit A attached to the FAC, so while we can make presumptions about what document footnote 1 is referring to, without actually seeing Exhibit A, we do not know the full and exact contents of what was intended to be Exhibit A.  Also, footnote 1 vaguely states "[s]ee attached as Exhibit A the 'CASp Inspection'", so we are not even clear whether Exhibit A is intended to be incorporated into the FAC.  Accordingly, footnote 1 renders the FAC so vague and ambiguous that Defendants cannot reasonably respond to the FAC and thus it is subject to a Motion for a More Definite Statement under FRCP 12(e). *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("mere mention of the existence of a document is insufficient to incorporate the contents of a document"); *Shelter Mutual Ins. Co. v. Public Water Supply Dist. No. 7*, 747 F.2d 1195, 1198 (8th Cir. 1984) (to be incorporated, the document must be attached to the pleading; merely referring to the document is insufficient).

Second, even if Exhibit A had been attached to the FAC, we would be requesting you delete footnote 1 (and Exhibit A) from the FAC.  It is our understanding that the May 8, 2019 "CASp Inspection" Report is a report prepared by Plaintiff's purported expert and is not a legally operative document.  As such, it should not be attached to the FAC and is subject to a Motion to Strike under FRCP 12(f). *See* FRCP 10(c); *Dichter-Mad Family Partners, LLP v. United States*, 707 F. Supp. 2d 1016, 1019 (C.D. Cal. 2010) (FRCP 10(c) only permits the incorporation of a legally-operable written instrument such as a contract, check, letter or affidavit); *Trombley Enterprises, LLC v. Sauer, Inc.*, 2018 U.S. Dist. LEXIS 159410 *6 (N.D. Cal.) (striking document created for purposes of litigation from Complaint under FRCP 10(c)).

In light of the foregoing, please immediately and unambiguously confirm that you are willing to strike footnote 1 in its entirety from the FAC.  Upon receiving such written confirmation, we will send you a draft Stipulation and [Proposed] Order to effectuate the same.

28470 AVENUE STANFORD, SUITE 350, VALENCIA, CALIFORNIA 91355

Craig Cote, Esq., *et al.*
November 21, 2019
Page 2


If you are not willing to strike footnote 1 in its entirety from the FAC, we need to speak or meet in person to discuss potential resolution of this issue.  Because the Defendants' responses to the FAC (including any motions under FRCP 12(e) and (f)) are due by or on Monday, December 2, and because Local Rule 7.3 requires any conference regarding any such motions occur at least seven (7) days prior to the filing of any such motions, **we need to hold our conference no later than this coming Monday, November 25**.  Accordingly, I will make myself available to speak with you any time this afternoon, any time tomorrow (Friday, November 22) and any time the morning of this coming Monday, November 25.  Alternatively, I can make myself available to speak in person with one of you at the courthouse either immediately before or immediately after Monday's Further Status Conference in this case (scheduled for 11:30 a.m. on November 25).

Respectfully,

Douglas Gravelle

cc:      Clients