1  Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
   **MANNING LAW, APC**
2  20062 SW Birch Street, Ste. 200
3  Newport Beach, CA 92660
   Office: (949) 200-8755
4  DisabilityRights@manninglawoffice.com
5

6  Attorney for Plaintiff: JAMES RUTHERFORD

7

8                    UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

10

11 | JAMES RUTHERFORD, an | **Case No**. 2:18-cv-01448-JAK-FFM |
12 | individual, | |
13 | | **Plaintiff's Memorandum of Points and Authorities** |
14 | Plaintiff, | |
15 | v. | **Date:** April 20, 2020 |
   | | **Time:** 8:30 a.m. |
16 | | **Courtroom:** 10B |
17 | USA GAS, a business of unknown form; THRIFTY OIL CO., a California corporation; and DOES 1-10, inclusive, | Honorable John A. Kronstadt |
18 | | |
19 | | |
20 | | |
21 | Defendants. | |

22
23
24
25
26
27
28

1
Plaintiff's Motion for Summary Judgment

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………… 2

TABLE OF AUTHORITIES…………………………………………….…….... 3

MEMORANDUM OF POINTS AND AUTHORITIES…………………………. 5

  I.    PRELIMINARY STATEMENT…………………………………………… 5

  II.   RELEVANT FACTS……………………………………………………. 6

  III.  LEGAL STANDARD………………………………………………….... 7

  IV.  THE BARRIERS TO ACCESS…………………………………………… 8

       A. Plaintiff is Disabled……………………………………………… 9

       B. Defendants Own and Operate a Place of Public Accommodation….. 10

       C. The Store Had Barriers That Were Readily Removed ……………... 10

       D. The Plaintiff Encountered This Violation and Is Being Deterred From Patronage……………………………………………………...…….. 12

  V.   VIOLATIONS OF THE ADA ARE UNLAWFUL UNDER CALIFORNIA LAW….………………………………………… 12

  VI.  REMEDIES…………………………………………………………….. 13

  VII.  CONCLUSION………………………………………………………. 14

# TABLE OF AUTHORITIES

**Cases**

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*
    603 F.3d 666 (9th Cir. 2010) ……………………….……………….. 8

*Celotex Corp. v. Catrett*
    477 U.S. 317 (1986) ……………………………………………………... 7

*Chapman v. Pier 1 Imports (U.S.) Inc.*
    631 F.3d 939 (9th Cir. 2011) ……………………………...………... 8, 11

*Cullen v. Netflix, Inc.,*
    880 F.Supp.2d 1017 (N.D. Cal. 2012) ……………………….…12, 13

*D'Lil v. Best Western Encina Lodge & Suites,*
    538 F.3d 1031 (9th Cir. 2008) ………………………………….…….. 13

*Doran v. 7-Eleven, Inc.,*
    524 F.3d 1034 (9th Cir. 2008) ……………………….……………….. 13

*Moeller v. Taco Bell Corp.*
    816 F.Supp.2d 831 (N.D. Cal. 2011) ……………………………….… 9

*Molski v. M.J. Cable, Inc.,*
    481 F.3d 724 (9th Cir. 2007) ………………………..……….… 13, 14

*Rush v. Denco Enterprises, Inc.*
    857 F. Supp. 2d 969 973 (C.D. Cal. 2012) ……………………...…… 11

**Statutes**

42 U.S.C. § 12102(2)(A) ……………………………………………………. 10

42 U.S.C. § 12188(a) ……………………………………………………... 10

42 U.S.C. §§ 12183(a)(2) ……………………………………………… 9

Cal. Civ. Code § 55.56(a) …………………………………………..… 15

Cal. Civ. Code § 55.56(b) …………………………………………….. 15

Cal. Civ. Code § 55.56(e) …………………………………………….. 15

Civ. Code § 51 (f) ……………………………………………………….. 14

**Other Authorities**

1991 Standards § 4.1.2(5)(b) ………………………………………………………….. 11

1991 Standards § 4.6.4 …………………………………………………………….... 12

1991 Standards §§ 4.1.2(7)(a) …………………………………………………… 12

2010 Standards § 502.2 …………………………………………………………….. 11

28 C.F.R. § 36.211(a) …………………………………………………………………. 12

28 C.F.R. § 36.304(b) ………………………………………………………………… 13

28 C.F.R., Part 36, Appendix C, section 36.211 ………………………………… 13

28 C.F.R., Part 36, Appendix D ("ADAAG") § 4.27 ……………………………… 11

CBC § 1129B3 …………………………………………………………………………. 12

CBC § 1129B4 ………………………………………………………………………… 12

Department of Justice, Technical Assistance Manual on the American

       With Disabilities Act (BNA) §§ III-4.4100 (1991) ………………………….. 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Mr. Rutherford is disabled and substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, in addition to twisting, turning, and grasping objects. As a result of these disabilities, he relies upon mobility devices, including at times a wheelchair, to ambulate. He travels throughout Southern California; and unfortunately, he has had to deal with the stress and frustration of the lack of accessible parking and other features that non-disabled people take for granted.

This occurred during his visit to USA Gas (the "Business") in Beaumont, California. However, instead of simply being able to park and shop at the Business, Mr. Rutherford once again found himself in the disappointing and frustrating, yet all too-familiar situation of struggling to find accessible parking, only to realize that he will not be able to safely park and shop at the Business. A simple thing like parking a car and entering a store is a basic right that was unequivocally denied to Mr. Rutherford, and it was difficult and troublesome for him. Once again, Mr. Rutherford was forced to search for an alternative place to shop because the place he chose did not make itself available to disabled patrons.

Although the law has required these simple accommodations for disabled Americans for 27 years, James Rutherford is continuously confronted with inaccessible bars, restaurants, shops, hotels, and the like. And, he has been vilified for his decision to haul law breaking businesses before courts and tribunals of the state to hold them accountable. In this case, the Defendants' failure to provide van accessible parking and an accessible ramp is illegal and discriminatory under the ADA, and has been for 27 years. Because the Business has violated the law and excluded Mr. Rutherford and customers like him for nearly three decades, Mr. Rutherford seeks an Order requiring Defendants, the owners of the property, and the owners of the Business, to provide and maintain accessible parking, as well two

statutory penalties of $4,000 each for the barriers Mr. Rutherford personally encountered during his visit, and an additional statutory penalty of $4,000 for deterrence for returning. *See Johnson v. Guedoir*, No. 2:14-CV-00930-TLN-AC (E.D. Cal. Oct. 28, 2016

## II. RELEVANT FACTS

Mr. Rutherford is disabled and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, in addition to twisting, turning, and grasping objects (SUF #1). As a result of these disabilities, he relies upon mobility devices, including at times a wheelchair, to ambulate (SUF #2).

USA GAS ("Business") is located at or about 401 East 6th Street, Beaumont, California 92223 (SUF #3). Defendant Thrift Oil Co., a California corporation is the current owner of the real property (SUF #10) and Defendant USA GAS, a business of unknown form, also known as Tesoro Refining & Marketing Company LLC, is the current owner of the Business located at or about 401 East 6th Street, Beaumont, California 92223 and was so in January 8, 2018, May 17, 2018, and August 1, 2019 (SUF #11).

On January 18, 2018, May 17, 2018, and August 1, 2019 Mr. Rutherford went to the USA GAS located at or about 401 East 6th Street, Beaumont, California 92223 for the dual purpose of purchasing gasoline for his vehicle and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning of federal and state law. (SUF #3). As Mr. Rutherford drove into the parking lot of the Business, he discovered that:

1. The accessible parking spaces and adjacent accessible aisles still contained slopes excessive of the maximum grade allowed by accessibility guidelines. (SUF #5)
2. There was no accessible route connecting the accessible parking spaces to the accessible entrance. (SUF #6)
3. The service counter at the Business is still not accessible for either a parallel or forward approach. (SUF #7)

6
Plaintiff's Motion for Summary Judgment

These barriers and others were verified and identified by Mr. Rutherford's CASp investigator who inspected the property on May 8, 2019.

Mr. Rutherford's investigator and Certified Access Specialist (CASp) Kenneth Arrington, investigated Defendant's Property on May 8, 2019 (SUF #12). Mr. Arrington found that:

1. The accessible parking space at the west side of the Property contains an uneven surface with slopes measuring between 3.8% and 5.0% (Section 502.4). (SUF #13)

2. The slope at the accessible parking at the west side of the store contains an uneven surface with slopes measuring between 2.5% and 4.4% (Section 502.4). (SUF #14)

3. There is a cross slope on the accessible route from the accessible parking area on the west side of the store to the main entrance of the Business that measures between 2.2 and 3.0%, exceeding the maximum allowed (Section 403.3). (SUF #15)

4. The van accessible space the east side of the store does not have accessible signage posted at the head of the space (Section 502.6). (SUF #16)

The barriers Mr. Rutherford encountered deny him full and equal access to the Business and Property and its facilities on an ongoing basis (SUF #8); and although this has deterred him, Mr. Rutherford intends to return for the dual purpose of availing himself of the goods and services offered to the public and to ensure that Defendants cease evading their responsibilities under federal and state law (SUF #9).

## III. LEGAL STANDARD

Pursuant to section 56 of the Federal Rules of Civil Procedure, a party may bring a motion for summary judgment where there is no genuine dispute as to any material fact. Motions for summary judgment are not "disfavored." *Celotex Corp v. Catrett*, 477 U.S. 317, 327 (1986). In the present case, there can be no genuine dispute over the facts of the case and those facts inform the Court and the parties that it would be a waste of judicial resources for this case to proceed to trial. There

is no genuine issue of material fact and this court should grant the Plaintiff's motion.

## IV. THE BARRIERS TO ACCESS

Under Title III of the Americans With Disabilities Act of 1990 ("ADA), the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The term "discrimination" can be misleading. The ADA applies not just to intentional discrimination but to thoughtlessness and indifference:

> "Its passage was premised on Congress's finding that discrimination against the disabled is most often the product not of invidious animus, but rather of thoughtlessness and indifference, of benign neglect, and of apathetic attitudes rather than affirmative animus. The concept of "discrimination" under the ADA does not extend only to obviously exclusionary conduct-such as a sign stating that persons with disabilities are unwelcome or an obstacle course leading to a store's entrance. Rather, the ADA proscribes more subtle forms of discrimination-such as difficult-to-navigate restrooms and hard-to-open doors-that interfere with disabled individuals "full and qual enjoyment" of places of public accommodation."

*Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 944-45 (9th Cir. 2011) (internal quotes and citations removed for readability).

To succeed on his Title III, ADA claim, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.,* 603 F.3d 666, 670 (9th Cir. 2010). "The third element-whether plaintiffs were denied public accommodations on the basis of disability-is met if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.,* 816 F.Supp.2d 831, 847 (N.D. Cal. 2011)

*citing, Chapman,* 631 F.3d at 945. This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers…in existing facilities… where such removal is readily achievable." 42. U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. Plaintiff must be disabled. 42 U.S.C. § 12182(a);

2. The defendants' facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA. *Id.*;

3. The defendants must be responsible parties, i.e., owners, operators, lessors or lessees. *Id.*;

4. The defendants' facility must have either undergone an alteration that did not comply with the access standards or contain an easily removed barrier that the defendants failed to remove. 42 U.S.C. §§12183(a)(2); 12182(b)(2)(A)(iv);

5. Plaintiff must have actually encountered this non-removed and unlawful barrier. 42 U.S.C. § 12188(a).

As discussed below, Mr. Rutherford's civil rights were violated because the Defendants failed to provide accessible parking and an accessible ramp at their Business. Plaintiff will discuss each element, seriatim.

### A. Plaintiff is Disabled

Mr. Rutherford is a man who is mobility impaired and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting, in addition to twisting, turning, and grasping objects (SUF #1). As a result of these disabilities, he relies upon mobility devices, including at times a wheelchair, to ambulate (SUF #2). There can be little doubt that he fits the qualification under the ADA as a person with a disability. 42 U.S.C. § 12102(2)(A) (defining a physical impairment substantially affecting a major life activity as qualifying as a disability).

## B. Defendants Own and Operate a Place of Public Accommodation

The Business is a sales establishment. Sales establishments are expressly identified under the ADA as places of public accommodation. 42 U.S.C. § 12181(7)(E); The Defendants owned and operated this place of public accommodation during Mr. Rutherford's visit. (SUF #4 & #5). The Defendants, therefore, had an obligation to comply with the anti-discrimination provisions of Title III of the ADA.

## C. The Business Had Barriers That Were Readily Removed

The ADA defines "discrimination" as a failure to remove architectural barriers where it is readily achievable to do so. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "barrier" is not defined in the Act itself but is defined in the Technical Assistance Manual:

> III-4.4100: What is an architectural barrier? Architectural barriers are physical elements of a facility that impede access by people with disabilities. These barriers include more than obvious impediments such as steps and curbs that prevent access by people who use wheelchairs.

Department of Justice, Technical Assistance Manual on the American with Disabilities Act (BNA) §§ III-4.4100 (1991).

Case law is more specific. "To determine if Plaintiff describes an 'architectural barrier' the Court must turn to the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). If an element does not meet or exceed ADAAG standards, it is considered a barrier to access." *Rush v. Denco Enterprises, Inc.,* 857 F. Supp. 2d 969, 973 (C.D. Cal. 2012) (internal cites omitted). "Any element in facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access." *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 945 (9th Cir. 2011) (identifying this as the formal position of the Department of Justice). These are "objective" and "precise" standards and "the difference between compliance and noncompliance" is "often a matter of inches." Id.

Defendants do not dispute in their moving papers that removal of all barriers to access on the Property are not readily achievable.

### 1. *Uneven Surfaces in Accessible Parking with Excessive Slope*

Accessible parking slopes that measure in excess of 3.8% – 5.0% are in violation of 2010 Standards § 502.4. (SUF #4 and #13). Defendants should resurface existing slopes of this accessible parking space and access aisle to ensure that the maximum slopes measure no greater than 2.08% grade. This is a violation of the ADA.

### 2. *Excessive Slopes in Accessible Parking at West Side of Store*

Slopes in the accessible space measure in excess of 2.5% - 4.4% caused by an uneven surface are in violation of 2010 Standards § 502.4 (SUF #4 and #14). Defendants should resurface existing slopes at accessible parking spaces and aisles to ensure that the maximum slopes measure no greater than 2.08% grade. This is a violation of the ADA.

### 3. *Accessible Route Contain Cross Slopes in Excess*

The accessible route extending from the parking at the west side of the Property to the main entrance of the Business contains cross slopes in excess of 2.2% - 3.0% in violation of 2010 Standards §§ 403.3 (SUF #5 and #15). Defendants should saw cut, remove, and replace the existing concrete and asphalt with a new compliant surface to ensure that slopes do not exceed 1:48 (2.08% cross slope). This is a violation of the ADA.

### 4. *No Accessible Parking Signage*

There is no accessible signage posted at the head of the parking space in violation of 2010 Standards § 502.6 (SUF #6 and 16). Defendants should provide and install new standard accessible parking signage including the International Symbol of Accessibility in white on a blue background and also include "$250 Fine" signage. This is a violation of the ADA.

### 5. *The Service Counter Is Inaccessible*

A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided. A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter. For a forward approach, a portion of the counter surface that is 30 inches (760 mm) long minimum and 36 inches (915 mm) high maximum shall be provided. Knee and toe space complying with 306 shall be provided under the counter. A clear floor or ground space complying with 305 shall be positioned for a forward approach to the counter. Defendants' service counter is not accessible for either a parallel or forward approach in violation of 2010 Standards §§ 904.4.1 and 904.4.2. (SUF #6) Defendants should provide and install a new standard accessible service counter. This is a violation of the ADA.

In sum, the Defendants failed to remove barriers that were readily achievably removed and, therefore, violated the Plaintiff's rights under the ADA.

### D. Plaintiff Encountered Violations and Is Being Deterred from Patronage

Not only did Mr. Rutherford personally encounter these violations, but he faces the threat of continued and repeated violations. Defendants failed to provide compliant accessible parking and path of travel on each of the dates of Mr. Rutherford's visits.

As of May 8, 2019, the date of Plaintiff's investigator's investigation, the parking and ramps are still not compliant. This failure to maintain the parking and path of travel demonstrates an apathy or an ignorance about compliance. Defendants should not only be required to provide accessible parking, they should also be required to implement a policy and procedure to maintain the parking. Until then, plaintiff will continue to be aggrieved by the likelihood of the recurring parking barrier.

In sum, there has been a violation of the American with Disabilities Act.

## V. VIOLATIONS OF THE ADA ARE UNLAWFUL UNDER CALIFORNIA LAW

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Civ. Code § 51 (f). "A violation of the ADA is, by statutory definition, a violation of both the Unruh Act and the DPA." *Cullen v. Netflix, Inc.*, 880 F.Supp.2d 1017, 1023 (N.D. Cal. 2012). "Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." *Molski*, 481 F.3d at 731. As discussed above under section "IV", the defendants violated the ADA. Thus, there has been a per-se violation of Unruh.

## VI. REMEDIES

The Plaintiff seeks both injunctive relief and statutory damages. Under the ADA, the plaintiff is entitled to injunctive relief. 42 U.S.C. §12188(a). Such injunctive relief "shall include an order to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities" to the extent required by the ADA. *Id.* at 12188(a)(2). "Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008). "We have found actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).

Here, Mr. Rutherford travels through Beaumont often from other areas he frequents to reach his home in Riverside County, California. The Business is therefore a convenient place for him to shop. (SUF #23). He would like the ability

to safely and independently access the Business (SUF #24).  Therefore, Mr. Rutherford has standing to seek an injunctive remedy.

Statutory damages can be recovered for a violation of the Unruh Civil Rights Act "if the violation denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." Cal. Civ. § 55.56(a). A denial of full and equal access takes place where a plaintiff "personally encountered" the violation and it resulted in "difficulty, discomfort or embarrassment." Cal. Civ. § 55.56(b). Under the Civil Code, the plaintiff is entitled to recover a statutory penalty for "each offense" (Cal. Civ. Code § 52(a)) which has been defined as "each particular occasion that the plaintiff was denied full and qual access…" Cal. Civ. Code § 55.56(e).  A plaintiff can recover for both actual encounters and occasions where personal knowledge of a barrier deterred the plaintiff from attempting patronage. Cal. Civ. § 55.56(b).

Mr. Rutherford personally encountered the access standards violations twice on January 18, 2018, and again on August 1, 2019, and has since been deterred from visiting due to his knowledge of the barriers. Therefore, Mr. Rutherford seeks three statutory penalties: two for his encounter and one for his deterrence.  "A plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters her from making use of the defendant's facility. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc). We have dubbed this the "deterrent effect doctrine." Id. at 949–50.

Mr. Rutherford is entitled to at least $12,000.00, in statutory minimum damages, but likely more as supported by facts and law. *See Johnson v. Guedoir*, No. 2:14-CV-00930-TLN-AC (E.D. Cal. Oct. 28, 2016) at *15.  *See also Arnold v. United Artists Theatre Circuit, Inc.*, 866 F. Supp. 433, 439 (N.D. Cal. 1994) ("[W]here a plaintiff can prove that violations of applicable California disability access standards deterred her on a particular occasion from attempting to attend a place of public accommodation, that plaintiff states a claim for relief.") *Civil Rights*

*Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017). "Courts frequently grant default judgment in Unruh Act and ADA cases and impose similar financial liabilities on the defendant." *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998 (C.D. Cal. 2014) Id. at *9 (finding $13,739.20 was reasonable and collecting other cases where $10,119.70 and $12,000.00 were also reasonable and, in fact, "a relatively small award of damages" in similar ADA and Unruh Act cases).

**VII. CONCLUSION**

The Plaintiff respectfully requests this Court grant his motion.

Dated: January 13, 2020                                **MANNING LAW, APC**

By: /s/ Joseph R. Manning, Jr., Esq.
Joseph R. Manning, Jr., Esq.
Attorney for Plaintiff