Douglas A. Gravelle (SBN 166110)
Hinson Gravelle & Adair LLP
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: 661-294-0116
Facsimile: 661-294-0134
gravelle@hinsongravelle.com

Attorneys for Defendants Thrifty Oil Co. and
Tesoro Refining & Marketing Company LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, )<br><br>        Plaintiff, )<br><br>    vs. )<br><br>USA GAS, a business of unknown )<br>form; THRIFTY OIL CO., a California )<br>corporation; and Does 1-10, inclusive, )<br><br>        Defendants. )<br>_____ ) | **Case No.: 2:19-cv-01448-JAK-FFMx**<br><br>**NOTICE OF MOTION AND DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hon. John A. Kronstadt<br><br>Action Filed: 12/20/18<br>Trial Date: Not Set Yet<br><br>Hearing Date: April 20, 2020<br>Hearing Time: 8:30 a.m.<br>Hearing Courtroom: 10B |

        TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY IN THIS ACTION:

        YOU ARE HEREBY NOTIFIED THAT on April 20, 2020 at 8:30 a.m. in Courtroom 10B of this Court, located at 350 West 1st Street, Los Angeles, California, defendants Thrifty Oil Co. and Tesoro Refining & Marketing Company LLC (collectively, "Defendants") will move this Court for an order entering partial summary judgment in their favor and against Plaintiff James Rutherford ("Plaintiff") under Rule 56 of the Federal Rules of Civil Procedure.

This Motion is made on the grounds that it is undisputed that nine (9) of the alleged accessibility barriers identified in the First Amended Complaint are not accessibility barriers as alleged.

This Motion will be based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the Statement of Uncontroverted Facts and Conclusions of Law filed and served concurrently herewith, the Declarations of Douglas Gravelle, Neal Casper, and Metro Malasavage filed and served concurrently herewith, the complete files and records in this case, and any other evidence and argument as may be presented at the hearing.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on December 27, 2019.

Dated: January 13, 2020                    Hinson Gravelle & Adair LLP

                                           s/ Douglas Gravelle
                                           Douglas A. Gravelle, Attorneys for
                                           Thrifty Oil Co. and Tesoro Refining
                                           & Marketing Company LLC

# **TABLE OF CONTENTS**

I.   Background ......................................................................................... 1

   A.   Nature of Case, the Property, and the Parties ..................................... 1

   B.   The Alleged Accessibility Barriers ...................................................... 1

II.  Legal Argument ................................................................................. 3

   A.   Standards for Partial Summary Judgment ........................................... 3

   B.   The ADA and Unruh Act .................................................................... 3

   C.   Nine (9) of the Alleged Barriers are Not Barriers ............................... 4

      1.   Disabled Parking Stall and Section 302 ......................................... 5

      2.   Access Aisle and Section 302 ......................................................... 5

      3.   Disabled Parking Stall and Access Aisle at Same Level ................. 6

      4.   Accessible Route from Disabled Parking Stall to
         Convenience Store ......................................................................... 6

      5.   Clear Floor Space in Front of Sales Counter ................................. 7

      6.   Depth of Sales Counter .................................................................. 8

      7.   Length of the Disabled Parking Stall ............................................. 9

      8.   Van Accessible Space at *East* Side of Store ................................. 10

      9.   Accessible Route from Sidewalk to Convenience Store .............. 10

   D.   Because the Foregoing Nine Alleged Accessiblity Barriers Are Not
      Barriers, the Court Should Grant Partial Summary Judment as to
      These Nine Alleged Barriers Under Plaintiff's First Cause of Action
      Under the ADA ............................................................................. 11

   E.   The Court Should Also Grant Partial Summary Judgment As to These
      Nine Alleged Barriers under Plaintiff's State Law Claim ................. 11

III. Conclusion ..................................................................................... 12

i

# **TABLE OF AUTHORITIES**

## **Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)......................................3

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)..................................................3

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)...........................................11

*Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011)..........................11

*Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002).................................................11

## **Statutes**

United States Code:
    42 U.S.C. Sections 12101 *et seq*. (Americans with Disabilities Act)...........3
    42 U.S.C. Section 12182 ......................................................................4

California Civil Code:
    Sections 51 *et seq*. (California Unruh Civil Rights Act)..............................3

## **Federal Regulations**

28 CFR §36.304 ....................................................................................9

ADA Standards, Section 302 ..........................................................2, 5, 6

ADA Standards, Section 305.3 ............................................................8

ADA Standards, Section 502 ............................................................9

ADA Standards, Section 904.4 .....................................................2, 7, 8, 9

ADA Standards, Section 904.4.1 .......................................................7, 8

ADA Standards, Section 904.4.2 ......................................................8

1991 ADA Standards [found at 28 CFR Appendix D to Part 36]...................4

2010 ADA Standards [defined at 28 CFR §36.104].................................4

## **Federal Rules of Civil Procedure**

Fed.R.Civ.P. 56 ....................................................................................3

# LIST OF EXHIBITS

Attached to Gravelle Declaration

      Exhibit A - Photograph of Property with Notes Thereon

      Exhibit B - Original Complaint

      Exhibit C - First Amended Complaint

      Exhibit D - 2019 Photograph of Sales Counter

      Exhibit E - Excerpts from Deposition Transcript for Kenneth Arrington

      Exhibit F - Arrington Report

Attached to Casper Declaration

      Exhibit G - Photograph of Disabled Parking Stall and Access Aisle

      Exhibit H - Photographs of Clear Floor Space in Front of Sales Counter

      Exhibit I - Photographs of Sales Counter

      Exhibit J - Photographs of Accessible Route from Sidewalk to Store

Attached to Malasavage Declaration

      Exhibit K - 2012 Photograph of Sales Counter

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    Background**

    **A.    Nature of Case, the Property, and the Parties**

        This case concerns alleged accessibility barriers at 401 East 6th Street, Beaumont, California ("Property").  The Property is improved with a USA-branded service station that includes a convenience store.  Thrifty Oil Co. ("Thrifty Oil") holds a fee interest in the Property, and Tesoro Refining & Marketing Company LLC ("Tesoro"), which was incorrectly sued as the non-existent entity "USA Gas", holds a leasehold interest in the Property.

        There is one disabled parking stall (and an associated access aisle) located on the *west* side of the convenience store.[1]  Attached as Exhibit A to the Declaration of Douglas Gravelle is a photograph of the Property with notes thereon depicting various parts of the Property that are discussed in this Motion.

    **B.    The Alleged Accessibility Barriers**

        Plaintiff James Rutherford alleges there are a number of accessibility barriers at the Property.  This Motion concerns nine (9) of the alleged barriers.  For the Court's convenience, the following chart itemizes all of the alleged barriers and denotes which of those alleged barriers are the subject of this Motion.  The chart distinguishes between barriers first alleged in the original Complaint and barriers first alleged in the First Amended Complaint because Plaintiff's putative expert, Kenneth Arrington, relied upon the original Complaint in assessing the Property and preparing his expert report; according to him, if a barrier was alleged in the original Complaint but not addressed in his expert report, it was because he did not believe it was a barrier.  The fact some alleged barriers are not at issue in this Motion merely reflects Defendants' belief that there is a dispute as to a material fact concerning those alleged barriers that precludes resolution via this Motion.

---

[1] There is also a *former* disabled parking stall on the *east* side of the convenience store.  This distinction bears on Alleged Accessibility Barrier Issue #8.

| Description of Alleged Barrier | Subject to this Motion? | Alleged Accessibility Barrier # in this Motion |
|---|---|---|
| **Alleged Barriers Raised in Original Complaint and First Amended Complaint** | | |
| Disabled parking stall does not comply with Section 302 of ADA Standards | Yes | #1 |
| Access aisle for disabled parking stall does not comply with Section 302 of ADA Standards | Yes | #2 |
| Disabled parking stall and access aisle are not at the same level | Yes | #3 |
| No accessible route from disabled parking stall to convenience store | Yes | #4 |
| Inadequate clear floor space in front of sales counter | Yes | #5 |
| Depth of sales counter does not comply with Section 904.4 of ADA Standards | Yes | #6 |
| **Alleged Barriers First Raised in Body of First Amended Complaint** | | |
| Slope of disabled parking stall exceeds what is allowed under ADA | No | |
| Length of the disabled parking stall exceeds what is allowed under ADA | Yes | #7 |
| Accessible route from the disabled parking stall to the convenience store has cross-slopes that exceed the maximum allowed under ADA | Yes | (Addressed as part of #4 above) |
| Purported "van accessible space" to the east side of the store does not have accessible signage | Yes | #8 |
| **Alleged Barriers First Raised in (and Only in) Exhibit A to First Amended Complaint[2]** | | |
| Property lacks "tow away" signage required under California Building Code | No | |
| "No Parking" is not painted on surface of access aisle for disabled parking stall | No | |
| Door to convenience store obstructs landing | No | |
| No accessible route from public sidewalk to convenience store | Yes | #9 |

---

[2] As of date of the filing of this Motion, there is a pending Motion to Strike Exhibit A from the First Amended Complaint, which is why this subsection exists.

2

Notice of Motion and Motion for Partial Summary Judgment
(2:19-cv-01448-JAK-FFMx)

## II.   Legal Argument

### A.   Standards for Partial Summary Judgment

The Court may grant partial summary judgment as to part of a claim if the pleadings and evidentiary materials show there is no genuine dispute issue as to any material facts bearing on that part and the movant is entitled to judgment on that part as a matter of law. Fed.R.Civ.P. 56(a), (c). The party seeking partial summary judgment bears the initial burden to show the basis for its motion and to identify those portions of the pleadings and the evidentiary materials that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where (as here) the nonmoving party will have the burden of proof on an issue (*e.g.*, the burden of proving an element at the Property is a barrier under the ADA), the moving party can even meet its initial burden by demonstrating that there is an absence of evidence to support the claim of the nonmoving party. *See Id.* at 324.  If the moving party meets its initial burden in moving for partial summary judgment, then the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  To defeat a partial summary judgment motion, the non-moving party may not merely rely on its pleadings. *Celotex,* 477 U.S. at 324.  Rather, the non-moving party must affirmatively present admissible evidence sufficient to create a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.

### B.   The ADA and Unruh Act

Plaintiff's First Amended Complaint alleges violations of the Americans with Disabilities Act ("ADA") (42 U.S.C. §§ 12101, *et seq.*) and California's Unruh Civil Rights Act (CA Civil Code §§ 51 *et seq.*) based upon alleged accessibility barriers at the Property.

To prevail on his ADA claim, Plaintiff must establish, *inter alia*, that (a) he is disabled, (b) Defendants own, lease or operate the Property and it is a place of public accommodation, and (c) Defendants "discriminated" against the Plaintiff within the meaning of the ADA.  To prove "discrimination", Plaintiff must prove, *inter alia*, that the Property has accessibility barriers. 42 U.S.C. §12182(b)(2)(A)(iv).  The ADA's implementing regulations, in turn, determine whether an item, condition or element of the Property is an accessibility barrier. There are two different but pertinent implementing regulations for purposes of this Motion: (1) the *1991 ADA Standards for Accessible Design* ("1991 ADA Standards"); and (2) the 2010 revisions thereto entitled *2010 ADA Standards for Accessible Design* ("2010 ADA Standards" or "ADA Standards").

This Motion only addresses the "barrier" aspect of Plaintiff's case (*i.e.*, whether an alleged barrier is, in fact, a barrier).  Plaintiff alleges there are a number of barriers at the Property.  However, for the reasons discussed below, it is undisputed that nine (9) of these alleged barriers are not barriers, and hence partial summary judgment should be granted in favor of the Defendants as to these nine (9) alleged barriers.

Since Plaintiff's Unruh Act claim is factually based entirely upon the same factual allegations underpinning Plaintiff's ADA claim (*see* First Amended Complaint (Exh. C, ¶38)), any conclusions that an alleged barrier is, in fact, not a barrier would also apply to Plaintiff's Unruh Act claim.

## C.    Nine (9) of the Alleged Barriers Are Not Barriers

For the Court's convenience, the following subsection numbering corresponds to the alleged barrier numbers in the chart above, as well as to the alleged barrier numbers in the Statement of Uncontroverted Facts (*e.g.*, Subsection 1 below corresponds to alleged barrier #1 in the chart above and in the Statement of Uncontroverted Facts).

Notice of Motion and Motion for Partial Summary Judgment
(2:19-cv-01448-JAK-FFMx)

### 1.      Disabled Parking Stall and Section 302

Plaintiff alleges in paragraph 14 of his First Amended Complaint that the disabled parking stall does not comply with Section 302 of the ADA Standards. UF #1.  Section 302 of the ADA Standards requires that surfaces be "stable, firm, and slip resistant", that "openings" (such as drainage grates) not be greater than ½ inch, and that "elongated openings" be oriented perpendicular to the dominant direction of travel.  Here, the surface of the disabled parking stall is constructed of asphalt, which is considered to be a stable, firm, and slip resistant surface. UF #2.  Also, the disabled parking stall does not have any drainage grates or other constructed elements that have openings. UF #3.

Furthermore, Plaintiff's putative expert, Kenneth Arrington, testified during his deposition that he used the allegations in the original Complaint as his guide in inspecting the Property and preparing his expert report and if he did not believe an alleged barrier in the Complaint was, in fact, a barrier, he did not discuss or include it in his expert report (*aka* the "Arrington Report"). UF #5.  Here, the allegation that the disabled parking stall violates Section 302 is in the Complaint (UF #1) yet not discussed in the Arrington Report (UF #4), thereby lending further support for Defendants' position that there is no genuine dispute that the disabled parking stall does not violate Section 302 of the ADA Standards.

### 2.      Access Aisle and Section 302

Plaintiff alleges in paragraph 14 of his First Amended Complaint that the access aisle for the disabled parking stall also does not comply with Section 302 of the ADA Standards. UF #6.  As explained in the immediately preceding section, Section 302 of the ADA Standards requires that surfaces be "stable, firm, and slip resistant", that "openings" (such as drainage grates) not be greater than ½ inch, and that "elongated openings" be oriented perpendicular to the dominant direction of travel.  Here, the surface of the access aisle for the

disabled parking stall is (like the disabled parking stall) constructed of asphalt, which is considered to be a stable, firm, and slip resistant surface. UF #7.  Also, the access aisle does not have any drainage grates or other constructed elements that have openings. UF #8.

Furthermore, this issue (*i.e.*, whether the access aisle violates Section 302) is not addressed in the Arrington Report (UF #9).  As previously stated, if Mr. Arrington believed there was a violation of Section 302, he would have addressed it in his report. UF #10.

### 3. Disabled Parking Stall and Access Aisle at Same Level

Plaintiff alleges in paragraph 14 of his First Amended Complaint that the disabled parking stall and access aisle are not at the same level and thus there is a barrier. UF #11.  Here, however, the disabled parking stall and its access aisle (which are adjacent to each other) are at the same level.  That is, both are on the same asphalt surface at the Property, adjacent to and flush against each other, and there is no step, ledge, or curb between the two elements. UF #12; *see also* Exhibit G.  Also, as with the Section 302 issue discussed above, this issue was alleged in the Complaint but never addressed in the Arrington Report, thus confirming that even Plaintiff's putative expert Mr. Arrington did not believe this allegation was a barrier. UF ## 13, 14.

### 4. Accessible Route from Disabled Parking Stall to Convenience Store

Plaintiff alleges in paragraph 14 of his First Amended Complaint that the route from the disabled parking stall to the convenience store is not accessible.  Furthermore, Plaintiff also alleges in paragraph 15 of this First Amended Complaint that along this route there is an area where the cross-slopes measure between 2.2% to 3% (in exceedance of the 2.08% limit).

Under the ADA and California Building Code ("CBC"), an "accessible route" is defined as a "continuous, unobstructed path".  Here, there

is a continuous, unobstructed asphalt pathway at least 36 inches wide from the disabled parking stall to the convenience store at the Property. UF #16. The "running slopes" of that asphalt pathway do not exceed 5% (the maximum allowed under the ADA and CBC). UF #17. Except for the one small area (discussed in the next sentence), the "cross slopes" of the asphalt pathway do not exceed 2.08% (the maximum allowed under the ADA or CBC). UF #18. For purposes of this Motion only, Defendants do not dispute that in one relatively small area (as alleged by Plaintiff), the cross-slopes ranges from 2.2% to 3%. *However*, if one measures the asphalt surface of the four feet immediately adjacent to and north of this small area (which four feet are still part of the path of travel), the cross-slopes there are under 2.08%. UF. #19. Hence, a disabled patron can travel from the disabled parking stall to the convenience store using the asphalt surface at the Property without needing to travel over any cross-slopes that exceed 2.08%, and thus it is undisputed there is an accessible route from the disabled parking stall to the convenience store.

### 5.     Clear Floor Space in Front of Sales Counter

Plaintiff alleges in paragraph 14 of his First Amended Complaint that the sales counter lacks sufficient clear floor space to allow for either a forward or parallel approach to the sales counter in the convenience store as required by the ADA Standards. UF #20. A "parallel approach" is when a patron is seated in their wheelchair parallel to a counter, as opposed to facing a counter perpendicular to a counter (which is known as a "forward approach").

Despite Plaintiff's allegation, it is undisputed that there is sufficient clear floor space in front of the sales counter as required by the ADA Standards. First, the ADA (including Section 904.4.1 of the ADA Standards) does not require that *both* a parallel and forward approach be possible to this sales counter; rather, one just must be able to make *either* a forward or parallel approach. UF #21; s*ee also* ADA Standard 904.4 (sales counter shall comply

with Section 904.4.1 [regarding parallel approach] *or* Section 904.4.2 [regarding forward approach]).  Second, under the ADA, in order to ensure there is clear floor space for a parallel approach, there just needs to be clear floor space that is greater than 30 inches by 48 inches in front of the sales counter. UF #22; s*ee also* ADA Standards 305.3 and 904.4.1.  Here, there is a clear floor space that is greater than 30 inches by 48 inches in front of the sales counter. UF #22; *see also* Exhibit H.  Furthermore, and as with several other issues discussed above, this issue was alleged in the Complaint but never addressed in the Arrington Report, thus confirming that even Plaintiff's putative expert Mr. Arrington did not believe this allegation was a barrier. UF ## 23, 24. In sum, it is undisputed the sales counter provides sufficient clear floor space for a parallel approach in satisfaction of the ADA Standards.

### 6.     Depth of Sales Counter

Plaintiff alleges in paragraph 14 of his First Amended Complaint that the sales counter violates the depth requirements of Section 904.4 of the ADA Standards. UF #25.  Section 904.4 provides that "[t]he accessible portion of the counter top shall extend the same *depth* as the sales or service counter top" (emphasis added).

Here, there are two portions of the sales counter, a lower accessible portion and a higher portion. *See* Exhibit I.  The lower portion is not more than 34 inches above the finished floor and is at least 36 inches long. UF ## 26, 27. Hence, the lower portion satisfies the height and length requirements of the ADA and CBC.  That said, Plaintiff's allegation is based upon the *depth* of the lower portion.  Defendants do not dispute that lower portion of the counter is not as deep as the higher portion of the counter.  However, the lower portion of sales counter is not required to be as deep as the higher portion because of the "safe harbor provision" of the ADA Standards.

Notice of Motion and Motion for Partial Summary Judgment
(2:19-cv-01448-JAK-FFMx)

Under the "safe harbor provision" of the 2010 ADA Standards, elements of a facility (*e.g.*, counters) that were installed or built before March 15, 2012 and that complied with the 1991 ADA Standards at such time, and which were not altered thereafter, are not required to be modified to meet any *new* requirements in the ADA Standards. *See* 28 C.F.R. Section 36.304(d)(2)(i). The depth requirement in Section 904.4 of the ADA Standards *first* appeared when the ADA Standards were promulgated in 2010. There was no depth requirement in the 1991 ADA Accessibility Guidelines, which were the predecessor to the 2010 ADA Standards. UF #30. Hence, presuming this sales counter (including the lowered portion of it) existed as of March 15, 2012 in its present configuration and has not been modified since then, the new depth requirement of Section 904.4 of the 2010 ADA Standards does not apply to this sales counter. UF #31. And, in fact, that is the case here. The sales counter (including the lower portion of it) has been in existence since March 15, 2012, and has not been modified since then. UF ## 28, 29. Thus, the lower portion of the sales counter is not subject to the new depth requirement in Section 904.4 of the 2010 ADA Standards.

We further note that, as has been discussed above on several issues, this is also an issue that was alleged in the Complaint yet not addressed in the Arrington Report because Plaintiff's own putative expert, Mr. Arrington, concluded it was not a barrier. UF ## 32, 33.

### 7.     Length of the Disabled Parking Stall

Plaintiff alleges in paragraph 15 of the First Amended Complaint that the disabled parking stall does not satisfy the length requirements in Section 502 of the ADA Standards. However, nothing in the ADA (including Section 502 of the ADA Standards) regulates the *length* of disabled parking stalls. UF #34. It is true the CBC (not the ADA) address the length of disabled parking stalls. However, Plaintiff alleges the length of the parking stall violates the ADA (not the CBC).

Notice of Motion and Motion for Partial Summary Judgment
(2:19-cv-01448-JAK-FFMx)

### 8.    Van Accessible Space at *East* Side of Store

Plaintiff alleges in paragraph 15 of the First Amended Complaint that that the "van accessible space at the east side the store" does not have accessible signage posted at the head of the stall.  Defendants do not dispute there is no accessible signage posted at the head of this stall.  However, this stall (which is on the *east* side of the convenience store) *is not a disabled parking stall*. UF #35. Hence it is not subject to the requirements of the ADA or CBC for disabled parking spaces. UF #36.  While this space was *formerly* a disabled parking space many years ago, any signs identifying it as such have been removed. UF #37.  The former blue paint striping on the surface of this space has been blacked out. UF #38.  While some of the black paint has worn off, thus allowing some of the former blue paint to be visible on the surface, this is not a violation of the ADA or CBC, nor does this make it a disabled parking stall. UF #39.  Lastly, Mr. Arrington testified during his deposition that he assumed this parking stall was not a disabled parking stall. UF #40.  Since it is undisputed this stall to the east of the convenience store is not a disabled parking stall, there is no violation of the ADA concerning it as alleged in the First Amended Complaint.

### 9.    Accessible Route from Sidewalk to Convenience Store

In the Arrington Report (attached as Exhibit A to the First Amended Complaint), it is alleged there is no accessible route from the public sidewalk to the convenience store.  During his deposition, Mr. Arrington admitted that since he could not find an accessible route, he concluded one did not exist. UF #41. However, there is an accessible route that one may take by entering onto the northeast portion of the Property directly from the sidewalk and then traversing south to the convenience store. UF #42; *see also* Exhibit J.  Along this route, one may travel from the public sidewalk to the convenience store without encountering a running slope greater than 5% or a cross-slope greater than 2.08%. UF #43.

Notice of Motion and Motion for Partial Summary Judgment
(2:19-cv-01448-JAK-FFMx)

There is no requirement that this route be marked on the pavement, identified with signs, or separated from vehicular traffic. UF #44.

**D.      Because The Foregoing Nine Alleged Accessibility Barriers Are Not Barriers, the Court Should Grant Partial Summary Judgment As To These Nine Alleged Barriers Under Plaintiff's First Cause of Action Under the ADA**

The only remedy available to Plaintiff for a violation of the ADA is injunctive relief; monetary damages are not available under the ADA. 42 U.S.C. §12188(a)(1); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).  However, since it is undisputed the nine alleged accessibility barriers identified above are not actual accessibility barriers under the ADA, there is nothing for the Court to order to change with respect to these nine alleged accessibility barriers. *See, e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983).  Accordingly, the Court should grant Defendants partial summary judgment as to these nine alleged barriers under Plaintiff's first cause of action under the ADA.

**E.      The Court Should Also Grant Partial Summary Judgment As to These Nine Alleged Barriers under Plaintiff's State Law Claim**

In addition to Plaintiff's federal ADA claim, the Plaintiff also asserts one state law claim (in its second cause of action) under the California Unruh Act.  Plaintiff's Unruh Act claim is factually based entirely upon the same factual allegations underpinning Plaintiff's ADA claim. *See* First Amended Complaint (Exh. C, ¶38).  Hence, once the Court concludes it is undisputed the aforementioned nine alleged barriers are, in fact, not barriers, Plaintiff's claim under the Unruh Act, to the extent it is based upon these nine alleged barriers, must also fail.

**III.    Conclusion**

      For the reasons stated above, the Court should grant partial summary judgment in favor of the Defendants and against the Plaintiff with respect to the nine (9) alleged barriers discussed above.

Dated: January 13, 2020          Hinson Gravelle & Adair LLP

                                    <u>s/ Douglas Gravelle</u>
                                    Douglas A. Gravelle, Attorneys for Thrifty Oil Co. and Tesoro Refining & Marketing Company LLC

Notice of Motion and Motion for Partial Summary Judgment
(2:19-cv-01448-JAK-FFMx)