**Exhibit C**

1  Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
2  **MANNING LAW, APC**
   20062 S.W. Birch Street, Suite 200
3  Newport Beach, CA 92660
   Office: (949) 200-8755
4  DisabilityRights@manninglawoffice.com

5

6

7  Attorney for Plaintiff:  JAMES RUTHERFORD

8

9              UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

11

12  JAMES RUTHERFORD, an         Case No. 2:19-cv-01448-JAK-FFM
    individual,
13                               **First Amended Complaint For**
14         Plaintiff,            **Damages And Injunctive Relief For:**

15  v.                          1. **VIOLATIONS OF THE**
16                                 **AMERICANS WITH DISABILITIES**
                                   **ACT OF 1990, 42 U.S.C. §12181** *et*
17  USA GAS, a business of unknown **seq.** **as amended by the ADA**
    form; THRIFTY OIL CO., a     **Amendments Act of 2008 (P.L. 110-**
18  California corporation; and DOES 1- **325).**
    10, inclusive,
19                              2. **VIOLATIONS OF THE UNRUH**
20                                 **CIVIL RIGHTS ACT, CALIFORNIA**
           Defendants.            **CIVIL CODE § 51** *et seq.*
21

22

23      Plaintiff, JAMES RUTHERFORD ("Plaintiff"), complains of Defendants

24  USA GAS, a business of unknown form; THRIFTY OIL CO., a California

25  corporation; and DOES 1-10 ("Defendants") and alleges as follows:

26                            **PARTIES:**

27      1.      Plaintiff is an adult California resident.  Plaintiff is substantially limited

28  in performing one or more major life activities, including but not limited to:

                                 1

walking, standing, ambulating, sitting, in addition to twisting, turning, and grasping objects. As a result of these disabilities, Plaintiff relies upon mobility devices, including at times a wheelchair, to ambulate. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

2.     Defendant THRIFTY OIL CO., a California corporation;, owned the property located at 401 E 6th Street, Beaumont, California 92223 ("Property") on January 18, 2018 and May 17, 2018.

3.     Defendant THRIFTY OIL CO., a California corporation, owns the Property currently.

4.     USA GAS, a business entity form unknown, owned, operated and controlled the business of USA GAS ("Business") on January 18, 2018 and May 17, 2018.

5.     USA GAS, a business entity form unknown, owns, operates and controls the Business currently.

6.     Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the Property and Business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend

when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

8.     This court has supplemental jurisdiction over Plaintiff's non-federal claims pursuant to 28 U.S.C. § 1367, because Plaintiff's Unruh Civil Rights Act, California Civil Code § 51 *et seq*., ("UCRA") claims are so related to Plaintiff's federal ADA claims in that they have the same nucleus of operative facts and arising out of the same transactions, they form part of the same case or controversy under Article III of the United States Constitution.

9.     Venue is proper in this court pursuant to 28 U.S.C. §1391 because the Property which is the subject of this action is located in this district and because Plaintiff's causes of action arose in this district.

## FACTUAL ALLEGATIONS

10.     Plaintiff went to the Business on or about January 18, 2018 and May 17, 2018 for the dual purpose of purchasing gasoline for his vehicle and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning of federal and state law.

11.     The Business, including the Property, is a facility open to the public, a place of public accommodation, and a business establishment.

12.     Parking spaces are some of the facilities, privileges, and advantages reserved by Defendants to persons patronizing the Business and Property.

13.     Unfortunately, although parking spaces were some of the facilities reserved for patrons, there were barriers for persons with disabilities that cause the named facilities to fail as to compliance with the Americans with Disability Act Accessibility Guidelines ("ADAAG") on or around January 18, 2018 and May 17, 2018, or at any time thereafter up to and including, the date of the filing of this First

1    Amended Complaint.

2        14.    At each time, instead of having architectural barrier free facilities for

3    patrons with disabilities, Plaintiff experienced the following at the Business and

4    Property: parking spaces and access aisles serving them shall comply with 302.

5    Access aisles shall be at the same level as the parking spaces they serve. Changes in

6    level are not permitted; there is no accessible route connecting the parking to the

7    main entrance or elements within the facility as required by Section 206.2.2 which

8    requires that at least one accessible route shall connect accessible buildings,

9    accessible facilities, accessible elements, and accessible spaces that are on the same

10   site; and, the sales counter does not provide for accessibility as required by Section

11   904.4.1 for either a parallel or forward approach. The accessible portion of the

12   counter top shall extend the same depth as the sales or service counter top per

13   Section 904.4.

14       15.    On May 8, 2019, a Certified Access Specialist ("CASp") inspected the

15   Subject Property and identified the following barriers at the Business and Property[1]:

16   the accessible parking space at the west side of the Property contains an uneven

17   surface with slopes measuring between 3.8% and 5.0% (Section 502.4); the slope at

18   the accessible parking at the west side of the store contains an uneven surface with

19   slopes measuring between 2.5% and 4.4% (Section 502.4); the accessible parking

20   space at the west side of the measures 210 ½" in length, serving a 271" long access

21   aisle, which does not extend the full required length (Section 502.1; 502.2; 502.3.1);

22   there is a cross slope on the accessible route from the accessible parking area on the

23   west side of the store to the main entrance of the Business that measures between 2.2

24   and 3.0%, exceeding the maximum allowed (Section 403.3); and the van accessible

25   space at the east side of the store does not have accessible signage posted at the head

26   of the space (Section 502.6).

27       16.    Plaintiff is informed and believes and thereon alleges that, currently,

28   _____

[1] See attached as Exhibit A the "CASp Inspection" prepared for the Subject Property by Kenneth Arrington, dated
May 8, 2019.

FIRST AMENDED COMPLAINT

there are no compliant, accessible Business facilities designed, reserved and available to persons with disabilities at the Business in addition to that alleged *supra*.

17.    Plaintiff is informed and believes and thereon alleges that Defendants had no policy or plan in place to make sure that the parking spaces were compliant for persons with disabilities and remained compliant prior to January 18, 2018 and May 17, 2018.

18.    Plaintiff is informed and believes and thereon alleges Defendants have no policy or plan in place to make sure that the complaints of violations alleged above are available to persons with disabilities and remain compliant currently.

19.    Plaintiff personally encountered above alleged barriers when attempting to access the Business and Property.   The presence of these barriers related to Plaintiff's disability denies Plaintiff his right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA.

20.    The conditions identified *supra* in paragraphs 14 and 15 are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, ambulating, sitting, and grasping objects and is the holder of a disabled parking placard and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible path to the accessible entrance, relate to the width of the accessible path to the accessible entrance, and relate to the safety of the accessible path to the accessible entrance.

21.    As an individual with a mobility disability who at times relies upon a wheelchair and other mobility devices, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

22.    Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the

dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law.

23.     As a result of his difficulty experienced because of the inaccessible condition of the facilities of the Business, Plaintiff was denied full and equal access to the Business and Property.

24.     Upon being informed that the public place of accommodation has become *fully and equally accessible, he will return within 45 days as a "tes*ter" for the purpose of confirming their accessibility.  *Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

25.     The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

26.     The violations identified above are easily removed without much difficulty or expense.  They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove.  Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

27.     Given the obvious and blatant violation alleged hereinabove, the Defendants are on notice that Plaintiff seeks to have all barriers related to their disabilities remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

28.     Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the

defendants exercised control and dominion over the conditions at this location, and therefore, (3) the lack of accessible facilities was not an accident because had the defendants intended any other configuration, they had the means and ability to make the change.

29.    Without injunctive relief, Plaintiff will continue to be unable to fully access Defendants' facilities in violation of Plaintiff's rights under the ADA.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq*. as amended by the ADA Amendments Act of 2008 (P.L. 110-325)

30.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this First Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

31.    Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a.    A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b.    A failure to remove architectural barriers where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D".

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

32. Any business that provides parking spaces must provide accessible parking spaces. 2010 Standards § 208. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards § 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. Id. No more than a 1:48 slope is permitted. Standards § 502.4.

33. Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

34. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

35. Given its location and options, Plaintiff will continue to desire to patronize the Business but he has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seek injunctive relief to remove the barriers.

////

////

////

8

# SECOND CAUSE OF ACTION

# VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*

36.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this First Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

37.     California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendants are systematically violating the UCRA, Civil Code § 51 *et seq.*

38.     Because Defendants violate Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages.  (Civ. Code § 51(f), 52(a).)   These violations are ongoing.

39.     Defendants' actions constitute discrimination against Plaintiff on the basis of their individual disabilities, in violation of the UCRA, Civil Code § 51 *et seq.*   Plaintiff is informed and believes and thereon alleges Defendants have been previously put on actual notice that its premises are inaccessible to Plaintiff as above alleged.  Despite this knowledge, Defendants maintain the Property and Business in an inaccessible form.

# PRAYER

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1.     A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and UCRA, Civil Code § 51 *et seq.* with respect to its operation of the Business and Subject Property; **Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.**

2.     An award of actual damages and statutory damages of not less than

$4,000 per violation pursuant to § 52(a) of the California Civil Code and $4,000 for each time he visits an establishment that contains architectural barriers that deny the Plaintiff of full and equal enjoyment of the premises (*Feezor v. Del Taco, Inc.* (2005) 431 F.Supp.2d 1088, 1091.)

3. An additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016);

4. For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205; California Civil Code § 52;

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully request a trial by jury on all appropriate issues raised in this First Amended Complaint.


Dated: August 12, 2019      **MANNING LAW, APC**


By: /s/ Joseph R. Manning Jr., Esq.
     Joseph R. Manning Jr., Esq.
     Attorney for Plaintiff

# ARCHITECTURAL BARRIERS LIST (ABL)

| Surveyor: Kenneth Arrington CASp #628 |
| --- |

**Name: USA Gas**
**Attn: Manning Law Offices**

**Address: 401 E. 6th Street, Beaumont, Ca.**

Survey Date: 5/8/2019

*This determination did not include an assessment of Readily Achievable Barrier Removal. A review of the Business financials should be performed to assess what items may, or may not, be readily achievable. Property Owner shall provide me a schedule when Barriers will be removed for a follow-up inspection for certification.

BARRIER REVIEW PHASE - Enter appropriate responses in all cells in the two columns below.

BARRIER REMOVAL PHASE - Enter appropriate responses in all three columns below.

| ABL # | Bldg/Room ID | Location | ADAS / CBC Reference | Finding | Recommendation(s) | Surveyor's Notes | Photos | Cost Estimate | Readily Achievable Y/N | Estimated Removal Date | Barrier Removal Notes | Barrier Removal Date | Barrier Removal Photo Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00001 | Exterior | Accessible Parking | 11B-502.8.2 | THERE IS NO TOW AWAY SIGNAGE PROVIDED AT PARKING LOT ENTRANCES, AND/OR IMMEDIATELY ADJACENT TO ACCESSIBLE SPACE. <br><br> UNAUTHORIZED VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES NOT DISPLAYING DISTINGUISHING PLACARDS OR SPECIAL LICENSE PLATES ISSUED FOR PERSONS WITH DISABILITIES WILL BE TOWED AWAY AT THE OWNER'S EXPENSE TOWED VEHICLES MAY BE RECLAIMED AT YOUR ADDRESS HERE OR BY TELEPHONING 000-123-456 | Provide a new sign(s) at entry to parking facility or immediately adjacent to and visible from accessible spaces: Size required to be 17" minimum x 22" minimum with 1" high minimum letters reading: <br><br> "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or special license plates issued for persons with disabilities will be towed away at the owner's expense. Towed vehicles may be reclaimed at ____or by telephoning____." | 11B-502.8.2 Lettering. The additional sign shall clearly state in letters with a minimum height of 1" the following: "Unauthorized" vehicles parked in designated accessible spaces not displaying distinguishing placards or speciallicense plates issued for persons with disabilities will be towed away at the owner's expense. Towed vehicles may be reclaimed at _____ or by telephoning _____." Blank spaces shall be filled in with appropriate information as a permanent part of the sign. | #213, 214, 215, 216, 217, 218, 219, 220 | | | | | | |
| 00002 | Exterior | Accessible Parking at West Side of Store | 4.6.3 CA11B-502.4 502.4 | SLOPE IN **ACCESSIBLE SPACE** MEASURES BETWEEN 3.8 - 5.0% CAUSED BY UNEVEN SURFACE <br><br> Slope of accessible parking space in any direction exceeds 2.08%, and Changes in level are not permitted: | Resurface existing slopes at accessible parking spaces and aisles to ensure that the maximum slopes measure no greater than 2.08% grade. Install compliant striping. | Consider blacking out all accessible striping at this location and resurface and restripe accessible space at the east side of the store. The location at the west side can be turned into one or two standard parking spaces instead. | #4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 | | | | | | |
| 00003 | Exterior | Accessible Parking at West Side of Store | 4.6.3 CA11B-502.4 502.4 | SLOPE IN **ACCESSIBLE SPACE** MEASURES BETWEEN 2.5 - 4.4% CAUSED BY UNEVEN SURFACE <br><br> Slope of accessible parking space in any direction exceeds 2.08%, and Changes in level are not permitted: | Resurface existing slopes at accessible parking spaces and aisles to ensure that the maximum slopes measure no greater than 2.08% grade. Install compliant striping. | Coordinate with ABL #00002 | #32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45 | | | | | | |
| 00004 | Exterior | Accessible Parking at West Side of Store | CA11B-502.3.3 | "NO PARKING" WORDS ARE NOT PAINTED AT THE REAR OF THE ACCESSIBLE AISLE IN A MANNER THAT IS VISIBLE TO TRAFFIC ENFORCEMENT OFFICIALS <br><br> "NO PARKING" words are not painted in the access aisle: | Restripe with minimum 12" high letters, the words "NO PARKING" must be painted in white in each access aisle and located so that it is visible to traffic enforcement officials. | | #45, 46 | | | | | | |

| ABL # | Bldg/Room ID | Location | ADAS / CBC Reference | Finding | Recommendation(s) | Surveyor's Notes | Photos | Cost Estimate | Readily Achievable Y/N | Estimated Removal Date | Barrier Removal Notes | Barrier Removal Date | Barrier Removal Photo Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00005 | Exterior | Accessible Parking at West Side of Store | 4.6.3 CA11B-502.1, CA11B 502.2, CA11B-502.3.1 502.1, 502.2, 502.3.1 | ACCESSIBLE SPACE: **210 1/2" LENGTH,** 271" LONG ACCESS AISLE FOR SPACE  Accessible parking space(s) is less than 216" long and/or Access aisle does not extend the full required length of the parking spaces they serve. | Re-stripe existing parking spaces as necessary to provide 216" minimum length van parking space along with an access aisle which extends the the full required length of the parking space it serves. Outline access aisle in blue (no specific color specified) and paint hatching a contrasting color from the parking space (white or blue is preferred) at 36" on center. Include the words "No Parking" with 12" minimum high letters on the pavement per Title 24. | Opposing Counsel indicated that this is the access parking space. However there is an old faded Van Accessible Parking space that is extremely faded and should be rehabilitated as the only Accessible Parking Space. If this parking space was the only space, it would be considered as another Non-compliant barrier as the first parking space is always required to be a Van Accessible space (see Pictures 58, 59, 60). | #69, 70, 71, 72 | | | | | | |
| 00006 | Exterior | Accessible Route extending from Parking at West Side of Store to Main Entrance | 1991 ADA 4.3.7 2010 ADAS 403.3 2016 CBC 11B-403.3 | Slope - The running slope of walking surfaces shall not be steeper than 1:20 (5.0%). The cross slope of walking surfaces shall not be steeper than 1:48 (2.0%).  *Cross slope measures between 2.2 - 3.0%. | Saw cut, remove and replace the existing concrete/asphalt with a new compliant surface ensuring slopes slopes do not exceed 1:48 (2.08% Cross Slope). | | #75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94 | | | | | | |
| 00007 | Exterior | Main Entrance | CA11B-405.7.5 405.7.5 | DOOR REDUCES LANDING LENGTH TO APPROXIMATELY 20" + DOOR REDUCES THE WIDTH OF LANDING TO ONLY 29" WIDE WHEN DOOR IS FULLY OPEN  Outswinging door in fully open position reduces the landing length to less than 42", and reduces the required ramp landing width by more than 3": | Alter and increase landing size as required, or render the door closest to the ramp run to be inactive for use. | | #115, 116, 117 | | | | | | |
| 00008 | Exterior | Accessible Route from Public Right-of-Way | 4.1.2(1), 4.3.2(1) CA11B-206.2.1 206.2.1 | NO ACCESSIBLE ROUTE TO PUBLIC RIGHT-OF-WAY EXTENDS TO THE ENTRANCE  Exterior route(s) connecting public transportation, accessible parking, passenger loading zone and/or public streets or sidewalks to accessible entrance(s) is(are) not accessible (an accessible route is not required between site arrival points and the building facility or entrance if the only means of access between them is a vehicular way not providing pedestrian access): | Alter existing exterior route to provide a new walkway ensuring slopes of 1:20 (5%) or less. Walkway should extend from the city sidewalk to the walkway extending to the Main entrance. Walkway should provide a cross-hatched path, and truncated domes at any location where a pedestrian enters into any vehicular areas. | | #2, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224 | | | | | | |

| ABL # | Bldg/Room ID | Location | ADAS / CBC Reference | Finding | Recommendation(s) | Surveyor's Notes | Photos | Cost Estimate | Readily Achievable Y/N | Estimated Removal Date | Barrier Removal Notes | Barrier Removal Date | Barrier Removal Photo Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 00009 | Exterior | Van Accessible Space at East Side of Store | 11B-502.2 11B-502.3.3 | ACCESSIBLE PARKING SPACE AND AISLE ARE BADLY FADED. ACCESSIBLE SPACE: 207" LENGTH, 210 1/2" LONG ACCESS AISLE FOR SPACE<br><br>Car and van parking spaces shall be 216" long minimum. Car parking spaces shall be 108" wide minimum and van parking spaces shall be 144" wide minimum, **shall be marked to define the width, and shall have an adjacent access aisle** complying with Section 11B-502.3. | Resurface existing slopes at accessible parking spaces and aisles to ensure that the maximum slopes measure no greater than 2.08% grade. Install compliant striping. | | #186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 208, 209 | | | | | | |
| 00010 | Exterior | Van Accessible Space at East Side of Store | CA11B-502.3.3 502.3.3 | ACCESS AISLE HATCHING ARE BADLY FADED, AND THEREFORE ARE NOT VISIBLE<br><br>Border of access aisle is painted blue and/or hatching within the access aisle is not painted a contrasting color from the parking space at 36" MAXIMUM on center: | RESURFACE EXISTING SLOPES. Outline access aisle in blue and paint hatching a contrasting color from the parking space (blue is preferred) at 36" MAXIMUM on center. | | #197, 198, 199, 200, 201, 202, 203, 204, 205 | | | | | | |
| 00011 | Exterior | Van Accessible Space at East Side of Store | CA11B-502.3.3 | "NO PARKING" WORDS ARE BADLY FADED, AND THEREFORE ARE NOT VISIBLE TO TRAFFIC ENFORCEMENT OFFICIALS<br><br>"NO PARKING" words are not painted in the access aisle: | Restripe with minimum 12" high letters, the words "NO PARKING" must be painted in white in each access aisle and located so that it is visible to traffic enforcement officials. | | #206, 207 | | | | | | |
| 00012 | Exterior | Van Accessible Space at East Side of Store | 4.6.4 CA11B-502.6 502.6 | NO ACCESSIBLE SIGNAGE HAS BEEN POSTED AT THE HEAD OF THE PARKING SPACE<br><br>Parking space identification signs shall include the International Symbol of Accessibility complying with 703.7.2.1. Signs identifying van parking spaces shall contain the designation "van accessible." Signs shall be 60" minimum above the finish floor or ground surface measured to the bottom of the sign. | Provide and install new standard Accessible Parking signage including the International Symbol of Accessibility in white on a blue background. Ensure to provide the $250 Fine Signage as well. |  | #210, 211 | | | | | | |





































































77



78



79



80







89



90



91



92





97

98

99

100



101



102



103



104



105



106



107



108













129



130



131



132





137



138



139



140





145



146



147



148



149

150

151

152



153

154

155

156



157

158

159

160



161



162



163



164





169

170



171

172











189

190

191

192



























217

218



219



220



221

222

223

224



225

226

227

228



229

230



231



232



233



234



235



236



237



238



239