Douglas A. Gravelle (SBN 166110)
Hinson Gravelle & Adair LLP
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: 661-294-0116
Facsimile: 661-294-0134
gravelle@hinsongravelle.com

Attorneys for Defendants Thrifty Oil Co. and
Tesoro Refining & Marketing Company LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JAMES RUTHERFORD, an individual,

      Plaintiff,

  vs.

USA GAS, a business of unknown form; THRIFTY OIL CO., a California corporation; and Does 1-10, inclusive,

      Defendants.

Case No.: **2:19-cv-01448-JAK-FFMx**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Hon. John A. Kronstadt

Action Filed: 12/20/18
Trial Date: Not Set Yet

Hearing Date: April 20, 2020
Hearing Time: 8:30 a.m.
Hearing Courtroom: 10B

# TABLE OF CONTENTS

I.  Summary ........................................................................................... 1

II.  Background ...................................................................................... 2

   A.  The Property and the Parties ..................................................... 2

   B.  A Few Prefatory Notes About the Motion ................................ 3

III.  Legal Argument .............................................................................. 4

   A.  Pertinent Summary Judgment Standards ................................... 4

   B.  The Claims in Plaintiff's First Amended Complaint
      and the Elements Plaintiff Must Establish to Prevail
      On Such Claims ......................................................................... 5

      1.  ADA Claim ........................................................................ 5

      2.  Unruh Act Claim ............................................................... 7

   C.  Plaintiff's Motion Fails for Not Providing Any Evidence
      That Any Barrier Was Created by a Post-January 26, 1992
      Alteration or That Removal of Any Alleged Barrier is
      "Readily Achievable" ................................................................. 8

   D.  Viewing Just the Evidence Before the Court, There is a
      Factual Dispute as to Whether Plaintiff Was Disabled
      When He Went to The Property in 2018 ................................... 9

      1.  Evidence Offered by Plaintiff ......................................... 10

      2.  Plaintiff's Deposition Testimony .................................... 11

   E.  There Are Genuine Factual Disputes as to Whether Each
      Alleged Accessibility Barrier Is, in Fact, A Barrier ............... 12

      1.  Disabled Parking Stall and Access Aisle ....................... 12

         a.  "Uneven Surface" ................................................... 12

         b.  Slopes in Disabled Parking Stall and Access Aisle ............... 14

i

2.  Accessible Route from Disabled Parking Stall to Convenience Store ............................................................ 14

3.  Clear Floor Space in Front of Sales Counter ................................ 15

4.  Depth of Sales Counter .................................................. 16

5.  Length of the Disabled Parking Stall ............................................. 17

6.  Van Accessible Space at *East* Side of Store ................................. 18

7.  Accessible Route from Sidewalk to Convenience Store .............. 18

F.  Even if There Was an Accessibility Barrier at the Property, Plaintiff Has Failed to Provide Any Evidence That He Encountered an Accessibility Barrier at the Property As Required by the ADA ........................................................ 19

G.  Even if There was a Violation of the ADA, Plaintiff Has Failed to Provide Any Evidence He Was Denied Full and Equal Access to the Property Under the Unruh Act .......................... 20

H.  Even if the Court Concludes Plaintiff Was Denied Full and Equal Access to the Property Under the Unruh Act on One Occasion, A Factual Dispute Exists Whether Plaintiff is Entitled to More than $4,000 in Statutory Damages ..................... 21

I.   The Scope of the Injunctive Relief Sought Is Not Proper ................. 23

IV.  Conclusion.............................................................. 24

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Ambat v. City & County of San Francisco*, 757 F.3d 1017
(9th Cir. 2014) ................................................................................ 5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........................... 4, 5, 17

*Arizona ex. rel. Goddard v. Harkins Amusement Enters., Inc.*,
603 F.3d 666 (9th Cir. 2010) ............................................................ 6

*Bates v. United Parcel Service*, 511 F.3d 974 (9th Cir. 2007) ....................... 10

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939
(9th Cir. 2011) ..................................................................... 6, 19, 23

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ....................... 4, 12, 17, 18

*CH2O, Inc. v. Meras Eng'g, Inc.*, 2017 U.S. Dist. LEXIS
66946 (C.D. Cal. 2017) ................................................................. 23

*Che v. Boatman-Jacklin, Inc.*, 2019 U.S. Dist. LEXIS
135883 (N.D. Cal. 2019) ................................................................. 9

*Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156 (9th Cir. 1992)...................... 5

*Colorado Cross Disability Coalition v. Hermanson Family, Ltd.*,
264 F.3d 999 (10th Cir. 2001) ..................................................... 8, 9

*Dennis v. Airport Chevrolet, Inc.*, 2014 U.S. Dist. LEXIS
22893 (D. Or. 2014) .................................................................... 11

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008) ..................... 8, 12, 14

*Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075
(9th Cir. 2004) ............................................................................ 4

*Greenwood v. F.A.A.*, 28 F.3d 971 (9th Cir. 1994)................................... 4

*Head v. Glacier NW, Inc.*, 413 F.3d 1053 (9th Cir. 2005)......................... 10

*Johnson v. Kuo Lin*, 2015 U.S. Dist. LEXIS 56397 (E.D. Cal. 2015) ........... 22

*Johnson v. Wayside Prop.*, 41 F.Supp.3d 973 (E.D. Cal. 2014)................... 22

*Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064 (9th Cir. 2015)..................... 7, 20

*Lang v. Oregon Shakespeare Festival Ass'n*, 738 Fed. Appx.
381 (9th Cir. 2018) ................................................................. 10, 11

iii

*Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831 (N.D. Cal. 2011).................. 9

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099
   (9th Cir. 2000) ............................................................. 5

*Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011) ........................... 7

*Prater v. Oliver*, 2008 U.S. Dist. LEXIS 79735 (E.D. Cal. 2008) ............... 23

*Rutherford v. Cesar's Mexican Rest., LLC*, 2019 U.S. Dist.
   LEXIS 150782 (S.D. Cal. 2019) ........................................ 23

*Rutherford v. Econolodge*, 2019 U.S. Dist. LEXIS
   31525 (S.D. Cal. 2019) ................................................ 19

*Stormans, Inc. v. Selecky*, 586 F.3d 1109 (9th Cir. 2009) ........................... 23

*Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978 (9th Cir. 2007) ............. 5, 12

*Thompson v. Holy Family Hospital*, 121 F.3d 537 (9th Cir. 1997).................. 9

*Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184 (2002) .................... 10

*United States v. Dunkel*, 927 F.2d 955 (7th Cir. 1991)................................ 4

*Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998, 1010 (C.D. Cal. 2014).............. 9

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052 (9th Cir. 2005)............ 10

*Yates v. Sweet Potato Enterprises, Inc.*, 2014 U.S. Dist. LEXIS
   155418 (N.D. Cal. 2014) ...................................... 7, 20, 21

**<u>Statutes</u>**

United States Code:
   42 U.S.C. Sections 12101 *et seq.* (Americans with Disabilities Act) ........... 5

   42 U.S.C. Section 12102 ........................................ 6, 9

   42 U.S.C. Section 12181 ........................................... 6

   42 U.S.C. Section 12182 ........................................... 6

   42 U.S.C. Section 12183 ........................................... 6

   42 U.S.C. Section 12188 ........................................... 7

California Civil Code:
   Sections 51 *et seq.* (California Unruh Civil Rights Act).............................. 5

   Section 51 ........................................................ 7

   Sections 55.56.................................................. 7, 20, 21

iv

**Federal Regulations**

28 CFR §35.151 ............................................................. 14

28 CFR §36.304 ........................................................ 6, 16

29 CFR §1630.2 ................................................... 9, 10, 11

ADA Standards, Section 302 ................................... 1, 12, 13

ADA Standards, Section 305.3 ...................................... 15

ADA Standards, Section 502 ......................................... 17

ADA Standards, Section 904.4 .................................. 15, 16

ADA Standards, Section 904.4.1 .................................... 15

ADA Standards, Section 904.4.2 .................................... 15

**Federal Rules of Civil Procedure**

Fed.R.Civ.P. 56 ..................................................... 4, 17

**Judicial Council of California California Jury Instructions (CACI)**

3070 ................................................................. 7, 20

**Local Rules**

L.R. 56.1 .............................................................. 4

v

# LIST OF EXHIBITS

Attached to Gravelle Declaration

      Exhibit A - Photograph of Property with Notes Thereon

      Exhibit B - Original Complaint

      Exhibit C - First Amended Complaint

      Exhibit D - 2019 Photograph of Sales Counter

      Exhibit E - Excerpts from Deposition Transcript for Kenneth Arrington

      Exhibit F - Arrington Report

      Exhibit L - Excerpts from Deposition Transcript for James Rutherford

Attached to Casper Declaration

      Exhibit G - Photograph of Disabled Parking Stall and Access Aisle

      Exhibit H - Photographs of Clear Floor Space in Front of Sales Counter

      Exhibit I - Photographs of Sales Counter

      Exhibit J - Photographs of Accessible Route from Sidewalk to Store

Attached to Malasavage Declaration

      Exhibit K - 2012 Photograph of Sales Counter

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendants Thrifty Oil Co. and Tesoro Refining & Marketing Company LLC (collectively, "Defendants") respectfully submit this Memorandum of Points and Authorities in Opposition to Plaintiff James Rutherford's ("Plaintiff" or "Rutherford") Motion for Summary Judgment ("Motion").

## I.    Summary

Plaintiff's entire Motion should be denied for one very simple reason: nowhere in the Motion has Plaintiff provided any evidence that any alleged accessibility barrier was created by a post-January 26, 1992 alteration or that removal of any alleged accessibility barrier is "readily achievable".  Since such evidence is necessary to establish that an alleged accessibility barrier fails to meet the Americans with Disabilities Act's ("ADA") substantive standards, and since the burden of establishing a violation of those standards is upon Plaintiff, the Motion must fail as a matter of law. *See* Section III.C *infra*.

Furthermore, the Motion should be denied for each and every one of the following three reasons:

i.    There is a factual dispute as to whether Plaintiff had a physical impairment that substantially limited a major life activity in 2018 when Plaintiff purportedly visited the Property.  This factual dispute arises because Plaintiff offered only conclusory statements in his declaration about his impairment, and because of Plaintiff's admissions regarding the same during his deposition. *See* Section III.D *infra*.

ii.    There a factual dispute about whether each alleged accessibility barrier is, in fact, a barrier.  In fact, the evidence shows that, except for the slope of the disabled parking stall and its access aisle, the alleged accessibility barriers are not barriers at all under the ADA Standards (hence, Defendants' concurrently-filed Motion for Partial Summary Judgment).  More specifically, the undisputed facts show that (a) the disabled parking stall and access aisle do not violate Section 302

of the ADA Standards and are otherwise "flush" with each other, (b) there is an accessible route from the disabled parking stall to the convenience store, (c) there is the required clear floor space in front of the sales counter, (d) the depth of the lower accessible portion of the sales counter is allowed under the ADA's "safe harbor provision", (e) the length of the disabled parking stall does not violate the ADA, (f) the space on the *east* side of the store is not a disabled parking stall, and (g) there is an accessible route form the sidewalk to the convenience store.  As for the slopes of the disabled parking stall and access aisle (about which there is no factual dispute), Plaintiff has nonetheless failed to establish these slopes constitute a barrier under the ADA because (as discussed above), Plaintiff has not offered any evidence on whether these slopes were created by a post-January 26, 1992 alteration or that removal of the same is "readily achievable". *See* Sections III.E.1-7 *infra*.

     iii. Due to Plaintiff's factually-devoid declaration, Plaintiff has failed to provide any evidence showing that he encountered (or was deterred from returning to the Property on any particular occasion because of) any accessibility barrier at the Property, as required by the ADA and Unruh Act. *See* Sections III.F and III.G *infra*.

     Lastly, and certainly without conceding any of the foregoing, there is also a factual dispute as to the amount of statutory damages Plaintiff may be entitled to recover under the Unruh Act, and the scope of the injunctive relief sought in the Motion is not proper. *See* Sections III.H and III.I *infra*.

## II. Background

### A. The Property and the Parties

     This case concerns alleged accessibility barriers at 401 East 6th Street, Beaumont, California ("Property").  The Property is improved with a USA-branded service station that includes a convenience store.  Thrifty Oil Co. ("Thrifty Oil") holds a fee interest in the Property, and Tesoro Refining & Marketing

Company LLC ("Tesoro"), which was incorrectly sued as the non-existent entity "USA Gas", holds a leasehold interest in the Property.

The Property has been improved with the gasoline service station (including convenience store) that exists today since at least 1989 when Thrifty Oil acquired its fee interest in the Property. UF ## 61, 62.

There is one disabled parking stall (and an associated access aisle for it) located on the *west* side of the convenience store.[1]   Attached as Exhibit A to the Declaration of Douglas Gravelle is a photograph of the Property with notes thereon depicting various parts of the Property that are discussed in this Opposition.

## B.   A Few Prefatory Notes About the Motion

First, some points of clarification of statements by Plaintiff's counsel in the Motion.   Contrary to Plaintiff's claim in the Motion (at Dkt. 40, 2:13-15), the Court never ordered an Early Neutral Evaluation ("ENE") in this case and an ENE was never conducted, on April 2, 2019 or any other date. Hence, Defendants' counsel was never "absent" from an ENE in this case.   Also, the non-sensical statement in the Motion (at Dkt. 40-1, 11:1-2) that "Defendants do not dispute in their moving papers that removal of all barriers to access on the Property are not readily achievable" is incorrect since Defendants did not file the Motion's moving papers (Plaintiff did).   We presume both of the foregoing misstatements are due to "boilerplate" language that Plaintiff's counsel inadvertently failed to remove when drafting the Motion.

Second, and more substantively, there is a large dichotomy between the large number of issues mentioned in various portions of the Motions and the much smaller set of issues specifically set forth in Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law.   Defendants urge the Court to restrict its consideration of the Motion to what is set forth in Plaintiff's Statement

---

[1] There is also a *former* disabled parking stall on the *east* side of the convenience store.

of Uncontroverted Facts and Conclusions of Law. The Local Rules require Plaintiff to set forth all material facts about which Plaintiff contends there is no dispute. Local Rule 56-1. Also, Plaintiff has the obligation of informing the Court of the basis for the Motion and identifying those portions of the declarations and other evidence that demonstrate an absence of a dispute of a material fact. *Cf. Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Moreover, just as "judges are not like pigs, hunting for truffles buried in briefs" (*Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)), Defendants' counsel should not be put to a test akin to finding breadcrumbs on a beach or weeds in a meadow.

Third, Plaintiff has moved for summary judgment; he has not moved for *partial* summary judgment or requested an order treating specified facts as established. Thus, we encourage the Court to conclude that Defendants only need to establish a dispute exists to at least one material fact that may affect the outcome of the case in order to defeat the Motion. While we believe there are numerous disputes as to material facts here, any which one alone is sufficient to defeat the Motion, we encourage the Court to treat the Motion as one for a judgment, not a partial adjudication of any particular issues.

## III.   Legal Argument

### A.   Pertinent Summary Judgment Standards

Summary judgment is proper only where it is demonstrated there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1080 (9th Cir. 2004). An issue is "genuine" if there is sufficient evidence for a reasonable jury to find for the nonmoving party, and a fact is "material" when it may affect the outcome of the case under the substantive law that provides the claim or defense. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

When the moving party will have the burden of proof on an issue at trial (such the Plaintiff will have here on all his claims), the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If a moving party fails to carry its burden of production of proof, then the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1105-06 (9th Cir. 2000).

The opposing party's evidence is to be believed, and all justifiable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. *See Anderson*, 477 U.S. at 255; *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). While not a disfavored motion, because summary judgment is a "drastic device", the moving party bears a "heavy burden" of demonstrating the absence of any trial issue of material fact. *Ambat v. City & County of San Francisco*, 757 F.3d 1017, 1031 (9th Cir. 2014).

**B.** **The Claims in Plaintiff's First Amended Complaint and the Elements Plaintiff Must Establish to Prevail On Such Claims**

Plaintiff's First Amended Complaint alleges violations of the Americans with Disabilities Act ("ADA") (42 U.S.C. §§ 12101, *et seq.*) and California's Unruh Civil Rights Act (CA Civil Code §§ 51 *et seq.*) based upon alleged accessibility barriers at the Property. We address the elements of each claim that Plaintiff is required to establish.

**1.** **ADA Claim**

To prevail on his ADA claim in the Motion, Plaintiff must establish, *inter alia*, there is no genuine factual dispute regarding the following:

(i) Plaintiff is disabled within the meaning of the ADA (42 U.S.C. §12102(1)(A)).  As discussed more below, there is a factual dispute as to whether Plaintiff has established he was disabled when he went to the Property in 2018.

(ii) the Defendant is one who owns, leases or operates a place of "public accommodation" (42 U.S.C. §12182(a)).  There is no factual dispute Defendants either own or lease the Property and that it is a place of "public accommodation", and hence this is not further discussed below.

(iii) Plaintiff was denied public accommodation by the Defendant because of his disability. *Arizona ex. rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).  This element is met if there is a violation of the applicable ADA standards. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).  More specifically, this element is met if there is an accessibility barrier created by a post-January 26, 1992 alteration to the Property or an accessibility barrier whose removal is "readily achievable" (42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. §12183(a)(1),(2); 28 C.F.R. §36.304(a)). *See also* Plaintiff's Conclusion of Law #3 (which Defendants do not dispute) and Element #4 for ADA Claim identified by Plaintiff in his Motion (at Dkt. 40-1 at 9:12-14). Determining whether removing a barrier is "readily achievable" involves consideration of (i) the nature and cost of the action needed, (ii) the overall financial resources available, and (iii) the type of operation involved. 42 U.S.C. § 12181(9).  As discussed further below, there is a factual dispute as to all but one of the alleged accessibility barriers, and regardless of the same, Plaintiff has offered <u>no</u> evidence that any barrier was created by a post-January 26 1992 alteration or that removal of any alleged accessibility barrier is "readily achievable".

(iv) the accessibility barrier interfered with Plaintiff's full and equal enjoyment of the Property (42 U.S.C. §12182(a)). *See* Element #5 for ADA Claim identified by Plaintiff in his Motion (at Dkt. 40-1 at 9:15-16); *Chapman*, 631 F.3d at 947 (explaining that a barrier will give rise to standing under the ADA only "if it

affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability").

   If Plaintiff can establish each of the foregoing elements, then he is only entitled to injunctive relief, not monetary damages, under the ADA. 42 U.S.C. §12188(a); *Oliver v. Ralphs Grocery Co*., 654 F.3d 903, 905 (9th Cir. 2011).

### 2. Unruh Act Claim

   To prevail on this Unruh Act claim in the Motion, Plaintiff must establish there was a violation of the ADA. Cal. Civil Code §51(f).  Moreover, Plaintiff can recover damages under the Unruh Civil Rights Act only if the accessibility barrier "denied" Plaintiff full and equal access to the Property on a particular occasion. Cal. Civil Code §55.56(a).  Plaintiff is denied full and equal access only if he (i) personally encountered the accessibility barrier at the Property on a particular occasion, or (ii) was deterred from accessing the Property on a particular occasion based on his knowledge of the accessibility barrier. Cal. Civil Code §55.56(a); CACI 3070.

   Plaintiff is deemed to have personally encountered an accessibility barrier or violation on a particular occasion only if he experienced difficulty, discomfort or embarrassment because of the barrier or violation. Cal. Civil Code §55.56(a); *Kohler v. Presidio Int'l, Inc*., 782 F.3d 1064, 1070-71 (9th Cir. 2015); *Yates v. Sweet Potato Enterprises, Inc.*, 2014 U.S. Dist. LEXIS 155418, 155438 (N.D. Cal. 2014).

   Plaintiff demonstrates he was deterred from accessing the Property on a particular occasion only if (a) he had actual knowledge of an accessibility barrier at the Property that prevented or reasonably dissuaded him from accessing the Property when he intended to access it on a particular occasion, <u>and</u> (b) the accessibility barrier would have actually denied him full and equal access if he had accessed the Property on that particular occasion. CA Civil Code §55.56(a); CACI 3070.

### C. Plaintiff's Motion Fails for Not Providing Any Evidence That Any Barrier Was Created by a Post-January 26, 1992 Alteration or That Removal of Any Alleged Barrier is "Readily Achievable"

As an initial matter, Plaintiff's entire Motion fails for one very simple reason: nowhere in the Motion has Plaintiff provided any evidence that any barrier was created by a post-January 26 1992 alteration or removal of any alleged accessibility barrier is "readily achievable". And by "no evidence", we mean literally nothing. While Plaintiff acknowledges in his Motion (at Dkt. 40-1, 9:12-14) this is an element Plaintiff must establish in order to prove discrimination under the ADA, and while Plaintiff's proposed Conclusion of Law #3 states that "Defendants have an obligation under the ADA to . . . remov[e] barriers to access where is readily achievable to do so" (Dkt. 40-2, 5:15-18), Plaintiff has provided no evidence (admissible or inadmissible) that any barrier was created by a post-January 26, 1992 alteration or removal of any alleged accessibility barrier is "readily achievable". Even the inadmissible Arrington Report (Dkt. 40-8) prepared by Plaintiff's putative expert Mr. Arrington completely avoids the issue by stating "[t]his determination did not include an assessment of Readily Achievable Barrier Removal. A review of the Business financials should be performed to assess what items may or may not, be readily achievable".

Not only has Plaintiff failed to provide any evidence on this element that is necessary to prove his case, the initial burden of proof regarding the same rests with the Plaintiff. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1048 (9th Cir. 2008) (plaintiff bears burden of showing there is a violation of the substantive standards of the ADA). *See also Colorado Cross Disability Coalition v. Hermanson Family, Ltd.*, 264 F.3d 999, 1005-06 (10th Cir. 2001) ("plaintiffs bear the initial burden of suggesting a method of barrier removal and proffering evidence that their suggested method meets the statutory definition of 'readily achievable' . . . If plaintiffs satisfy their burden of proffering evidence that a

8

suggested method of barrier removal can be accomplished easily and without much difficulty or expense, the burden then shifts to the defendants to rebut that showing and prove that the suggested method is not readily achievable"); *Che v. Boatman-Jacklin, Inc.*, 2019 U.S. Dist. LEXIS 135883 *5 (N.D. Cal. 2019) (explaining District Courts in the Ninth Circuit have "largely adopted" the burden-shifting framework of *Colorado Cross Disability*, and with supporting citations to, *inter alia*, *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998, 1010 (C.D. Cal. 2014) and *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847-48 (N.D. Cal. 2011).

Furthermore, we note that even though Plaintiff has failed to offer any evidence on this issue, Defendants have (despite not having any obligation to do so) provided evidence in their Opposition that the Property has been improved with the gasoline service station (including convenience store) that exists today since at least 1989 (*i.e.*, before January 26, 1992). UF #62.

Because Plaintiff has not provided any evidence on a key issue that is required to establish there is an accessibility barrier, the Court can and should deny the Motion on this basis alone.  Nonetheless, and out of an abundance of caution, we discuss below the various other reasons the Court should deny the Motion.

### D.   Viewing Just the Evidence Before the Court, There is a Factual Dispute as to Whether Plaintiff Was Disabled When He Went to the Property in 2018

Under the ADA, "disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual". 42 U.S.C. § 12102(2)(A)-(C) (emphasis added).  "Substantially limits" refers to the inability to perform a major life activity as compared to the average person in the general population or a significant restriction "as to the condition, manner, or duration" under which an individual can perform the particular activity." 29 CFR §1630.2(j)(1)(i)-(ii); *see also Thompson v. Holy Family Hospital*, 121 F.3d 537, 539-40 (9th Cir. 1997).

9

Points and Authorities in Opposition to Motion for Summary Judgment
(2:19-cv-01448-JAK-FFMx)

Three factors are considered in determining whether an individual is substantially limited in a major life activity: (i) the *nature and severity* of the impairment; (ii) the *duration* or expected duration of the impairment; and (iii) the actual or expected permanent or long-term *impact* of or resulting from the impairment. 29 C.F.R. §1630.2(j)(2) (emphasis added).  "Merely having an impairment does not make one disabled for purposes of the ADA". *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002).  Thus, "having an impairment does not necessarily mean that a person is 'disabled' for purposes of the [ADA]". *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1061 (9th Cir. 2005).

Two other legal principles are important here.  First, whether Plaintiff is disabled for purposes of his claim is assessed at the time he allegedly visited the Property (or subsequently filed the Complaint), not whether he is *presently* disabled. *Lang v. Oregon Shakespeare Festival Ass'n*, 738 Fed. Appx. 381, 383 (9th Cir. 2018) ("[w]hether a plaintiff is disabled for purposes of ADA standing is assessed at the time plaintiff filed their claim").  Second, Plaintiff bears the burden of proving he is disabled. *Bates v. United Parcel Service*, 511 F.3d 974, 988 (9th Cir. 2007).

### 1.     Evidence Offered by Plaintiff

In paragraph 2 of his Declaration (Dkt. 40-10), Plaintiff has offered some evidence about his purported disability. There are, however, two problems with such evidence.  First, it consists entirely of just conclusionary statements and does not provide any factual specifics. *Head v. Glacier NW, Inc*., 413 F.3d 1053, 1059 (9th Cir. 2005) ("an affidavit supporting the existence of a disability must not be merely self-serving and must contain sufficient detail to convey the existence of an impairment").  Here, Plaintiff offers no evidence of any diagnosis of any condition or impairment by any health care provider.  *Nowhere in his declaration*

*does Rutherford make any statement about any use of any mobility device, nor how often he may use a mobility device.* As for his purported limitations on walking and standing (stated in the most conclusionary of terms in paragraph 2 of his declaration), Plaintiff fails to offer even the slightest of details, such as how far or long he can (or cannot) walk or stand without assistance, or whether any pain he suffers is intermittent or chronic. *See Dennis v. Airport Chevrolet, Inc.*, 2014 U.S. Dist. LEXIS 22893 *9 (D. Or. 2014) (concluding Plaintiff had not established in his motion for summary judgment that he was disabled under the ADA because, *inter alia*, he "has not shown how far he is able to walk at one time, or how long he is able to stand without resting, or whether his pain or intermittent or chronic").

   Second, Plaintiff's purported *current* condition and *current* possession of a disabled placard is not relevant – what is relevant is whether he was disabled at the time he allegedly visited the Property (January 18 and May 17, 2018) or filed this action (December 20, 2018). *Lang,* 738 Fed. Appx. at 383.

   **2. Plaintiff's Deposition Testimony**

   Even if the Court considers the very limited conclusionary statements in paragraph 2 of Plaintiff's declaration on the issue of whether Plaintiff is disabled, Plaintiff's deposition testimony has created a factual dispute as to whether Plaintiff was disabled in 2018 when he visited the Property and filed this action. In his deposition, Plaintiff acknowledged he has difficulty walking or standing only "on occasion". UF #65. This admission goes to the issue of whether he is "substantially limited" in walking and standing under 29 C.F.R. §1630.2(j)(2) (in determining whether one is "substantially limited", the "nature and severity" of impairment is considered), a purely factual determination that should be left to the trier of fact and not resolved on a motion for summary judgment. He only infrequently uses a wheelchair (which is not mechanized). UF #66. He uses a rollator only about 20% of the time he patronizes businesses, and he has patronized businesses without using a rollator. UF ## 67, 68. Furthermore, and as for his

Points and Authorities in Opposition to Motion for Summary Judgment
(2:19-cv-01448-JAK-FFMx)

alleged May 17, 2018 visit to the Property, in his deposition Plaintiff admitted he could not recall "anything" about that visit, he could not recall encountering any problems that visit, and admitted it was possible he used neither a rollator nor cane on that occasion. UF ## 70, 71, 72.

In sum, while Plaintiff may have a physical impairment, viewing just the evidence before the Court, a factual dispute exists whether that impairment "substantially limited" major life activities such as walking or standing for Plaintiff in 2018.

### E.   There Are Genuine Factual Disputes as to Whether Each Alleged Accessibility Barrier Is, in Fact, A Barrier

Below we address each of the barriers raised (or arguably raised) in the Motion.  Plaintiff bears the burden of establishing that each of the alleged barriers is, in fact, a barrier under the ADA (*Doran*, 524 F.3d at 1048 (9th Cir. 2008)) and furthermore of showing there is no genuine dispute that each alleged barrier is, in fact, a barrier under the ADA. *Soremekun,* 509 F.3d at 984.

#### 1.   Disabled Parking Stall and Access Aisle
##### a.   "Uneven Surface"

In Plaintiff's Motion, there is an occasional reference to or claim of "uneven surfaces" of the disabled parking stall and its access aisle located to the west of the convenience store.  There is nothing in the ADA Standards or CBC that uses the phrase "uneven surface" (UF #63) so it is not clear what Plaintiff means by the phrase "uneven surface".  Hence, Plaintiff has failed to satisfy its obligation of informing the Court of this basis for the Motion. *Cf. Celotex Corp.*, 477 U.S. at 323.

If by "uneven surface" Plaintiff means, as alleged in paragraph 14 of his First Amended Complaint that the disabled parking stall and its access aisle does not comply with Section 302 of the ADA Standards, that is disputed. Section 302 of the ADA Standards requires that surfaces be "stable, firm, and

slip resistant", that "openings" (such as drainage grates) not be greater than ½ inch, and that "elongated openings" be oriented perpendicular to the dominant direction of travel.  Here, the surfaces of the disabled parking stall and its access aisle are constructed of asphalt, which is considered to be a stable, firm, and slip resistant surface. UF ## 18, 23.  Also, the disabled parking stall and its access aisle does not have any drainage grates or other constructed elements that have openings. UF ## 19, 24.

Furthermore, Plaintiff's putative expert, Kenneth Arrington, testified during his deposition that he used the allegations in the original Complaint as his guide in inspecting the Property and preparing his expert report and if he did not believe an alleged barrier in the Complaint was, in fact, a barrier, he did not discuss or include it in his expert report (*ak*a the "Arrington Report"). UF ## 21, 26.  Here, the allegation that the disabled parking stall and access aisle violate Section 302 are in the Complaint (UF ## 17, 22) yet not discussed in the Arrington Report (UF ## 20, 25), thereby lending further support for Defendants' position that the disabled parking stall and its access aisle do not violate Section 302 of the ADA Standards.

If by "uneven surface" Plaintiff means the disabled parking stall and its adjacent access aisle are not at the same level and flush with each other, that is also disputed.  Both the disabled parking stall and its access aisle are on the same asphalt surface at the Property, adjacent to and flush against each other, and there is no step, ledge, or curb between the two elements. UF #28; *see also* Exhibit G.  Also, as with the Section 302 issue discussed above, this issue was alleged in the Complaint but never addressed in the Arrington Report, thus confirming that even Plaintiff's putative expert Mr. Arrington did not believe this allegation was a barrier. UF ## 27, 29, 30.

### b.    Slopes in Disabled Parking Stall and Access Aisle

Defendants do not dispute that there are slopes in the disabled parking stall that range from between 3.8% to 5.0%, and slopes in the adjacent access aisle that range from between 2.5% to 4.4%, both in exceedance of the 2.08% slope limitation under the ADA.  However, as described above in Section III.C, Plaintiff has failed to offer any evidence in his Motion as to whether the slopes were created by a post-January 26, 1992 modification or that remedying the slopes (*i.e.*, removal of the barrier) is "readily achievable".  This burden is upon the Plaintiff. *Doran*, 524 F.3d at 1048 (plaintiff bears burden of showing there is a violation of the substantive standards of the ADA).  Accordingly, Plaintiff has failed to establish in his Motion that it is undisputed that the existing slopes of the disabled parking stall and access aisle violate the applicable substantive standards of the ADA.

### 2.    Accessible Route from Disabled Parking Stall to Convenience Store

Plaintiff contends in this Motion there is not an accessible route connecting the disabled parking stall to the entrance of the convenience store.  Defendants do not dispute that along this route there is a small area where the cross-slopes measure between 2.2% to 3% (in exceedance of the 2.08% limit).  *See* UF #15.  However, that one small area with a cross-slope exceedance does not mean there is an accessibility barrier.

Under the ADA, an "accessible route" is defined as a "continuous, unobstructed path". 28 C.F.R. §35.151(b)(4)(ii).  Here, there is a continuous, unobstructed asphalt pathway at least 36 inches wide from the disabled parking stall to the convenience store at the Property. UF #32.  The "running slopes" of that asphalt pathway do not exceed 5% (the maximum allowed under the ADA and CBC). UF #33.  Except for the one small area, the "cross slopes" of the asphalt pathway do not exceed 2.08% (the maximum allowed under the ADA

or CBC). UF #34. *However*, if one measures the asphalt surface of the four feet immediately adjacent to and north of this small area (which four feet are still part of the path of travel from the disabled stall to the entrance to the convenience store), the cross-slopes there are under 2.08%. UF #35. There is no requirement that this route be cross-hatched or run in a perfectly straight line. UF #64. In sum, a disabled patron can travel from the disabled parking stall to the convenience store using the asphalt surface at the Property without needing to travel over any cross-slopes that exceed 2.08%.

### 3.    Clear Floor Space in Front of Sales Counter

Plaintiff contends in his Motion that the sales counter lacks sufficient clear floor space to allow for either a forward or parallel approach to the sales counter. A "parallel approach" is when a patron is seated in their wheelchair parallel to a counter, as opposed to facing a counter perpendicular to a counter, which is known as a "forward approach".

There is sufficient clear floor space in front of the sales counter as required by the ADA Standards. First, the ADA (including Section 904.4.1 of the ADA Standards) does not require that *both* a parallel and forward approach be possible to this sales counter; rather, one just must be able to make *either* a forward or parallel approach. UF #37; s*ee also* ADA Standard 904.4 (sales counter shall comply with Section 904.4.1 [regarding parallel approach] *or* Section 904.4.2 [regarding forward approach]). Second, under the ADA, in order to ensure there is clear floor space for a parallel approach, there only needs to be clear floor space that is greater than 30 inches by 48 inches in front of the sales counter. UF #38; s*ee also* ADA Standards 305.3 and 904.4.1. Here, there is a clear floor space that is greater than 30 inches by 48 inches in front of the sales counter. UF #38; *see also* Exhibit H. Furthermore, and as with several other issues discussed above, this issue was alleged in the Complaint but never addressed in the Arrington Report, thus confirming that even Plaintiff's putative

expert Mr. Arrington did not believe this was a barrier. UF ## 36, 39, 40.

### 4.    Depth of Sales Counter

Plaintiff alleges in his Declaration (Dkt. #40-10), but not in his Statement of Uncontroverted Facts and Conclusions of Law, that the sales counter violates the depth requirements of Section 904.4 of the ADA Standards. Section 904.4 provides that "[t]he accessible portion of the counter top shall extend the same *depth* as the sales or service counter top" (emphasis added).

It is undisputed there are two portions of the sales counter, a lower accessible portion and a higher portion. *See* Exhibit I.  The lower portion is not more than 34 inches above the finished floor and is at least 36 inches long. UF ## 42, 43.  Hence, the lower portion satisfies the height and length requirements of the ADA and CBC.  That said, Plaintiff's claim is based upon the *depth* of the lower portion.  Defendants do not dispute that the lower portion of the counter is not as deep as the higher portion of the counter.  However, the lower portion of the sales counter is not required to be as deep as the higher portion because of the "safe harbor provision" of the ADA Standards.

Under the "safe harbor provision" of the 2010 ADA Standards, elements of a facility (*e.g.*, counters) that were installed or built before March 15, 2012 and that complied with the then-existing 1991 ADA Standards, and which were not altered thereafter, are not required to be modified to meet any *new* requirements in the ADA Standards. *See* 28 C.F.R. Section 36.304(d)(2)(i).  The depth requirement in Section 904.4 of the ADA Standards *first* appeared when the ADA Standards were promulgated in 2010.  There was no depth requirement in the 1991 ADA Accessibility Guidelines, which were the predecessor to the 2010 ADA Standards. UF #46.  Hence, presuming this sales counter (including the lowered portion of it) existed as of March 15, 2012 in its present configuration and has not been modified since then, the new depth requirement of Section 904.4 of the 2010 ADA Standards does not apply to this sales counter. UF #47.  And, in fact, that is

the case here.  The sales counter (including the lower portion of it) has been in existence since March 15, 2012, and has not been modified since then. UF ## 44, 45.  Thus, the lower portion of the sales counter is not subject to the new depth requirement in Section 904.4 of the 2010 ADA Standards.

Lastly, as has been discussed above on several issues, this is also an issue that was alleged in the Complaint yet not addressed in the Arrington Report because Plaintiff's own putative expert concluded it was not a barrier. UF ## 41, 48, 49.

### 5.    Length of the Disabled Parking Stall

Plaintiff alleges in paragraph 15 of the First Amended Complaint that the disabled parking stall does not satisfy the length requirements in Section 502 of the ADA Standards.  However, Plaintiff has not raised this issue in the Motion, so it is not properly at issue.  Plaintiff has the obligation of informing the Court of the basis for the Motion and identifying those portions of the declarations and other evidence that demonstrate an absence of a genuine issue of material fact. *Cf. Celotex Corp.*, 477 U.S. at 323.  Nonetheless, if the Court elects to consider this issue despite Plaintiff's failure to properly raise it in his moving papers, Defendants will briefly address it here.

Nothing in the ADA (including Section 502 of the ADA Standards as alleged in the First Amended Complaint) regulates the *length* of disabled parking stalls. UF #50.  It is true the CBC (not the ADA) address the length of disabled parking stalls.  However, Plaintiff alleges the length of the parking stall violates the ADA (not the CBC) in his First Amended Complaint, so that (*i.e.*, whether the length of the stall violates the ADA, not the CBC) is the only issue in this case (and in the Motion to the extent it is even raised therein). *See* Fed. R. Civ. Proc. 56(a) and *Anderson*, 477 U.S. 242 at 248 (summary judgment considers whether there is a dispute as to a "material" fact, and "materiality" is determined by the pleadings).

### 6.      Van Accessible Space at *East* Side of Store

Plaintiff contends the "van accessible" parking space at the east side the store does not have accessible signage posted at the head of the stall. Defendants do not dispute there is no accessible signage posted at the head of this stall.  However, this stall (which is on the *east* side of the convenience store) *is not a disabled parking stall*. UF #51.  Hence, it is not subject to the requirements of the ADA or CBC for disabled parking spaces. UF #52.  While this space was *formerly* a disabled parking space many years ago, any signs identifying it as such have been removed. UF #53.  The former blue paint striping on the surface of this space has been blacked out. UF #54.  While some of the black paint has worn off, thus allowing some of the blue paint to be visible on the surface, this is not a violation of the ADA or CBC, nor does this make it a disabled parking stall. UF #55.  Quite tellingly, Mr. Arrington testified during his deposition that he assumed this parking stall was not a disabled parking stall. UF #56.  Lastly, Plaintiff admitted during his deposition that he didn't believe this was a disabled parking stall (UF #73), thus undermining his argument in the Motion to the contrary.

### 7.      Accessible Route from Sidewalk to Convenience Store

In the Arrington Report (which Defendants have objected to on the basis it is hearsay) but nowhere else in the Motion (not even Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law), it is alleged there is no accessible route from the public sidewalk to the convenience store.  Hence, this contention should not be at issue in the Motion. *Cf. Celotex Corp.*, 477 U.S. at 323. Nonetheless, in the event the Court concludes otherwise, we address this issue.

During his deposition, Mr. Arrington admitted that since he could not find an accessible route, he concluded one did not exist. UF #57.  However, there is an accessible route that one may take by entering onto the northeast portion of the Property directly from the sidewalk and then traversing south to the convenience store. UF #58; *see also* Exhibit J.  Along this route, one may travel

Points and Authorities in Opposition to Motion for Summary Judgment
(2:19-cv-01448-JAK-FFMx)

from the public sidewalk to the convenience store without encountering a running slope greater than 5% or a cross-slope greater than 2.08%. UF #59.  There is no requirement that this route be marked on the pavement, identified with signs, or separated from vehicular traffic. UF #60.

**F.  Even if There Was an Accessibility Barrier at the Property, Plaintiff Has Failed to Provide Any Evidence That He Encountered an Accessibility Barrier at the Property As Required by the ADA**

In order to prevail on his ADA claim, Plaintiff must also establish he encountered an accessibility barrier at the Property and, in light of his particular disability, the barrier affected[2] his full use and enjoyment of the Property. *See* Element #5 for ADA Claim identified by Plaintiff in his Motion (at Dkt. 40-1 at 9:15-16); *Chapman*, 631 F.3d at 947.  In an attempt to establish the same, Plaintiff provided a declaration with his Motion stating that on each of the three occasions he allegedly visited the Property, he "found" the disabled parking stall and access aisle had excessive slopes, he "found" there was not an accessible route from the disabled parking stall to the access aisle, and he "found" the service counter inside the convenience store did not allow for either a forward or parallel approach. Rutherford Decl. (Dkt. 40-10, ¶¶ 3, 6, 7 and 8).  But that is not the same as saying he "encountered" or "experienced" a barrier.  One may easily "see," "find," or "observe" a barrier while driving past the Property (or even driving or walking across the Property after pumping gasoline, *etc*.).  But "observing" a barrier does not mean one has "encountered" or "experienced" a barrier, nor is it legally sufficient. *See, e.g*., *Rutherford v. Econolodge*, 2019 U.S. Dist. LEXIS 31525 *10 (S.D. Cal. 2019) ("it is not enough for Rutherford simply to identify ADA violations that could affect people with disabilities similar to his; he must allege an actual, concrete injury to himself").  Here, Plaintiff needed, *at a minimum*, to

_____

[2] The barrier must relate to Plaintiff's disability (*e.g*., a fully-sighted person in a wheelchair does not "encounter" a barrier when an element lacks required Braille).

19

Points and Authorities in Opposition to Motion for Summary Judgment
(2:19-cv-01448-JAK-FFMx)

explain in his declaration how he "encountered" or "experienced" a barrier (*e.g.*, "I walked on the surface of the parking stall") and how the alleged barrier at the Property created a problem, concern or difficulty for him (*e.g.*, "I felt unstable walking on the parking stall because of its slope").  Yet despite having the benefit of plenty of time to draft a declaration with the assistance of his counsel to set forth even a minimal amount of detail about how Plaintiff purportedly "encountered" even one alleged barrier at the Property, Plaintiff completely failed to do so.

### G.   Even if There was a Violation of the ADA, Plaintiff Has Failed to Provide Any Evidence He Was Denied Full and Equal Access to the Property Under the Unruh Act

Plaintiff can recover damages under the Unruh Civil Rights Act only if an accessibility barrier "denied" Plaintiff full and equal access to the Property on a particular occasion. Cal. Civil Code §55.56(a).  Plaintiff is denied full and equal access only if (i) Plaintiff personally encountered the accessibility barrier at the Property on a particular occasion, or (ii) was deterred from accessing the Property on a particular occasion based on his knowledge of the accessibility barrier. Cal. Civil Code §55.56(a); CACI 3070.  Plaintiff is deemed to have personally encountered an accessibility barrier or violation on a particular occasion only if the Plaintiff experienced "difficulty, discomfort or embarrassment" because of the barrier or violation. Cal. Civil Code §55.56(a); *Kohler,* 782 F.3d at 1070-71; *Yates,* 2014 U.S. Dist. LEXIS at 155438.

To support his assertion that he suffered "difficulty, discomfort or embarrassment", Plaintiff's sole "evidence" is one conclusory, factually-bereft sentence in his declaration that the "inaccessible conditions [he] encountered in January and May of 2018 . . . caused [him] difficulty, humiliation, frustration, and made [him] upset." Rutherford Decl. (Dkt. 40-10, ¶4).  However, he offers no explanation of *how* or *why* he purportedly experienced "difficulty, discomfort or embarrassment" (such as "I had a difficult time walking to the

store because of the slope of the disabled stall'). As for deterrence, Plaintiff simply says in conclusory terms in his declaration that he is "being deterred from full and equal access to the Business and Property" (Rutherford Decl., Dkt. 40-10, ¶10) without offering even the smallest factual detail of how or why (*e.g.*, "I am deterred from returning *because I fear that if I use the parking stall I will fall because of its slope*"). As discussed above (regarding Plaintiff's failure to provide any details of any barrier he allegedly "encountered" or "experienced"), despite having the benefit of plenty of time to draft a declaration with the assistance of his counsel to set forth even a minimal amount of detail about the "difficulty, discomfort or embarrassment" he purportedly experienced or why he is deterred from returning to Property, Plaintiff failed to do so.

**H.      Even if the Court Concludes Plaintiff Was Denied Full and Equal Access to the Property Under the Unruh Act on One Occasion, A Factual Dispute Exists Whether Plaintiff is Entitled to More than $4,000 in Statutory Damages**

Under the Unruh Act, if there was an accessibility barrier under the ADA and the plaintiff was denied full and equal access to the Property because of that barrier, then the plaintiff is entitled to $4,000 in statutory damages per occasion he was denied full and equal access. Of course, such a provision can easily be abused by one repeatedly returning to a site (an abuse commonly referred to as "stacking"). To address that problem, California Civil Code Section 55.56(i) (*aka* the "anti-stacking provision") requires the Court to consider the reasonableness of the Plaintiff's conduct in awarding statutory damages under the Unruh Act. Hence, awarding a plaintiff damages under the Unruh Act for more than one occasion is permissive, not mandatory. *Yates*, 2014 U.S. Dist. LEXIS at 155442.

Here, if the Motion is granted, Plaintiff seeks a judgment awarding him $12,000 in statutory damages. Proposed Order (Dkt. 40-14, p.2). Perhaps

this $12,000 figure is based upon the Plaintiff's three (3) alleged visits to the Property (on January 18, 2018, May 17, 2018 and August 1, 2019).  However, during his deposition, Plaintiff admitted he could not recall "anything" about his May 17, 2018 visit to the Property, not even if he encountered any problems during this May 17, 2018 visit. UF ## 70, 71.  And as for his August 1, 2019 visit, Plaintiff admitted he just drove across the Property (without getting out of his car) simply to see if any changes had been made at the Property. UF #74.  Moreover, as for his second (May 17, 2018) visit (which occurred before this action was filed), Plaintiff failed to offer any evidence he alerted the Defendants about any alleged barriers before such visit. *See Johnson v. Wayside Prop*., 41 F.Supp.3d 973, 981 (E.D. Cal. 2014) (declining to award statutory damages under Unruh Act for more than one occasion in ruling on motion for summary judgment where plaintiff failed to provide any evidence he alerted the defendants about any alleged barriers).  Hence, to the extent the Court concludes there is no dispute that Plaintiff is entitled to prevail on his Unruh Act claim and receive some compensation (which conclusion we urge the Court not to find), we nonetheless believe there is a genuine factual dispute as to whether Plaintiff was denied full equal access (as so defined in the Unruh Act) to the Property on two of the three alleged occasions.

Lastly, to the extent the claim for $12,000 in statutory damages is based upon an occasion when Plaintiff asserts he was *deterred* from visiting the Property, the Court should decline to award any statutory damages on such basis because Plaintiff failed to offer any evidence in his declaration that he was deterred from visiting the Property on *any particular occasion*. *See, e.g*., *Johnson v. Kuo Lin*, 2015 U.S. Dist. LEXIS 56397 *6 (E.D. Cal. 2015) (in response to plaintiff's motion for partial summary judgment, court declined to award plaintiff $4,000 for any alleged deterred visit because plaintiff failed to provide any facts evincing that he was deterred from visiting defendant's

Points and Authorities in Opposition to Motion for Summary Judgment
(2:19-cv-01448-JAK-FFMx)

restaurant on any "particular occasion"). *Cf. Rutherford v. Cesar's Mexican Rest., LLC*, 2019 U.S. Dist. LEXIS 150782 *3 (S.D. Cal. 2019) (in partially dismissing Rutherford's ADA claim, Court explained that while Rutherford alleged he is deterred from returning to the restaurant, he never alleged he would likely be using a mobility device when he returned).

## I.     The Scope of the Injunctive Relief Sought Is Not Proper

The scope of the injunctive relief sought in the Motion, to wit, an injunction "enjoining Defendants from further violations of the ADA" and "mandating that Defendant [sic] provide an ADA compliant premises located at 15401 [sic] East 6th Street, Beaumont" is overbroad and too vague.  For example, it is not limited to the Property, nor is it limited to the specific accessibility barriers at issue in the Motion.  Instead, it broadly (and improperly) seeks an injunction to prevent the Defendants from "violating the law". *See, e.g.*, *Prater v. Oliver*, 2008 U.S. Dist. LEXIS 79735 *2 n.1 (E.D. Cal. 2008) ("an injunction to defendants 'not violate the law' is inappropriate").  To the extent the Court finds summary judgment should be granted, any injunctive relief should be limited to just those specific accessibility barriers at the Property for which Plaintiff has established via his Motion that there is no genuine dispute that such accessibility barrier exists and which Plaintiff might encounter if he were to return to the Property. *Chapman*, 631 F.3d at 953 (injunctive relief should not extend beyond barriers affecting the plaintiff's particular disability or to barriers the plaintiff is not likely to encounter); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1140 (9th Cir. 2009) ("[i]njunctive relief must be tailored to remedy the specific harm alleged"); *see also CH2O, Inc. v. Meras Eng'g, Inc*., 2017 U.S. Dist. LEXIS 66946 *12 (C.D. Cal. 2017) (finding that the proposed injunctive relief against "any ongoing infringement" was overbroad because it was not limited to barring only the infringing activities that were presented at trial as to which the verdict was entered).

Points and Authorities in Opposition to Motion for Summary Judgment
(2:19-cv-01448-JAK-FFMx)

## IV.     Conclusion

For the reasons stated above, the Court should deny Plaintiff's Motion.

Dated: February 3, 2020                              Hinson Gravelle & Adair LLP

s/ Douglas Gravelle
Douglas A. Gravelle, Attorneys for
Thrifty Oil Co. and Tesoro Refining
& Marketing Company LLC