Douglas A. Gravelle (SBN 166110)
Hinson Gravelle & Adair LLP
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: 661-294-0116
Facsimile: 661-294-0134
gravelle@hinsongravelle.com

Attorneys for Defendants Thrifty Oil Co. and
Tesoro Refining & Marketing Company LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual, | Case No.: 2:19-cv-01448-JAK-FFMx |
| Plaintiff, | **DEFENDANTS' STATEMENT OF GENUINE DISPUTES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | Hon. John A. Kronstadt |
| USA GAS, a business of unknown form; THRIFTY OIL CO., a California corporation; and Does 1-10, inclusive, | Action Filed: 12/20/18
Trial Date: Not Set Yet |
| Defendants. | Hearing Date: April 20, 2020
Hearing Time: 8:30 a.m.
Hearing Courtroom: 10B |

Defendants Thrifty Oil Co. and Tesoro Refining & Marketing Company LLC (collectively, "Defendants") respectfully submit this Statement of Genuine Disputes In Support of Opposition to Plaintiff's Motion for Summary Judgment.

Alleged facts that are undisputed by Defendants are undisputed solely for purposes of Plaintiff's Motion for Summary Judgment and for no other purpose.

///

///

| ALLEGED UNDISPUTED FACTS AND ALLEGED SUPPORTING EVIDENCE | DEFENDANTS' RESPONSE AS TO WHETHER FACT IS UNDISPUTED OR DISPUTED (AND IF DISPUTED, EVIDENCING CONTROVERTING THE FACT) |
|---|---|
| 1. Alleged Undisputed Fact: James Rutherford is disabled and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, in addition to twisting, turning, and grasping objects. Supporting Evidence: Rutherford Decl. ¶2. | Defendants' Response: Undisputed that Rutherford has an impairment, but disputed that it substantially limits him in walking or standing. Supporting Evidence & Explanation: Rutherford has difficulty walking or standing only "on occasion". Rutherford Deposition Transcript ("Rutherford Depo.") (Dkt. 42-10, Exh. L, 62:1-4).  Any use of his wheelchair (which is not mechanized) is infrequent (or "not often"). Rutherford Depo. (Dkt. 42-10, Exh. L, 68:12-15).  Plaintiff only uses a rollator only about 20% of the time he patronizes businesses, and patronizes businesses without using it. Rutherford Depo. (Dkt. 42-10, Exh. L, 66:16-18 and 66:19-67:10). As for his May 17, 2018 visit to the Property, Rutherford admitted it is possible he used neither a rollator |

| | nor a cane. Rutherford Depo. (Dkt. 42-10, Exh. L, 87:15-21). |
|---|---|
| 2. <u>Alleged Undisputed Fact</u>: Mr. Rutherford relies on mobility devices, including at times a wheelchair, to ambulate. <br> <u>Supporting Evidence</u>: Rutherford Decl. ¶2. | <u>Defendants' Response</u>: Disputed. <u>Supporting Evidence & Explanation</u>: *Nowhere* in his declaration does Rutherford make any statement about any use of any mobility device (including a wheelchair), nor how often he may use a mobility device.  Moreover, according to Rutherford's deposition testimony, any use of his wheelchair (which is not mechanized) is infrequent (or "not often"). Rutherford Depo. (Dkt. 42-10, Exh. L, 68:12-15).  Plaintiff only uses a rollator only about 20% of the time he patronizes businesses, and patronizes businesses without using it. Rutherford Depo. (Dkt. 42-10, Exh. L, 66:16-18 and 66:19-67:10).  As for his May 17, 2018 visit to the Property, Rutherford admitted it is possible he used neither a rollator nor a cane. Rutherford Depo. (Dkt. 42-10, Exh. L, 87:15-21). |

| | |
|---|---|
| 3. <u>Alleged Undisputed Fact</u>: On January 18, 2018 and May 17, 2018, Mr. Rutherford went to the USA Gas ("Business" or "the Business") located at or about 401 East 6th Street, Beaumont, California 92223 for the dual purpose of purchasing gasoline for this vehicle and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning of federal and state law.<br><u>Supporting Evidence</u>: Rutherford Decl. ¶3. | <u>Defendants' Response</u>: Undisputed Rutherford went to the Business on January 18 and May 17, 2018, but disputed that he went there on May 17, 2018 for either the purpose of purchasing gasoline or confirming the Business was accessible to persons with disabilities.<br><br><u>Supporting Evidence & Explanation</u>: Plaintiff does not know why he went to the Property on May 18, 2018. Rutherford Depo. (Dkt. 42-10, Exh. L, 39:18). |
| 4. <u>Alleged Undisputed Fact</u>: On August 1, 2019, Mr. Rutherford returned to the Property.<br><u>Supporting Evidence</u>: Rutherford Decl. ¶5. | <u>Defendants' Response</u>: Undisputed. |
| 5. <u>Alleged Undisputed Fact</u>: Mr. Rutherford found that the accessible parking spaces [sic] and adjacent accessible aisles [sic] contained slopes excessive of the maximum grade allowed by accessibility guidelines.<br><u>Supporting Evidence</u>: Rutherford Decl. ¶6; Exh. A to Rutherford Decl. | <u>Defendants' Response</u>: Presuming Plaintiff is referring to the one disabled parking stall and access aisle to the *west* of the convenience store, undisputed the slopes of both are excessive of the maximum grade allowed by accessibility guidelines. |

| | |
|---|---|
| 6. <u>Alleged Undisputed Fact</u>: There was no accessible route connecting the accessible parking spaces [sic] to the accessible entrance.<br><br><u>Supporting Evidence</u>: Rutherford Decl. ¶7; Exh. B to Rutherford Decl. | <u>Defendants' Response</u>: Disputed.<br><u>Supporting Evidence & Explanation</u>: There is a continuous, unobstructed asphalt pathway at least 36 inches wide from the disabled parking stall to the convenience store at the Property. Declaration of Neal Casper ("Casper Decl.") (Dkt. # 42-11, ¶10).  The "running slopes" of that asphalt pathway do not exceed 5% (the maximum allowed under the ADA and CBC). Casper Decl. (Dkt. #42-11, ¶10).  Except for the one small area, the "cross slopes" of the asphalt pathway do not exceed 2.08% (the maximum allowed under the ADA or CBC). Casper Decl. (Dkt. #42-11, ¶10).  *However*, if one measures the asphalt surface of the four feet immediately adjacent to and north of this small area (which four feet are still part of the path of travel from the disabled stall to the entrance to the convenience store), the cross-slopes there are under 2.08%. Casper Decl. (Dkt. #42-11, ¶10).  There is no requirement that |

5

Defendants' Statement of Genuine Disputes
(2:19-cv-01448-JAK-FFMx)

| | |
|---|---|
| | this route be cross-hatched or run in a perfectly straight line. Casper Decl. (Dkt. #42-11, ¶10). |
| 7. <u>Alleged Undisputed Fact</u>: The service counter at the Business is still not accessible for either a parallel or forward approach.<br><br><u>Supporting Evidence</u>: Rutherford Decl. ¶8; Exh. C to Rutherford Decl. | <u>Defendants' Response</u>: Disputed. <u>Supporting Evidence & Explanation</u>: In order to ensure there is clear floor space for a parallel approach, there only needs to be clear floor space that is greater than 30 inches by 48 inches in front of the sales counter. Casper Decl. (Dkt. #42-11, ¶13).  Here, there is a clear floor space that is greater than 30 inches by 48 inches in front of the sales counter. Casper Decl. (Dkt. #42-11, ¶13); *see also* Exhibit H (Dkt. #42-13).  Also, this issue was alleged in the Complaint but never addressed in the Arrington Report because even Plaintiff's putative expert Mr. Arrington did not believe this qualified as a barrier. Declaration of Douglas Gravelle ("Gravelle Decl.") (Dkt. #42-3, ¶10), Arrington Deposition Transcript ("Arrington Depo.") (Dkt. #42-8, Exh. E, pp. 16-17). |

Defendants' Statement of Genuine Disputes
(2:19-cv-01448-JAK-FFMx)

| | |
|---|---|
| 8. <u>Alleged Undisputed Fact</u>: The barriers Mr. Rutherford encountered deny him full and equal access to the Business and Property and its facilities on an ongoing basis.<br><u>Supporting Evidence</u>: Rutherford Decl. ¶9. | <u>Defendants' Response</u>: Disputed. <u>Supporting Evidence & Explanation</u>: Defendants dispute this conclusion of law because of the two assumptions it is based upon.  First, Defendants dispute that Plaintiff has established the barriers alleged in the Motion are, in fact, barriers. *See, e.g.,* Defendants' responses herein to UF ## 6, 7, 13, 14 and 16; *see also* Casper Decl. (Dkt. 42-11, ¶¶ 7-19) and Malasavage Decl. (Dkt. 42-16, ¶¶ 7-11).  Second, for the reasons stated in Sections III. F and G of their Points and Authorities, even if there was a barrier (which Defendants dispute), Plaintiff has not established he encountered a barrier or was denied full and equal access of the Property because of the same. |
| 9.  <u>Alleged Undisputed Fact</u>: Although deterred from full and equal access to the Business and Property, Mr. Rutherford intends to return for the dual purpose of availing himself of the goods and services offered to the public and to ensure that Defendants cease evading their | <u>Defendants' Response</u>: Undisputed that Rutherford intends to return to the Property. |

Defendants' Statement of Genuine Disputes
(2:19-cv-01448-JAK-FFMx)

| | |
|---|---|
| responsibilities under federal and state law. <u>Supporting Evidence</u>: Rutherford Decl. ¶10. | |
| 10. <u>Alleged Undisputed Fact</u>: Defendant Thrifty Oil Co., a California corporation, is the current owner of the property located at or about 401 East 6th Street, Beaumont, California 92223, and was so in [sic] January 8, 2018, May 17, 2018, and August 1, 2019. <u>Supporting Evidence</u>: Exh. 1 and 2 to Manning Decl. | <u>Defendants' Response</u>: Undisputed. |
| 11. <u>Alleged Undisputed Fact</u>: Defendant USA Gas, a business of unknown form, also known as Tesoro Refining & Marketing Company LLC, is the current owner of the Business located at or about 401 East 6th Street, Beaumont, California 92223, and was so in [sic] January 8, 2018, May 17, 2018, and August 1, 2019. <u>Supporting Evidence</u>: Exh. 3 to Manning Decl. | <u>Defendants' Response</u>: Disputed that Tesoro Refining & Marketing Company LLC ("Tesoro") is also known as USA Gas (USA Gas is one of several brand names Tesoro is licensed to use), but otherwise undisputed. |
| 12. <u>Alleged Undisputed Fact</u>: On May 8, 2019, Mr. Rutherford's investigator and Certified Access Specialist (CASp) Kenneth Arrington investigated Defendant's [sic] Property. | <u>Defendants' Response</u>: Undisputed. |

Defendants' Statement of Genuine Disputes
(2:19-cv-01448-JAK-FFMx)

| | |
|---|---|
| Supporting Evidence: Arrington Decl. ¶3. | |
| 13. Alleged Undisputed Fact: Mr. Arrington found that the accessible parking space at the west side of the Property contains an uneven surface with slopes measuring between 3.8% and 5.0% (Section 502.4) Supporting Evidence: Arrington Decl. ¶7; Exh. A and B to Arrington Decl. | Defendants' Response: Undisputed with respect to slopes measured by Mr. Arrington, but disputed as to the phrase "uneven surface". Supporting Evidence & Explanation: Regarding the phrase "uneven surface", there is nothing in the ADA Standards or CBC that uses the phrase "uneven surface". Casper Decl. (Dkt. #42-11, ¶7). If by "uneven surface" Plaintiff means the surfaces violate Section 302 of the ADA Standards, disputed. The surfaces of the disabled parking stall and its access aisle are constructed of asphalt, which is considered to be a stable, firm, and slip resistant surface. Casper Decl. (Dkt. #42-11, ¶8). Also, the disabled parking stall and its access aisle does not have any drainage grates or other constructed elements that have openings. Casper Decl. (Dkt. #42-11, ¶8). Also, the allegation that these slopes violate Section 302 was alleged in the Complaint but never addressed in the Arrington Report |

because even Plaintiff's putative expert Mr. Arrington did not believe this qualified as a barrier. Gravelle Decl. (Dkt. #42-3, ¶10), Arrington Depo. (Dkt. #42-8, Exh. E, pp. 16-17). If by "uneven surface" Plaintiff means the disabled parking stall and its adjacent access aisle are not at the same level and flush with each other, that is also disputed. Both the disabled parking stall and its access aisle are on the same asphalt surface at the Property, adjacent to and flush against each other, and there is no step, ledge, or curb between the two elements. Casper Decl. (Dkt. #42-11, ¶9); *see also* Exhibit G (Dkt. #42-12). Also, this issue was alleged in the Complaint but never addressed in the Arrington Report, thus confirming that even Plaintiff's putative expert Mr. Arrington did not believe this allegation was a barrier. Gravelle Decl. (Dkt. #42-3, ¶10), Arrington Depo. (Dkt. #42-8, Exh. E, pp. 16-17).

| | |
|---|---|
| 14. <u>Alleged Undisputed Fact</u>: The slope at the accessible parking at the west side of the store contains an uneven surface with slopes measuring between 2.5% and 4.4% (Section 502.4). <u>Supporting Evidence</u>: Arrington Decl. ¶8; Exh. A and B to Arrington Decl. | <u>Defendants' Response</u>: Disputed. <u>Supporting Evidence & Explanation</u>: Mr. Arrington testified during this deposition that the slopes of 2.5% to 4.4% pertained to the *access aisle* for the parking stall, not the *stall* itself. Arrington Depo. (Dkt. 42-8, Exh. E, pp. 14-15). Regarding the phrase "uneven surface", there is nothing in the ADA Standards or CBC that uses the phrase "uneven surface". Casper Decl. (Dkt. #42-11, ¶7).  If by "uneven surface" Plaintiff means the surfaces violate Section 302 of the ADA Standards, disputed.  The surfaces of the disabled parking stall and its access aisle are constructed of asphalt, which is considered to be a stable, firm, and slip resistant surface. Casper Decl. (Dkt. #42-11, ¶8).  Also, the disabled parking stall and its access aisle does not have any drainage grates or other constructed elements that have openings. Casper Decl. (Dkt. #42-11, ¶8). Also, the allegation that |

these slopes violate Section 302 was alleged in the Complaint but never addressed in the Arrington Report because even Plaintiff's putative expert Mr. Arrington did not believe this qualified as a barrier. Gravelle Decl. (Dkt. #42-3, ¶10), Arrington Depo. (Dkt. #42-8, Exh. E, pp. 16-17).  If by "uneven surface" Plaintiff means the disabled parking stall and its adjacent access aisle are not at the same level and flush with each other, that is also disputed. Both the disabled parking stall and its access aisle are on the same asphalt surface at the Property, adjacent to and flush against each other, and there is no step, ledge, or curb between the two elements. Casper Decl. (Dkt. #42-11, ¶9); *see also* Exhibit G (Dkt. #42-12).  Also, this issue was alleged in the Complaint but never addressed in the Arrington Report, thus confirming that even Plaintiff's putative expert Mr. Arrington did not believe this allegation was a barrier. Gravelle Decl. (Dkt. #42-3,

Defendants' Statement of Genuine Disputes
(2:19-cv-01448-JAK-FFMx)

| | ¶10), Arrington Depo. (Dkt. #42-8, Exh. E, pp. 16-17). |
|---|---|
| 15. <u>Alleged Undisputed Fact</u>: There is a cross slope on the accessible route from the accessible parking area on west side of the store to the main entrance of the Business that measures between 2.2 [sic] and 3.0%, exceeding the maximum allowed (Section 403.3)<br><br><u>Supporting Evidence</u>: Arrington Decl. ¶9; Exh. A and B to Arrington Decl. | <u>Defendants' Response</u>: Undisputed that between the disabled parking stall and the entrance to the convenience store there is an area where the cross-slope measures between 2.2% and 3.0 (but as explained above in Defendants' Response to UF #6, that does not mean there is not an accessible route from the disabled parking stall to the entrance of the convenience store). |
| 16. <u>Alleged Undisputed Fact</u>: The van accessible space [sic] the east side of the store does not have accessible signage posted at the head of the space (Section 502.6).<br><br><u>Supporting Evidence</u>: Arrington Decl. ¶10; Exh. A and B to Arrington Decl. | <u>Defendants' Response</u>: Undisputed there is not accessible signage posted at the head of the space on the east side of the store, but disputed that this is an accessible parking space.<br><br><u>Supporting Evidence and Explanation</u>: Mr. Arrington admitted during his deposition that this was not an accessible parking space. Arrington Depo. (Dkt. 42-8, Exh. E, pp. 12-14)  Also, Plaintiff testified during his deposition that he did not believe the parking space |

| | on the *east* side of the store was a disabled parking stall. Rutherford Depo. (Dkt. 42-10, Exh. L, 57:22-58:10).  Also, Mr. Casper (Defendants' retained expert) has opined this is not an accessible parking stall and thus does not require any accessible signage. Casper Decl. (Dkt. 42-11, ¶18). |
|---|---|
| **ALLEGED UNDISPUTED CONCLUSIONS OF LAW** | **DEFENDANTS' RESPONSE AS TO WHETHER CONCLUSION OF LAW IS UNDISPUTED OR DISPUTED (AND IF DISPUTED, REASONS THEREFOR)** |
| 1. <u>Alleged Conclusion of Law</u>: Plaintiff James Rutherford is a person with a disability under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Acts ("Unruh") 42 U.S.C. § 12202; Cal. Civ. Code § 51(e)(1); Cal Gov't Code § 12926(m). | <u>Defendants' Response</u>: Disputed. <u>Reasons Disputed</u>: For the reasons set forth above in Defendants' response to UF #1 and 2, as well as in Section III.D of Defendants' Points and Authorities, Plaintiff has failed to establish it is undisputed he is disabled under the ADA or the Unruh Act as pled in the First Amended Complaint.  In addition to all the deficiencies with Rutherford's declaration on this issue, Defendants have offered the following evidence.  Rutherford has difficulty walking or standing only |

Defendants' Statement of Genuine Disputes
(2:19-cv-01448-JAK-FFMx)

| | "on occasion". Rutherford Depo. (Dkt. 42-10, Exh. L, 62:1-4).  Any use of his wheelchair (which is not mechanized) is infrequent (or "not often"). Rutherford Depo. (Dkt. 42-10, Exh. L, 68:12-15).  Plaintiff only uses a rollator only about 20% of the time he patronizes businesses, and patronizes businesses without using it. Rutherford Depo. (Dkt. 42-10, Exh. L, 66:16-18 and 66:19-67:10).  As for his May 17, 2018 visit to the Property, Rutherford admitted it is possible he used neither a rollator nor a cane. Rutherford Depo. (Dkt. 42-10, Exh. L, 87:15-21). |
| --- | --- |
| 2. <u>Alleged Conclusion of Law</u>: As owners and operators of a place of public accommodation, Defendants are responsible parties under Title III of the ADA. 42 U.S.C. § 12182(a) | <u>Defendants' Response</u>: Undisputed that as owners of the Property and/or lessees/operators of the Business, Defendants are required to comply with Title III of the ADA.  Otherwise disputed (*i.e.*, disputed to the extent "responsible" means Defendants are liable as alleged in the First Amended Complaint and the Motion should be granted). |

| | |
|---|---|
| 3. <u>Alleged Conclusion of Law</u>: Defendants have an obligation under the ADA to ensure that the Business is accessible to persons with disabilities, which responsibility includes removing barriers to access where it is readily achievable to do so. 42 U.S.C. § 12182(b)(2)(A)(iv). | <u>Defendants' Response</u>: Undisputed. |
| 4. <u>Alleged Conclusion of Law</u>: If an element does not meet or exceed ADAAG standards, it is considered a barrier to access." [sic] *Rush v. Denco Enterprises, Inc*., 857 F. Supp. 2d 969, 973 (C.D. Cal. 2012). | <u>Defendants' Response</u>: Undisputed. |
| 5. <u>Alleged Conclusion of Law</u>: Any element in [sic] facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access." [sic] *Chapman v. Pier I Imports (U.S.) Inc*., 631 F.3d 939, 945 (9th Cir. 2011). | <u>Defendants' Response</u>: Undisputed (on the presumption this is simply a restatement of Conclusion of Law #4). |
| 6. <u>Alleged Conclusion of Law</u>: Because Defendants violated the Plaintiff's right [sic] under the ADA, they also violated the Plaintiff's rights pursuant to the Unruh Act. Cal. Civ. Code § 51(f). | <u>Defendants' Response</u>: Disputed. <u>Reasons Disputed</u>: Defendants do not dispute the general legal principle that a violation of the ADA is also a violation of the Unruh Act (although to recover statutory damages under the Unruh Act, a plaintiff must also establish |

| | |
|---|---|
| | he or she experienced "difficulty, discomfort or embarrassment" or that they had actual knowledge of an accessibility barrier at the Property that prevented or reasonably dissuaded them from accessing the Property when they intended to access it on a particular occasion).  However, as phrased here, Plaintiff assumes Defendants violated the ADA, which assertion Defendants dispute for all of the reasons set forth in the Opposition. *See, e.g.,* Defendants' responses herein to UF ## 6, 7, 13, 14 and 16; *see also* Casper Decl. (Dkt. 42-11, ¶¶ 7-19) and Malasavage Decl. (Dkt. 42-16, ¶¶ 7-11). |
| 7. <u>Alleged Conclusion of Law</u>: Under the Unruh Act, a Plaintiff [sic] is entitled to $4,000 for each time he visits an establishment that contains architectural barriers that deny the Plaintiff of full and equal enjoyment of the premises [sic] *Feezor v. Del Taco, Inc.* (2005) 431 F.Supp.2d 1088, 1091. | <u>Defendants' Response</u>: Undisputed with clarification. <u>Reasons Disputed</u>: Undisputed that under the Unruh Act if a plaintiff can establish she or he was denied full and equal access to a facility on a particular occasion, he or she is entitled to $4,000 in statutory damages for that occasion (regardless of the number of barriers |

| | encountered on that occasion). However, there are limitations. Under California Civil Code Section 55.56(i) [*aka* the "anti-stacking statute"], the Court is required to consider the reasonableness of a plaintiff's conduct in light of their obligation to mitigate damages in awarding such statutory damages. |
|---|---|
| 8. <u>Alleged Conclusion of Law</u>: Under the Unruh Act, a Plaintiff [sic] is entitled to recover actual damages and an amount up to three times the actual times the actual damages for each violation of the Unruh Act, "but in no case less than $4,000 . . ." for each and every offense [sic] Cal. Civ. Code § 52(a); *Munson v. Del Taco, Inc.* (2009) 46 Cal.4th 661, 667. | <u>Defendants' Response</u>: Undisputed with two clarifications.<br><br><u>Reasons Disputed</u>: First, this conclusion of law is a restatement of Conclusion of Law #7. Second (and as stated in Defendants' response to Conclusion of Law #7), it is undisputed that under the Unruh Act if a plaintiff can establish he was denied full and equal access to a facility on a particular occasion, he is entitled to $4,000 in statutory damages for that occasion (regardless of the number of barriers encountered on that occasion). However, there are limitations. Under California Civil Code Section 55.56(i) [*aka* the |

| | "anti-stacking statute"], the Court is required to consider the reasonableness of a plaintiff's conduct in light of their obligation to mitigate damages in awarding such statutory damages. |
|---|---|
| 9. <u>Alleged Conclusion of Law</u>: A plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters her from making use of the defendant's facility. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (*en banc*). | <u>Defendants' Response</u>: Undisputed with clarification. <br> <u>Reasons Disputed</u>: Presuming by "experiences continuing adverse effects" Plaintiff is referring to the "actual or imminent injury" requirement for injunctive relief, it is undisputed that if "a plaintiff has a concrete intent to return to a facility with a barrier which will continue to adversely affect his ability to benefit from or participate in the facility", it is redressable by injunctive relief. *Chapman*, 631 F.3d at 958-59. |
| 10. <u>Alleged Conclusion of Law</u>: Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 et seq., and Unruh Act, Civil Code § 51 et seq. with respect to the Business and Property. | <u>Defendants' Response</u>: Disputed. <br> <u>Reasons Disputed</u>: Plaintiff is entitled to an injunction only if he can establish all elements necessary to show that Defendants are liable under the ADA.  And if Plaintiff can do so (which Defendants |

dispute), the scope of the injunctive relief sought needs to be limited to those elements of the Property that Plaintiff has established in the Motion is/are accessibility barriers under the ADA. *Chapman*, 631 F.3d at 953 (injunctive relief should not extend beyond barriers affecting the plaintiff's particular disability or to barriers the plaintiff is not likely to encounter); *Stormans, Inc. v. Selecky*, 586 F.3d 11109, 1140 (9th Cir. 2009) ("[i]njunctive relief must be tailored to remedy the specific harm alleged"); *see also CH2O, Inc. v. Meras Eng'g, Inc.*, 2017 U.S. Dist. LEXIS 66946 *12 (C.D. Cal. 2017) (finding that the proposed injunctive relief against "any ongoing infringement" was overbroad because it was not limited to barring only the infringing activities that were presented at trial as to which the verdict was entered).

Defendants' Statement of Genuine Disputes
(2:19-cv-01448-JAK-FFMx)

Dated:  February 3, 2020                    Hinson Gravelle & Adair LLP


                                           s/ Douglas Gravelle
                                           Douglas A. Gravelle, Attorneys for
                                           Thrifty Oil Co. and Tesoro Refining
                                           & Marketing Company LLC