1  Douglas A. Gravelle (SBN 166110)
   Hinson Gravelle & Adair LLP
2  28470 Avenue Stanford, Suite 350
   Valencia, CA 91355
3  Telephone: 661-294-0116
   Facsimile: 661-294-0134
4  gravelle@hinsongravelle.com

5  Attorneys for Defendants Thrifty Oil Co. and
   Tesoro Refining & Marketing Company LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>     Plaintiff,<br><br>  vs.<br><br>USA GAS, a business of unknown form; THRIFTY OIL CO., a California corporation; and Does 1-10, inclusive,<br><br>     Defendants. | **Case No.: 2:19-cv-01448-JAK-FFMx**<br>**DEFENDANTS' ADDITIONAL MATERIAL FACTS IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hon. John A. Kronstadt<br><br>Action Filed: 12/20/18<br>Trial Date: Not Set Yet<br><br>Hearing Date: April 20, 2020<br>Hearing Time: 8:30 a.m.<br>Hearing Courtroom: 10B |

Defendants Thrifty Oil Co. and Tesoro Refining & Marketing Company LLC (collectively, "Defendants") respectfully submit this Additional Material Facts In Support of Opposition to Plaintiff's Motion for Summary Judgment regarding additional material facts that bear on, or relate to, the issues raised by Plaintiff's Motion for Summary Judgment.

For convenience and consistency, UF #17 to #60 below are the same as UF #1 to #44 in Defendants' Motion for Partial Summary Judgment.

///

///

///

| ADDITIONAL MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| **Note: UF #17 to #60 Are the Same as UF #1 to #44 In Defendants' Motion for Partial Summary Judgment** ||
| 17. Plaintiff alleges in both his original Complaint and his First Amended Complaint that the disabled parking stall is an accessibility barrier because it violates ADA Standard 302. | Complaint (Dkt. 42-5, Exh. B, ¶15, p. 4) and First Amended Complaint (Dkt. 42-6, Exh. C, ¶14, p. 4). |
| 18. The surface of the disabled parking stall is asphalt, which is considered stable, firm and slip resistant. | Declaration of Neal Casper ("Casper Decl.") (Dkt. 42-11, ¶8). |
| 19. The surface of the disabled parking stall does not have any drainage grates or other constructed elements that have openings. | Casper Decl. (Dkt. 42-11, ¶8). |
| 20. The May 8, 2019 Architectural Barriers List / Report prepared by Plaintiff's putative expert, Kenneth Arrington (hereafter, the "Arrington Report") does not address the issue of whether the disabled parking stall violates ADA Standard Section 302. | Arrington Report (Dkt. 42-9, Exh. F). |
| 21. Mr. Arrington reviewed the Complaint before inspecting the Property and if he did not believe a barrier alleged in the Complaint was, in fact, a barrier as alleged, he did not discuss or include it in the Arrington Report. | Arrington Deposition Transcript ("Arrington Depo.") (Dkt. 42-8, Exh. E, pp. 16-17). |

| | |
|---|---|
| 22. Plaintiff alleges in both his original Complaint and his First Amended Complaint that the access aisle for the disabled parking stall is an accessibility barrier because it violates ADA Standard 302. | Complaint (Dkt. 42-5, Exh. B, ¶15, p. 4) and First Amended Complaint (Dkt. 42-6, Exh. C, ¶14, p. 4). |
| 23. The surface of the access aisle for the disabled parking stall is asphalt, which is considered stable, firm, and slip resistant. | Casper Decl. (Dkt. 42-11, ¶8). |
| 24. The surface of the access aisle for the disabled parking stall does not have any drainage grates or other constructed elements that have openings. | Casper Decl. (Dkt. 42-11, ¶8). |
| 25. The Arrington Report does not address the issue of whether the access aisle for the disabled parking stall violates ADA Standard Section 302. | Arrington Report (Dkt. 42-9, Exh. F). |
| 26. Mr. Arrington reviewed the Complaint before inspecting the Property and if he did not believe a barrier alleged in the Complaint was, in fact, a barrier as alleged, he did not discuss or include it in the Arrington Report. | Arrington Depo. (Dkt. 42-8, Exh. E, pp. 16-17). |
| 27. Plaintiff alleges in both his original Complaint and his First Amended Complaint that the disabled parking stall and access aisle are an architectural barrier because they are not at the same | Complaint (Dkt. 42-5, Exh. B, ¶15, p. 4) and First Amended Complaint (Dkt. 42-6, Exh. C, ¶14, p. 4). |

| | |
|---|---|
| level. | |
| 28. The disabled parking stall and access aisle, are on the same asphalt surface at the Property, adjacent to and flush against each other, and there is no step, ledge, or curb between the two elements. | Casper Decl. (Dkt. 42-11, ¶9) and Exhibit G (Dkt. 42-12). |
| 29. The Arrington Report does not address the issue of whether the disabled parking stall and access aisle are at the same level. | Arrington Report (Dkt. 42-9, Exh. F). |
| 30. Mr. Arrington reviewed the Complaint before inspecting the Property and if he did not believe a barrier alleged in the Complaint was, in fact, a barrier as alleged, he did not discuss or include it in the Arrington Report. | Arrington Depo. (Dkt. 42-8, Exh. E, pp. 16-17). |
| 31. Plaintiff alleges in both his original Complaint and his First Amended Complaint that there is not an accessible route from the disabled parking stall to the convenience store. | Complaint (Dkt. 42-5, Exh. B, ¶15, p. 4) and First Amended Complaint (Dkt. 42-6, Exh. C, ¶14, p. 4). |
| 32. There is a continuous, unobstructed asphalt pathway at least 36 inches wide from the disabled parking stall to the convenience store. | Casper Decl. (Dkt. 42-11, ¶10). |
| 33. The "running slopes" of that asphalt pathway do not exceed 5%, which is the maximum allowed under the Americans | Casper Decl. (Dkt. 42-11, ¶10). |

| | | |
|---|---|---|
| | with Disabilities Act ("ADA") and California Building Code ("CBC"). | |
| | 34. Except for one small area (where cross slopes measure 2.2% to 3%), the "cross slopes" of that asphalt pathway do not exceed 2.08% (the maximum allowed under the ADA or CBC). | Casper Decl. (Dkt. 42-11, ¶10). |
| | 35. The cross-slopes of the asphalt surface of the 4 feet immediately adjacent to and north of the small area (where cross-slopes are 2.2% to 3%) are under 2.08%. | Casper Decl. (Dkt. 42-11, ¶10). |
| | 36. Plaintiff alleges in both his original Complaint and his First Amended Complaint that there is not clear floor space in front of the sales counter as required by the ADA Standards for either a forward or parallel approach. | Complaint (Dkt. 42-5, Exh. B, ¶15, p. 4) and First Amended Complaint (Dkt. 42-6, Exh. C, ¶14, p. 4). |
| | 37. The ADA only requires that one be able to make *either* a parallel or forward approach to the sales counter, not *both*. | Casper Decl. (Dkt. 42-11, ¶13). |
| | 38. There is clear floor space greater than 30 inches by 48 inches in front of the sales counter, and thus there is clear floor space for a parallel approach as required by the ADA. | Casper Decl. (Dkt. 42-11, ¶13) and Exhibit H (Dkt. 42-13). |
| | 39. The Arrington Report does not address the issue of whether there is | Arrington Report (Dkt. 42-9, Exh. F). |

| | |
|---|---|
| sufficient clear floor space in front of the sales counter for either a forward or parallel approach. | |
| 40. Mr. Arrington reviewed the Complaint before inspecting the Property and if he did not believe a barrier alleged in the Complaint was, in fact, a barrier as alleged, he did not discuss or include it in the Arrington Report. | Arrington Depo. (Dkt. 42-8, Exh. E, pp. 16-17). |
| 41. Plaintiff alleges in both his original Complaint and his First Amended Complaint that the accessible (i.e., lower) portion of the sales counter is not the same depth as the upper portion of the sales counter in violation of Section 904.4 of the ADA Standards. | Complaint (Dkt. 42-5, Exh. B, ¶15, p. 4) and First Amended Complaint (Dkt. 42-6, Exh. C, ¶14, p. 4). |
| 42. The lower portion of the sales counter is not more than 34 inches above the finished floor. | Casper Decl. (Dkt. 42-11, ¶15). |
| 43. The length of the lower portion of the sales counter is more than 36 inches long. | Casper Decl. (Dkt. 42-11, ¶15). |
| 44. The sales counter (with the lower portion of it) has been in existence since March 15, 2012. | Declaration of Metro Malasavage ("Malasavage Decl.") (Dkt. 42-16, ¶¶ 7 – 10) and Exhibit K (Dkt. 42-17). |
| 45. The sales counter (with the lower portion of it) has not been modified since March 15, 2012. | Malasavage Decl. (Dkt. 42-16, ¶¶ 7 – 10) and Exhibits D (Dkt. 42-7) and K (Dkt. 42-17) |

| | |
|---|---|
| 46. There was no depth requirements in the 1991 ADA Accessibility Guidelines, which were the predecessor to the current (2010) ADA Standards. | Casper Decl. (Dkt. 42-11, ¶16). |
| 47. Presuming the sales counter (with the lower portion of it) has been in existence since March 15, 2012 and not modified since then, the sales counter is not subject to the new depth requirements that first became effective in Section 904.4 of the current (2010) ADA Standards. | Casper Decl. (Dkt. 42-11, ¶16). |
| 48. The Arrington Report does not address the issue of whether the sales counter violates the depth requirement in section 904.4 of the ADA Standards. | Arrington Report (Dkt. 42-9, Exh. F). |
| 49. Mr. Arrington reviewed the Complaint before inspecting the Property and if he did not believe a barrier alleged in the Complaint was, in fact, a barrier as alleged, he did not discuss or include it in the Arrington Report. | Arrington Depo. (Dkt. 42-8, Exh. E, pp. 16-17). |
| 50. The ADA does not have standards or requirements for the *length* of disabled parking stalls. | Casper Decl. (Dkt. 42-11, ¶17). |
| 51. The alleged "van accessible space at the east side of the store" is not a disabled parking stall. | Casper Decl. (Dkt. 42-11, ¶18). |

| | |
|---|---|
| 52. Because this stall is not a disabled parking stall, it is not required to comply with the disabled parking stall requirements of the ADA or CBC. | Casper Decl. (Dkt. 42-11, ¶18). |
| 53. Any signs identifying this space as a disabled parking stall have been removed. | Casper Decl. (Dkt. 42-11, ¶18). |
| 54. The former blue paint striping on the surface of this space is blacked out. | Casper Decl. (Dkt. 42-11, ¶18). |
| 55. While some black paint has worn off, thus allowing some of the former blue paint to be visible on the surface, this is not a violation of the ADA or CBC, nor does it make it a disabled parking stall. | Casper Decl. (Dkt. 42-11, ¶18). |
| 56. In preparing the Arrington Report, Mr. Arrington assumed the former "van accessible space at the east side of the store" was not a disabled parking stall (and any references in the Arrington Report regarding the same is only meant to describe changes that would be required *if* it was converted to a disabled parking stall). | Arrington Depo. (Dkt. 42-8, Exh. E, pp. 12-14). |
| 57. Mr. Arrington testified that since he could not find the accessible route, he concluded one did not exist. | Arrington Depo. (Dkt. 42-8, Exh. E, pp. 64-65). |
| 58. There is an accessible route from the city sidewalk to the convenience store that one may take by entering onto the | Casper Decl. (Dkt. 42-11, ¶19) and Exhibit J (Dkt. 42-15). |

| | |
|---|---|
| northeast portion of the Property directly from the sidewalk and then traversing south to the convenience store. | |
| 59. Along the route described immediately above, one may travel without encountering a running slope greater than 5% or a cross-slope greater than 2.08%. | Casper Decl. (Dkt. 42-11, ¶19). |
| 60. There is no requirement that the accessible route be marked on the pavement, identified with signs, or separated from vehicular traffic. | Casper Decl. (Dkt. 42-11, ¶19). |
| **Additional Materials Facts That Are Not UF in Defendants' Motion for Partial Summary Judgment** | |
| 61. Thrifty Oil acquired its fee interest in the Property in 1989. | Malasavage Decl. (Dkt. 42-16, ¶11). |
| 62. In 1989 the Property was already improved with the service station (including the convenience store) that exists at the Property today. | Malasavage Decl. (Dkt. 42-16, ¶11). |
| 63. The ADA Standards and CBC do not use the phrase "uneven surface". | Casper Decl. (Dkt. 42-11, ¶7). |
| 64. There is no requirement in the ADA or CBC that the pathway from the disabled parking stall to the convenience store be marked with cross-hatching or run in a perfectly straight line. | Casper Decl. (Dkt. 42-11, ¶10). |

9
Defendants' Additional Material Facts
(2:19-cv-01448-JAK-FFMx)

| | |
|---|---|
| 65. Plaintiff testified during his deposition that he has difficulty walking or standing only "on occasion". | Rutherford Deposition Transcript ("Rutherford Depo.") (Dkt. 42-10, Exh. L, 62:1-4). |
| 66. Plaintiff testified during his deposition that any use of his wheelchair (which is not mechanized) is infrequent (or more specifically, "not often"). | Rutherford Depo. (Dkt. 42-10, Exh. L, 68:12-15). |
| 67. Plaintiff testified during his deposition that he uses a rollator only about 20% of the time he patronizes businesses. | Rutherford Depo. (Dkt. 42-10, Exh. L, 66:19-67:10). |
| 68. Plaintiff testified during his deposition that he patronizes businesses without using a rollator. | Rutherford Depo. (Dkt. 42-10, Exh. L, 66:16-18). |
| 69. Plaintiff testified during this deposition that he is not sure why he went to the Property on May 17, 2018. | Rutherford Depo. (Dkt. 42-10, Exh. L, 39:18). |
| 70. Plaintiff testified during his deposition that he could not recall "anything" about his May 17, 2018 visit to the Property. | Rutherford Depo. (Dkt. 42-10, Exh. L, 39:7-9). |
| 71. Plaintiff testified during his deposition that he could not recall encountering any problems during his May 17, 2018 visit to the Property. | Rutherford Depo. (Dkt. 42-10, Exh. L, 39:10-12). |
| 72. Plaintiff testified during his deposition it was possible he used neither a rollator nor cane when he visited the | Rutherford Depo. (Dkt. 42-10, Exh. L, 87:15-21). |

| | |
|---|---|
| Property on May 17, 2018. | |
| 73. Plaintiff testified during his deposition that he did not believe the parking space on the *east* side of the store was a disabled parking stall. | Rutherford Depo. (Dkt. 42-10, Exh. L, 57:22-58:10). |
| 74. Plaintiff testified during his deposition that when he visited the Property in August of 2019, he just drove across the Property (without getting out of his car) to see if any changes had been made at the Property. | Rutherford Depo. (Dkt. 42-10, Exh. L, 45:2-46:18). |

Dated:  February 3, 2020　　　　　　　　Hinson Gravelle & Adair LLP


　　　　　　　　　　　　　　　　　　　s/ Douglas Gravelle
　　　　　　　　　　　　　　　　　　　Douglas A. Gravelle, Attorneys for Thrifty Oil Co. and Tesoro Refining & Marketing Company LLC