Douglas A. Gravelle (SBN 166110)
Hinson Gravelle & Adair LLP
28470 Avenue Stanford, Suite 350
Valencia, CA 91355
Telephone: 661-294-0116
Facsimile: 661-294-0134
gravelle@hinsongravelle.com

Attorneys for Defendants Thrifty Oil Co. and
Tesoro Refining & Marketing Company LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>   Plaintiff,<br><br>   vs.<br><br>USA GAS, a business of unknown form; THRIFTY OIL CO., a California corporation; and Does 1-10, inclusive,<br><br>   Defendants. | **Case No.: 2:19-cv-01448-JAK-FFMx**<br>**DEFENDANTS' EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br>Hon. John A. Kronstadt<br>Action Filed: 12/20/18<br>Trial Date: Not Set Yet<br>Hearing Date: April 20, 2020<br>Hearing Time: 8:30 a.m.<br>Hearing Courtroom: 10B |

Defendants Thrifty Oil Co. and Tesoro Refining & Marketing Company LLC (collectively, "Defendants") respectfully submit their Evidentiary Objections in Support of Opposition to Plaintiff's Motion for Summary Judgment.

As required by the Court's Standing Order, those portions of the declarations which Defendants object to are <u>underlined</u>.

///

///

///

| Declaration of Kenneth Arrington (Dkt. 40-7) | Objection(s) | Ruling |
|---|---|---|
| 1. I am an investigator and a California Certified Access Specialist (CASp) hired on behalf of Plaintiff James Rutherford to conduct an investigation in this case. My California certificate number is 628. | | |
| 2. I was given the assignment of going to the USA GAS (the "Business") located at or about 401 East 6th Street, Beaumont, California 92223 (the "Property"), and taking photographs and measurements of the parking and path of travel leading to the Business. | | |
| 3. On May 8, 2019, I went to the Business and Property and conducted the inspection. | | |
| 4. A true and correct copy of the report I created in connection with my investigation of the Property on May 8, 2019 is attached as Exhibit A. | 1. Hearsay (Fed. R. Evid. 801, 801). Mr. Arrington's report (attached as Exhibit A [Dkt. 40-8] to his declaration) is hearsay as offered by Plaintiff, with no applicable hearsay | 1. Sustained / Overruled |

|  |  |  |
|---|---|---|
|  | exception. If Plaintiff wanted to offer the opinions of Mr. Arrington set forth in his report, they needed to be set forth in a declaration (as opposed to Mr. Arrington stating, in essence "attached is my report"). Without waiver of such objections, Defendants reserve the right to use Mr. Arrington's report against Plaintiff. |  |
| 5. True and correct copies of the photocopies I took in connection with my investigation of the Property on May 8, 2019, are attached as Exhibit B and numbered 1 through 211. |  |  |
| 6. Based on my investigation I found that access barriers exist on the Property. |  |  |
| 7. The accessible parking space at the west side of the Property contains an uneven surface with slopes measuring between 3.8% and 5.0% (Section 502.4) (Exhibit A, ABL #2; Exhibit B, pictures 4 through 31). |  |  |

| | | |
|---|---|---|
| 8. The slope at the accessible parking at the west side of the store contains an uneven surface with slopes measuring between 2.5% and 4.4% (Section 502.4) (Exhibit A, ABL #3; Exhibit B, pictures 32 through 45). | | |
| 9. There is a cross slope on the accessible route from the accessible parking area on the west side of the store to the main entrance of the Business that measures between 2.2 and 3.0%, exceeding the maximum allowed (Section 403.3) (Exhibit A, ABL #6; Exhibit B, pictures 75 through 94). | | |
| 10. The <u>van accessible</u> space the east side of the store does not have accessible signage posted at the head of the space (Section 502.6) (Exhibit A, ABL #12; Exhibit B, pictures 210 and 211). | 2. <u>Confusing/misleading</u> <u>(Fed. R. Evid. 403)</u>. Referring to this stall on the *east* side of the store as an *accessible* (*i.e.*, a disabled) parking stall confuses the issues and is misleading. Mr. Arrington testified during his deposition that he assumed the former "van accessible" space at the east | 2. Sustained / Overruled |

| | | |
|---|---|---|
| | side of the store was <u>not</u> a disabled parking stall (and that any references to it in his report regarding the same was only meant to describe changes that would be required *if* it was *converted* to a disabled parking stall). Arrington Deposition Transcript ("Arrington Depo") (Dkt. 42-8, Exh. E, pp. 12-14). Also, Plaintiff admitted during his deposition he knew this was not a disabled parking stall. Rutherford Deposition Transcript ("Rutherford Depo") (Dkt. 42-10, Exh. L, 57:22-58:10). | |
| 11. I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. | | |

| Declaration of James Rutherford (Dkt. 40-10) | Objection(s) | Ruling |
|---|---|---|
| 1. I am the Plaintiff in this matter and, based on my own personal experience and knowledge, I can completely declare to the following: | | |
| 2. <u>I am physically disabled.  I am substantially limited in performing major life activities.</u>   I suffer from spinal stenosis aggravated by a herniated disc.  I have arthritis in my hands.  <u>These conditions limit my life activities including walking, standing, sleeping, ambulating, and sitting, in addition to twisting, turning and grasping objects.</u>  I am a holder of a Disabled Person Parking Placard. | 3. <u>Improper expert opinion by a lay witness (Fed. R. Evid. 701(c), 702)</u>.  Mr. Rutherford has offered no foundation for his ability to offer such expert testimony in his declaration. Thus, the first, second and fifth sentences (<u>underlined</u>) are improper expert opinions by a lay witness.<br><br>4. <u>Not relevant (Fed. R. Evid. 401, 402)</u>.  The entire paragraph (not underlined in its entirety to avoid confusion with the prior objection) is not relevant. Mr. Rutherford's purported *current* condition and *current* status of a disabled | 3. Sustained / Overruled<br><br><br><br><br><br><br><br><br><br>4. Sustained / Overruled |

| | | |
|---|---|---|
| | placard is not relevant – what is relevant is whether he was disabled when he visited the Property and when he filed this action in 2018. *Lang v. Oregon Shakespeare Festival Ass'n*, 738 Fed. Appx. 381, 383 (9th Cir. 2018) ("[w]hether a plaintiff is disabled for purposes of ADA standing is assessed at the time plaintiff filed their claim"). | |
| 3. On January 18, 2018 and May 17, 2018, I went to the USA GAS ("Business" or "the Business") located at or about 401 East 6th Street, Beaumont, California 92223 ("Property") to purchase gasoline for my vehicle.  <u>During these visits I found multiple barriers to access related to Defendants' parking, routes to and from the entrance, and curb ramps, among other barriers to access.</u> | 5. <u>Improper expert opinion by a lay witness (Fed. R. Evid. 701(c), 702)</u>.  Mr. Rutherford has offered no foundation for his ability to offer such expert testimony in his declaration.  Thus, the underlined language is an improper expert opinion by a lay witness. *Cf. Head,* 413 F.3d at 1059 ("conclusionary declarations are insufficient to raise a question of material fact"). | 5. Sustained / Overruled |

| | | | |
|---|---|---|---|
| | | 6. <u>Not relevant (Fed. R. Evid. 401, 402) nor helpful to determining a fact at issue (Fed. R. Evid. 701(b))</u>. The underlined sentence is not relevant nor helpful to determining a fact in issue for two reasons. First, it fails to offer any explanation for *why* he believes there are barriers. Second, what Mr. Rutherford purportedly and vaguely "found" (as opposed to what he "encountered" or "experienced") is not relevant. An alleged barrier needs to affect Mr. Rutherford's use of the Property to create standing; "seeing, finding or observing" an alleged barrier without actually encountering or experiencing an alleged barrier is legally insufficient. *Chapman v.* | 6. Sustained / Overruled |

| | | |
|---|---|---|
| | *Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011); *see also Rutherford v. Econolodge*, 2019 U.S. Dist. LEXIS 31525 *10 (S.D. Cal. 2019) ("it is not enough for Rutherford to simply identify ADA violations that could affect people with disabilities similar to him; he must allege an actual concrete injury to himself"). | |
| 4. Because I have a mobility disability, the inaccessible conditions I encountered in January and May of 2018 <u>denied me full and equal access</u> to the Property, and caused me difficulty, humiliation, frustration, and made me upset. | 7. <u>Improper expert opinion by a lay witness (Fed. R. Evid. 701(c), 702)</u>. Mr. Rutherford has offered no foundation for his ability to offer an expert opinion on whether he was denied "full and equal access" to the Property. Thus, the underlined language is an improper expert opinion by a lay witness. *Cf. Head,* 413 F.3d at 1059. | 7. Sustained / Overruled |

| | | |
|---|---|---|
| 5. On August 1, 2019, I returned to the Property <u>and found the same barriers to access</u>. | 8. <u>Improper expert opinion by a lay witness (Fed. R. Evid. 701(c), 702)</u>.  Mr. Rutherford has offered no foundation for his ability to offer such expert testimony in his declaration.  Thus, the underlined language is an improper expert opinion by a lay witness. *Cf. Head*, 413 F.3d at 1059. | 8. Sustained / Overruled |
| | 9. <u>Not relevant (Fed. R. Evid. 401, 402) nor helpful to determining a fact at issue (Fed. R. Evid. 701(b))</u>.  The underlined sentence is not relevant nor helpful to determining a fact in issue for two reasons.  First, it fails to offer any explanation for *why* he believes there were barriers.  Second, what Mr. Rutherford purportedly and vaguely "found" (as opposed to what he "encountered" or | 9. Sustained / Overruled |

| | | |
|---|---|---|
| | "experienced") is not relevant.  An alleged barrier needs to affect Mr. Rutherford's use of the Property to create standing; "seeing, finding or observing" an alleged barrier without actually encountering or experiencing an alleged barrier is legally insufficient. *Chapman*, 631 F.3d at 947; *see also Rutherford v. Econolodge*, 2019 U.S. Dist. LEXIS 31525 at *10 (S.D. Cal. 2019). | |
| 6. On each occasion, I found that the accessible parking spaces and adjacent aisles contained slopes excessive of the maximum grade allowed by accessibility guidelines.  A true and correct copy of a photograph [sic] taken on August 1, 2019, that shows the excessive slopes in the accessible parking spaces and accessible aisles at the Property is attached as | 10. Improper expert opinion by a lay witness (Fed. R. Evid. 701(c), 702).  As for the first sentence, Mr. Rutherford has offered no foundation for his ability to offer such expert testimony in his declaration. Thus, the first sentence is an improper expert opinion by a lay witness. *Cf. Head,* 413 F.3d | 10. Sustained / Overruled |

| Exhibit A. | at 1059. | |
|---|---|---|
| | 11. Not relevant (Fed. R. Evid. 401, 402) nor helpful for determining a fact at issue (Fed. R. Evid. 701(b). As for the first sentence, it is not relevant nor helpful to determining a fact in issue because it is vaguely couched in terms of what Mr. Rutherford purportedly "found" (as opposed to what he "encountered" or "experienced"). An alleged barrier needs to affect Mr. Rutherford's use of the Property to create standing; seeing, finding or observing an alleged barrier without actually encountering or experiencing an alleged barrier is legally insufficient. *Chapman*, 631 F.3d at 947; *see also Rutherford*, 2019 U.S. Dist. LEXIS 31525 at *10. | 11. Sustained / Overruled |

| | | |
|---|---|---|
| | 12. <u>Not relevant (Fed. R. Evid. 401, 402) nor helpful to determining a fact at issue (Fed. R. Evid. 701(b))</u>. As for the <u>second sentence</u>, it is not relevant nor helpful to determining a fact in issue. One cannot ascertain where on the Property the two photographs (attached as pages 3 and 4 of Exhibit A to Mr. Rutherford's Declaration [Dkt. 40-11]) were taken, and on the one photograph attached as page 4 to Exhibit A (Dkt. 40-11), one cannot even determine the slope reading on the level. | 12. Sustained / Overruled |
| 7. <u>I found that there was no accessible route connecting the accessible parking spaces to the accessible entrance. A true and correct copy of a photograph [sic] taken on August 1, 2019, that shows the absence of an accessible route at the Property is attached as Exhibit B."</u> | 13. <u>Improper expert opinion by a lay witness (Fed. R. Evid. 701(c), 702)</u>. As for the <u>first sentence</u>, Mr. Rutherford has offered no foundation for his ability to offer such expert testimony in his declaration. Thus, the first sentence is an improper | 13. Sustained / Overruled |

| | | |
|---|---|---|
| | expert opinion by a lay witness. *Cf. Head,* 413 F.3d at 1059. | |
| | 14. <u>Not relevant (Fed. R. Evid. 401, 402) nor helpful to determining a fact at issue (Fed. R. Evid. 701(b))</u>. As for the <u>first sentence</u>, it is not relevant nor helpful to determining a fact in issue for two reasons. First, it fails to offer any explanation for *why* he believes the route is not accessible. Second, what Mr. Rutherford purportedly and vaguely "found" (as opposed to what he "encountered" or "experienced") is not relevant. An alleged barrier needs to affect Mr. Rutherford's use of the Property to create standing; seeing, finding or observing an alleged barrier without actually encountering or | 14. Sustained / Overruled |

| | | |
|---|---|---|
| | experiencing an alleged barrier is legally insufficient. *Chapman*, 631 F.3d at 947; *see also Rutherford*, 2019 U.S. Dist. LEXIS 31525 at *10. | |
| | 15. <u>Not relevant (Fed. R. Evid. 401, 402) nor helpful to determining a fact at issue (Fed. R. Evid. 701(b))</u>. As for the <u>second sentence</u>, it is not relevant nor helpful to determining a fact in issue. Four random photographs of the Property (attached at Dkt. 40-12) do not support, in any form or fashion, Mr. Rutherford's conclusionary statement that there is not an accessible route connecting the accessible parking space to the accessible entrance. | 15. Sustained / Overruled |

| | | |
|---|---|---|
| 8. <u>I also found that the service counter at the Business is not accessible for either a parallel or forward approach</u>.  A true and correct copy of a photograph taken on August 1, 2019, at the Business serving the Property that shows that the accessible portion of the service counter does not extend the same depth as the higher service counter at the Business is attached as Exhibit C. | 16. <u>Improper expert opinion by a lay witness (Fed. R. Evid. 701(c), 702)</u>.  Mr. Rutherford has offered no foundation for his ability to offer such expert testimony in his declaration. *Cf. Head,* 413 F.3d at 1059.<br><br>17. <u>Not relevant (Fed. R. Evid. 401, 402) nor helpful to determining a fact at issue (Fed. R. Evid. 701(b))</u>.  The first sentence is not relevant nor helpful to determining a fact in issue for two reasons.  First, it fails to offer any explanation for *why* he believes the counter was not accessible for either a forward or parallel approach.  Second, what Mr. Rutherford purportedly and vaguely "found" (as opposed what he "encountered" or "experienced") is not | 16. Sustained / Overruled<br><br><br><br><br><br><br><br>17. Sustained / Overruled |

| | | |
|---|---|---|
| | relevant nor helpful to determining a fact at issue. An alleged barrier needs to affect Mr. Rutherford's use of the Property to create standing; "seeing, finding or observing" an alleged barrier without actually encountering or experiencing an alleged barrier is legally insufficient. *Chapman*, 631 F.3d at 947; *see also Rutherford v. Econolodge*, 2019 U.S. Dist. LEXIS 31525 at *10 (S.D. Cal. 2019). | |
| 9. <u>The barriers I encountered deny me full and equal access to the Business and Property and its facilities on an ongoing basis</u>. | 18. <u>Improper expert opinion (Fed. R. Evid. 701(c), 702)</u>. Mr. Rutherford has offered no foundation for his ability to offer such expert opinion in his declaration. Thus, the underlined language is an improper expert opinion by a lay witness. *Cf. Head,* 413 F.3d at 1059. | 18. Sustained / Overruled |

| | | |
|---|---|---|
| 10. Although I am being deterred from full and equal access to the Business and Property, I intend to return for the dual purpose of availing myself of the goods and services offered to the public and to ensure that Defendants cease evading their responsibilities under federal and state law. | 19. Improper expert opinion by a lay witness (Fed. R. Evid. 701(c), 702). Mr. Rutherford has offered no foundation for his ability to offer such expert testimony in his declaration. Thus, the underlined language is an improper expert opinion by a lay witness. *Cf. Head*, 413 F.3d at 1059. | 19. Sustained / Overruled |
| 11. The Property is in my driving path from the desert where I live, near Palm Springs, to Orange County where I often travel. The Business and Property could be a regular pit stop for me if it was fully accessible, and a place I would like to frequently stop at get gas and refreshments. | | |

Dated: February 3, 2020                    Hinson Gravelle & Adair LLP

                                                           s/ Douglas Gravelle
                                                           Douglas A. Gravelle, Attorneys for
                                                           Thrifty Oil Co. and Tesoro Refining
                                                           & Marketing Company LLC