UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV19-01448 JAK (FFMx) | Date | March 31, 2020 |
| Title | James Rutherford v. USA Gas et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Cheryl Wynn | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION TO STRIKE PORTION OF PLAINTIFF'S FIRST AMENDED COMPLAINT (DKT. 36)**

**I.     Introduction**

James Rutherford brought this action against USA Gas ("USA") and Thrifty Oil Co. ("Thrifty") for alleged violations of the Americans with Disabilities Act of 1990 (the "ADA") and the Unruh Civil Rights Act (the "Unruh Act"). Dkt. 1 at 1. On August 12, 2019, Plaintiff filed a Motion for Leave to Amend Plaintiff's Complaint (the "Motion to Amend"). Dkt. 25. Defendants opposed the Motion to Amend. Dkt. 27. The Motion to Amend was granted. Dkt. 33. Plaintiff then filed the First Amended Complaint (the "FAC"). Dkt. 34.

On December 2, 2019, Defendants filed a Motion to Strike Portion of Plaintiff's First Amended Complaint (the "Motion to Strike"). Dkt. 36. On December 16, 2019, Plaintiff filed a Notice of Errata and Correction to First Amended Complaint (the "Notice of Errata" (Dkt. 37)), to which he attached a document identified as what was to have been Exhibit A to the Initial FAC ("Amended Exhibit A" (Dkt. 37-1)). On December 16, 2019, Plaintiff also filed an opposition to the Motion to Strike (the "Opposition"). Dkt. 38. On January 6, 2020, Defendants filed a reply (the "Reply"). Dkt. 39. On March 12, 2020, the Motion to Strike was taken under submission pursuant to Local Rule 7.15. Dkt. 50.

For the reasons stated in this Order, the Motion to Strike is **GRANTED**.

**II.    Factual and Procedural Background**

    A.     Parties

The FAC alleges that Plaintiff is a California resident with disabilities that substantially limit his major life activities. Dkt. 34 ¶ 1. Thrifty is alleged to be a California corporation that, at the relevant times, owned the property located at 401 E. 6th Street, Beaumont, California (the "Property"). *Id.* ¶ 2. USA is alleged to be the owner and operator of its business located on the Property (the "Business"). *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01448 JAK (FFMx) | Date | March 31, 2020 |
|---|---|---|---|
| Title | James Rutherford v. USA Gas et al. | | |

      B.      Procedural Background

On December 20, 2018, Plaintiff filed the Complaint. Dkt. 1. On July 15, 2019, the Scheduling Order set August 12, 2019, as the last day to amend or add parties. Dkt. 24. On August 12, 2019, Plaintiff filed the Motion to Amend. Dkt. 25. Defendants opposed it, arguing, *inter alia*, that Plaintiff had violated Local Rule 7-3 by intentionally failing to fulfill the meet-and-confer obligations prior to filing the motion so that it could be presented before August 12, 2019. *See* Dkt. 27. Defendants argues that Plaintiff did so for a strategic reason -- to avoid the heightened standard for seeking leave to add a party after that date. *Id.* at 2.

On November 15, 2019, the Motion to Amend was granted: "Although the actions by Plaintiff's Counsel in connection with the Motion were not exemplary, and notwithstanding that the proposed amended complaint presents new alleged physical barriers, there is still not a substantial showing of prejudice to the non-moving party." Dkt. 33 at 1-2. That order concluded, "Plaintiff's counsel are reminded of their respective obligations to comply with the Local Rules, and to proceed in good faith with opposing counsel." *Id.* at 2.

      C.      Allegations in the FAC (Dkt. 34)

The FAC alleges that Plaintiff visited the Business on January 18, 2018, and May 17, 2018. Dkt. 34 ¶ 10. The FAC alleges that there were physical barriers at the Business and on the Property that prevented Plaintiff from having full access to, and use of the facilities. *Id.* ¶¶ 13-14. These alleged barriers include non-compliant parking spaces and access aisles, a failure to provide an accessible route to the main entrance or other places within the facilities, and a non-compliant sales counter. *Id.* ¶ 14. The FAC alleges that a Certified Access Specialist ("CASp") inspected the Property on May 8, 2019, and also identified certain physical barriers on the Property. *Id.* ¶ 15. The FAC identifies, in footnote one, "Exhibit A" to the FAC that purports to be the "CASp Inspection" prepared by the CASp. *Id.* at 4 n.1.

      D.      Notice of Errata (Dkt. 37)

The Notice of Errata was filed on December 16, 2019. Dkt. 37. It states that the FAC filed on November 18, 2019, was filed without Exhibit A, and that this was inadvertent. *Id.* at 2. The Notice of Errata states that Exhibit A is attached to the Notice of Errata. *Id.* Exhibit A is a 63-page document prepared by a CASp, Kenneth Arrington. *See* Dkt. 37-1 at 1. Exhibit A contains a three-page table listing certain architectural barriers and 60 pages containing 239 photographs of the Property and the Business. *Id.* at 4-63.

**III.**      <u>Analysis</u>

      A.      Legal Standards

            1.      <u>Motions to Strike under Fed. R. Civ. P. 12(f)</u>

Fed. R. Civ. P. 12(f) permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Analysis of a motion to strike must begin

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01448 JAK (FFMx) | Date | March 31, 2020 |
|---|---|---|---|
| Title | James Rutherford v. USA Gas et al. | | |

with a determination of whether the material was "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Id.* (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

In general, motions to strike are disfavored; courts grant them only if there is "a showing of prejudice by the moving party." *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (quoting *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995)); *see also* 5A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1381 (2d ed. 1990) ("Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party."); Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 9:376 (The Rutter Group 2013) ("[A] motion to strike is usually a waste of time and money without such a showing").

        2.      <u>Exhibits to Pleadings under Fed. R. Civ. P. 10(c)</u>

Fed. R. Civ. P. 10(c) provides, in relevant part, "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." "Affidavits and declarations . . . are not allowed as pleading exhibits unless they form the basis of the complaint." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1219-21 (S.D. Cal. 2001)). "A 'written instrument' within the meaning of Rule 10(c) 'is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement.' *DeMarco*, 149 F. Supp. 2d at 1220 (quoting *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F. Supp. 1108, 1115 (W.D.N.Y. 1996)).

An expert report "generated for the purposes of this litigation" does not constitute a "written instrument" that can be incorporated into a pleading. *Stuart v. Cadbury Adams USA, LLC*, No. CV 09-6295 AHM (CWX), 2010 WL 1407303, at *4 (C.D. Cal. Apr. 5, 2010), *aff'd*, 458 F. App'x 689 (9th Cir. 2011). District courts within California routinely strike exhibits from pleadings that are reports or affidavits generated for purpose of presenting evidence in connection with the action. *See, e.g.*, *Osgood v. Main Streat Mktg., LLC*, No. 16-CV-2415-GPC (BGS), 2017 WL 131829, at *10 (S.D. Cal. Jan. 13, 2017); *In re Resonant Inc. Sec. Litig.*, No. CV-15-1970-SJO (VBKx), 2016 WL 6571267, at *5 (C.D. Cal. July 11, 2016); *In re Herbalife, Ltd. Sec. Litig.*, No. CV-14-2850-DSF (JCGx), 2015 WL 12734014, at *1 (C.D. Cal. July 28, 2015); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2013 WL 2156358, at *7 (N.D. Cal. May 17, 2013); *Dichter-Mad Family Partners, LLP v. United States*, 707 F. Supp. 2d 1016, 1019 (C.D. Cal. 2010), *aff'd*, 709 F.3d 749 (9th Cir. 2013). Where images or videos are purported to be attached to a pleading as evidentiary support for the factual allegations of the pleading, striking such images or videos is appropriate. *See Hahn v. City of Carlsbad*, No. 15-CV-2007 DMS (BGS), 2016 WL 3211801, at *4 (S.D. Cal. Feb. 3, 2016). "Evidentiary materials do not usually qualify as 'written instruments' under Rule 10(c) . . . ." *Osgood*, 2017 WL 131829, at *10.

With certain exceptions, even if an exhibit is stricken from a pleading because it does not constitute a "written instrument" under Fed. R. Civ. P. 10(c), factual allegations in the pleading that correspond to the exhibit are not. *See, e.g.*, *In re Herbalife*, 2015 WL 12734014, at *1 ("This ruling does not extend to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01448 JAK (FFMx) | Date | March 31, 2020 |
|---|---|---|---|
| Title | James Rutherford v. USA Gas et al. | | |

any factual allegations in the SAC that were derived from the expert reports."); *Juniper Networks*, 2013 WL 2156358, at *7 (striking expert opinions copied into a pleading from an exhibit).

    B.    Application

        1.    <u>Fed. R. Civ. P. 10(c)</u>

Exhibit A is not a written instrument as defined under Fed. R. Civ. P. 10(c). Instead, it is a report prepared by an expert after the Complaint was filed, which proffers evidentiary support for the factual allegations of the FAC. Exhibit A does not form the basis of the claim in the case in an accepted manner. For example, a copy of a written contract in a breach of contract dispute or a copy of a deed in a property dispute are written instruments that fall within Fed. R. Civ. P. 10(c). *See DeMarco*, 149 F. Supp. 2d at 1220. An expert report seeking to establish certain facts as alleged in a complaint is not such a written instrument. *See, e.g.*, *Osgood*, 2017 WL 131829, at *10. For these reasons, the Motion to Strike is **GRANTED**. Footnote One of the FAC and Exhibit A (Dkt. 37-1) are **STRICKEN**.

        2.    <u>The Remaining Issues</u>

The remaining arguments advanced by Plaintiff are unpersuasive.

*First*, Plaintiff claims that the Motion to Strike is moot-in-part because the Notice of Errata was filed, and Exhibit A was attached to it. The FAC was filed on November 18, 2019. Dkt. 34. Three days later, on November 21, 2019, Defendants' Counsel informed Plaintiff's Counsel that Exhibit A, although referred to in the FAC, was not attached to it. Dkt. 36 at 20. On November 22, 2019, Defendants' Counsel repeated this statement to Plaintiff's Counsel during a telephonic meet-and-confer. *Id.* at 7. Plaintiff filed the Notice of Errata (Dkt. 37) more than three weeks after his counsel had been notified that Exhibit A was not attached to the FAC. Plaintiff filed this Notice of Errata after Defendants filed the Motion to Strike.

In a prior Order, Plaintiff's Counsel was "reminded of their respective obligations to comply with the Local Rules, and to proceed in good faith with opposing counsel. A future failure to comply with Local Rules may result in the imposition of sanctions." Dkt. 33 at 2. Further, it is not necessary to determine in connection with the Motion to Strike, whether the untimely Notice of Errata should be deemed an attempt to amend a pleading without leave to do so. However, independent questions as to the good faith basis for filing the Notice of Errata are presented given that Plaintiff's counsel did so three weeks after being advised of the error by Defendants' counsel, and after the Motion to Strike was filed.

*Second*, Plaintiff argues that issue preclusion should bar any challenge to the FAC because it could have been presented by Defendants in opposition to the Motion to Amend. In support of this position, Plaintiff cites, *inter alia*, a Ninth Circuit decision evaluating issue preclusion under Nevada law. Dkt. 38 at 3-4 (quoting *Pike v. Hester*, 891 F.3d 1131, 1139 (9th Cir. 2018)). Nevada law does not apply here. Further, the Order granting Plaintiff leave to file the FAC did not bar any future challenges to the FAC. Rather, it provided Plaintiff leave to file the FAC on the docket as the new operative complaint in this proceeding.

Certain factors are considered in determining whether to grant leave to amend. *See Foman v. Davis*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV19-01448 JAK (FFMx) | Date | March 31, 2020 |
|---|---|---|---|
| Title | James Rutherford v. USA Gas et al. | | |

371 U.S. 178, 182 (1962); *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1183 (9th Cir. 2016). A determination to do so does not constitute any form of issue preclusion as to challenges to an amended complaint. Such a rule would be inconsistent with the general approach to civil litigation and would also mean that a motion to amend an answer to add an affirmative defense would be barred. Moreover, the proposed FAC attached to the Motion for Leave mentioned Exhibit A but did not attach it. *See* Dkt. 25-1 at 16-26.

*Finally*, Defendants' did not waive their right to move to strike Exhibit A by not doing so in response to the Motion to Amend. Plaintiff has cited no legal authority to support the proposition that granting a motion for leave to file an amended complaint estops, precludes or waives an attempt to strike material from that pleading.

**IV.    Conclusion**

For the reasons stated in this Order, the Motion to Strike is **GRANTED**. Footnote One in the FAC and Exhibit A (Dkt. 37-1) are **STRICKEN**.

**IT IS SO ORDERED.**

|  |  : |  |
|---|---|---|
|  | Initials of Preparer | cw |